# Exhibit 5

# GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

July 25, 2022

**VIA EMAIL**
Serena Longley
Deputy General Counsel, Executive Division
New York State Office of the Attorney General
28 Liberty Street, 23rd Floor
New York, New York 10005
Serena.Longley@ag.ny.gov

Re:  Trooper 1 v. New York State Police et al., (E.D.N.Y.), 22-cv-00893

Dear Ms. Longley:

I represent former Governor Andrew M. Cuomo and write in response to your July 25, 2022 letter regarding the subpoena we served on you in the above-referenced matter. While you state that the subpoena was served on the Office of the Attorney General ("OAG") on July 11, 2022, I must note that the OAG has been on notice of this subpoena since early July. Days before July 11, the OAG refused to accept service of that subpoena by email after I had emailed the subpoena to Christine Ryan, Deputy Attorney General, on July 3, and then again to Larry Schimmel, Counsel to the Attorney General, on July 5.  The OAG requested that I serve the subpoena on the Managing Attorney's Office of the OAG, which I then did by both mail and by process server.  In now refusing to respond substantively to the subpoena, the OAG relies on several inaccurate statements and inferences, apparently in a further attempt to delay compliance.

First, the OAG refuses to comply by noting that the parties are in the process of briefing motions to dismiss.  As made clear in Governor Cuomo's premotion conference letter (Dkt. 24), however, Governor Cuomo's motion is directed only at the two retaliation counts (Counts Four and Six) and is not directed at the harassment counts. The materials called for by the subpoena relate to the pending harassment claims. We also note that the New York State Police ("NYSP") have not moved to dismiss any claims.  There is no stay of discovery on the harassment counts.

Second, you state that the OAG "has reviewed the docket" and you contend that the subpoena is "premature . . . at this inchoate stage of the litigation."  The OAG's position is factually incorrect. The docket reflects that fact discovery is to be completed by January 11, 2023 and the close of fact discovery certified to the Court by January 16, 2023. *See* June 6, 2022 Minute Entry and Order.  Discovery is well underway, and at the June 6, 2022 status conference we informed the Court that the records produced by the OAG in response to our subpoena would inform other discovery steps we will need to take, and we further informed the Court that we would expeditiously serve that subpoena. Thus, the subpoena is unquestionably timely. Indeed, the

Serena Longley, Esq.
July 25, 2022
Page 2

parties' ability to complete discovery pursuant to the Court's order very much depends on the OAG complying with the valid subpoena—as we told the Court last month. Our next status conference on discovery is August 15, 2022.

Third, you note the pending request for a stay of discovery. But that motion was made by only two defendants—not by Governor Cuomo, the NYSP, or the Plaintiff. There is no stay of discovery on the harassment counts as they relate to Governor Cuomo, NYSP, or the Plaintiff.

Finally, you object on the grounds that the subpoena is "overbroad and unduly burdensome[,]" but the subpoena clearly seeks materials related to the Amended Complaint in this action.

Accordingly, we ask that you provide a real response to the subpoena, including by letting us know immediately what documents, if any, the OAG will produce in response to the subpoena. If we do not receive a substantive response by Friday, July 29, 2022, we will raise the OAG's improper failure to comply with the Court.

Sincerely,

Rita M. Glavin
GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: 646.693.5505
Email: rglavin@glavinpllc.com

*Attorney for former Governor Andrew Cuomo*