# EXHIBIT 5



**LETITIA JAMES**
**ATTORNEY GENERAL**

**EXECUTIVE DIVISION**

**BY EMAIL**

March 23, 2021

Anne L. Clark
Vladeck, Raskin & Clark, PC
565 Fifth Avenue
New York NY 10017
aclark@vladeck.com

Dear Ms. Clark:

We are pleased that Vladeck, Raskin & Clark, PC ("FIRM") has agreed to provide investigation and legal services by assisting the Office of the Attorney General ("OAG") in its review of allegations of, and circumstances surrounding, sexual harassment against Governor Andrew Cuomo (the "Matter"). Your specific expertise and technical knowledge was the basis of your selection for this engagement ("Engagement").

The purpose of this Engagement letter is to set forth our mutual understanding of the scope and conditions of FIRM's provision of services. This letter will be incorporated into an agreement and executed by both parties ("Agreement").

1. Staffing

Pursuant the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), and consistent with the Agreement, FIRM is authorized to utilize any of its resources as it deems appropriate to carry out the Matter consistent with the Section 63(8) appointment letters and the scope of services as set forth below. For purposes of this engagement Anne L. Clark is the Principal attorney.

2. Scope of Services

Pursuant the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), the scope of services includes investigating and reporting on allegations of, and circumstances surrounding, sexual harassment by Governor Andrew Cuomo. Pursuant to and consistent with Section 63(8) and the relevant referral letter, appointed members of the FIRM will report exclusively and in detail to the OAG on a weekly basis and will, at the conclusion of the investigation, produce a public report with their findings and conclusions.

3. <u>Term</u>

The term of the Engagement shall begin on March 8, 2021 and will continue for six (6) months or upon completion of the retained scope of work, whichever may occur first. The Engagement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller.

4. <u>Payment</u>

The OAG agrees to pay FIRM at the billable hourly rates set forth below. Any amendment to such terms must be made in writing and subject to State approval. Payment will be made consistent with State Finance Law and Executive Law Section 63(8).

Principal/Senior Partner - $750

Mid-Level Partner - $575

Junior Partner/Counsel - $500

Senior Associate - $450

Junior Associate - $325

5. <u>Communication and Reporting</u>

FIRM and its employees shall communicate and provide services solely at the direction of First Deputy Attorney General Jennifer Levy, or their designee, on behalf of the Attorney General of the State of New York. All communications, information or materials provided to FIRM or identified as part of the Matter shall be treated as confidential, and not disclosed to any other party. FIRM or its representatives shall not discuss this Engagement or any related matters or opinions or assessments with the public or the media.

6. <u>Conflicts</u>

FIRM represents that it has undertaken a review of its current clients, in addition to its staff, executives, principals, owners and affiliates and has not identified any conflict of interest that would prohibit it from accepting this undertaking. During the course of performing the services under this Engagement, it shall avoid the actual and appearance of conflicts of interest.

The OAG understands that the FIRM also provides similar services to other clients and may provide such services to other clients in the future, in a range of matters, potentially including matters adverse to OAG, or which are, or may be the subject of investigation, or other proceedings initiated by OAG. OAG agrees that FIRM's provision of services to the OAG pursuant to the Engagement will not foreclose FIRM from providing such services or advising other clients in matters that are adverse to OAG's interests, but are not related to the subject of the Engagement, and do not require the disclosure of OAG's confidential information obtained during the course of the provision of services. FIRM shall notify the OAG in the event of any potential conflict of interest, and the measures implemented to avoid such conflict, without disclosing confidential information of other parties. FIRM shall not assign any personnel to do work pursuant to this Engagement who is providing services to a FIRM client in matters adverse to OAG during the term of the Engagement. FIRM acknowledges that in all OAG matters, the OAG will exercise its

independent judgment and not be influenced in any way by the participation of a particular firm in the matter.

7. Termination and Withdrawal

This Engagement may be terminated by the OAG: (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that the Principal, separates from the Firm; (3) for the unavailability of funds; (4) for cause due to the Firm; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

8. Retention of Records

At the conclusion of this Engagement, FIRM shall return to the OAG, or destroy with the approval of the OAG, all copies of records, documents or other materials, in whatever form, received or created in connection with this Engagement. No materials received or produced from this Engagement related to the Matter will be retained. This section shall not include documents released to the public by the OAG.

In the event FIRM or any affiliated party, is subjected to legal proceedings to compel disclosure of any confidential information, they will promptly notify the OAG to enable it to interpose any objections.

Once again, the Office of the Attorney General is pleased to retain your services.

Sincerely,

*[signature: L Schimmel]*

Office of the Attorney General
Larry Schimmel, Esq., General Counsel


ACCEPTED AND AGREED TO BY:

*[signature]*

Vladeck, Raskin & Clark, PC
Anne L. Clark, Partner

3



LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION

**BY EMAIL**

March 23, 2021

Joon H. Kim  
Cleary Gottlieb Steen & Hamilton LLP  
One Liberty Plaza  
New York NY 10006  
jkim@cgsh.com

Dear Mr. Kim:

We are pleased that Cleary Gottlieb Steen & Hamilton LLP ("FIRM") has agreed to provide investigation and legal services by assisting the Office of the Attorney General ("OAG") in its review of allegations of, and circumstances surrounding, sexual harassment against Governor Andrew Cuomo (the "Matter"). Your specific expertise and technical knowledge was the basis of your selection for this engagement ("Engagement").

The purpose of this Engagement letter is to set forth our mutual understanding of the scope and conditions of FIRM's provision of services. This letter will be incorporated into an agreement and executed by both parties ("Agreement").

1. Staffing

Pursuant to the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), and consistent with the Agreement, FIRM is authorized to utilize any of its resources as it deems appropriate to carry out the Matter consistent with the Section 63(8) appointment letters and the scope of services as set forth below. For purposes of this engagement Joon H. Kim is the Principal attorney.

2. Scope of Services

Pursuant to the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), the scope of services includes investigating and reporting on allegations of, and circumstances surrounding, sexual harassment by Governor Andrew Cuomo. Pursuant to and consistent with Section 63(8) and the relevant referral letter, appointed members of the FIRM will report exclusively and in detail to the OAG on a weekly basis and will, at the conclusion of the investigation, produce a public report with their findings and conclusions.

3. <u>Term</u>

The term of the Engagement shall begin on March 8, 2021 and will continue for six (6) months or upon completion of the retained scope of work, whichever may occur first. The Engagement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller.

4. <u>Payment</u>

The OAG agrees to pay FIRM at the billable hourly rates set forth below, and to reimburse FIRM for its reasonable expenses, consistent with New York State Finance Law and the Agreement.  Any amendment to such terms must be made in writing and subject to State approval.  Payment will be made consistent with State Finance Law and Executive Law Section 63(8).

Principal/Senior Partner - $750

Mid-Level Partner - $575

Junior Partner/Counsel - $500

Senior Associate - $450

Junior Associate - $325

5. <u>Communication and Reporting</u>

FIRM and its employees shall communicate and provide services solely at the direction of First Deputy Attorney General Jennifer Levy, or their designee, on behalf of the Attorney General of the State of New York.  All communications, information or materials provided to FIRM or identified as part of the Matter shall be treated as confidential, and not disclosed to any other party.  FIRM or its representatives shall not discuss this Engagement or any related matters or opinions or assessments with the public or the media.

6.  <u>Conflicts</u>

FIRM represents that it has undertaken a review of its current clients and former engagements, and has not identified any conflict of interest that would prohibit it or any of its attorneys or professional staff assigned to this matter from accepting this undertaking, with the exception of pending matters in which its client is adverse to the OAG, and as to which the OAG has provided a waiver.  During the course of performing the services under this Engagement, it shall avoid any actual and the appearance of conflicts of interest.

The OAG understands that the FIRM also provides similar services to other clients and may provide such services to other clients in the future, in a range of matters, potentially including matters adverse to OAG, or which are, or may be the subject of investigation, or other proceedings initiated by or against OAG. OAG agrees that FIRM's provision of services to the OAG pursuant to the Engagement will not foreclose FIRM from providing such services or advising other clients in matters that are adverse to OAG's interests, but are not related to the subject of the Engagement, and do not require the disclosure of OAG's confidential information obtained during the course of the provision of services. FIRM shall notify the OAG in the event of any potential conflict of interest, and the measures implemented to avoid such

conflict, where FIRM can do so without disclosing confidential information of other parties. FIRM shall not assign any personnel to do work pursuant to this Engagement who is providing services to a FIRM client in matters adverse to OAG during the term of the Engagement. FIRM acknowledges that in all OAG matters, the OAG will exercise its independent judgment and not be influenced in any way by the participation of a particular firm in the matter.

7. <u>Termination and Withdrawal</u>

This Engagement may be terminated by the OAG: (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that the Principal, separates from the Firm; (3) for the unavailability of funds; (4) for cause due to the Firm; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

8. <u>Retention of Records</u>

At the earlier of two years from the conclusion of this Engagement or the departure of the Principal attorney, Jennifer Kennedy Park, and Abena Mainoo, FIRM shall return to the OAG, or destroy with the approval of the OAG, all copies of records, documents or other materials, in whatever form, received or created in connection with this Engagement. After this point in time, no materials received or produced from this Engagement related to the Matter will be retained by the FIRM. FIRM agrees to maintain confidentiality of any and all records it does retain for the time contemplated by this engagement, if any. This section shall not include documents released to the public by the OAG. The OAG represents to the FIRM that it will maintain all records and materials from this engagement consistent with the New York Rules of Professional Conduct and New York State Record Retention requirements.

In the event FIRM or any affiliated party, is subjected to legal proceedings to compel disclosure of any confidential information, they will promptly notify the OAG to enable it to interpose any objections. Once again, the Office of the Attorney General is pleased to retain your services.

Sincerely,

_Schimmel_

Office of the Attorney General
Larry Schimmel, Esq., General Counsel


ACCEPTED AND AGREED TO BY:

_[signature]_

Cleary Gottlieb Steen & Hamilton LLP
Joon H. Kim, A Member of the Firm