# EXHIBIT 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | | |
|---|---|---|
| TROOPER 1, | : | |
| | : | **NEW YORK STATE** |
| | : | **OFFICE OF THE ATTORNEY** |
| Plaintiff, | : | **GENERAL'S RESPONSES AND** |
| | : | **OBJECTIONS TO DEFENDANT** |
| | : | **CUOMO'S SUBPOENA TO** |
| - against - | : | **PRODUCE DOCUMENTS,** |
| | : | **INFORMATION, OR OBJECTS** |
| | | |
| NEW YORK STATE POLICE, et al., | : | |
| | : | 22-CV-00893 (LDH) (TAM) |
| Defendants. | : | |
| | : | |
| | : | |

---------------------------------------------------------------X

The NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL ("OAG"), a non-party, by its attorney, LETITIA JAMES, Attorney General of the State of New York, hereby responds and objects, under Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure ("Rule" or "FRCP"), to Defendant Andrew Cuomo's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the Subpoena"), dated July 7, 2022 and served on the OAG on July 11, 2022.

The Subpoena seeks documents and information that the OAG generated or collected in the course of its investigation of allegations of, and circumstances surrounding, sexual harassment claims made against then-Governor Andrew M. Cuomo (the "Investigation"). The Investigation was referred to the OAG and conducted at the request of the Office of the Governor of the State of New York pursuant to N.Y. Executive Law § 63(8). Over the course of the Investigation, the OAG issued over 70 subpoenas for documents and other information, interviewed 179 witnesses

1

and took testimony under oath from 41 of them, and received over 74,000 documents.  As a result of the Investigation, on August 3, 2021, the OAG issued on its official website a *publicly available* <u>Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo</u> ("Report"), wherein the OAG detailed its factual findings and the Investigation's conclusions, and simultaneously published with the Report 111 Exhibits to the Report consisting of approximately 400 pages of evidence.[1]  Between August 3, 2021 and January 20, 2022, the OAG published on a rolling basis redacted video testimony, transcripts and corresponding exhibits from the Investigation, totaling more than 20 videos, 40 transcripts, and 1,000 exhibits.[2]  One week after the OAG released the Report, Defendant Cuomo announced his resignation.

Defendant Cuomo's Subpoena seeks all documents "authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period December 5, 2020 through the present" that are responsive to the requests set forth below.

---

[1] https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf (Report of Investigation Into Allegations Of Sexual Harassment By Governor Andrew M. Cuomo, published August 3, 2021).

https://ag.ny.gov/sites/default/files/appendix_volume_i_of_iii.pdf (Appendix Volume I of III to the Report, published August 3, 2021).

https://ag.ny.gov/sites/default/files/appendix_volume_ii_of_iii.pdf (Appendix Volume II of III to the Report, published August 3, 2021).

https://ag.ny.gov/sites/default/files/final_appendix_volume_iii_of_iii.pdf (Appendix Volume III of III to the Report, published August 3, 2021).

[2] https://ag.ny.gov/CuomoIndependentInvestigation (Transcripts and Evidence from Investigation, published November 10 and 29, 2021).

<u>RESPONSES AND OBJECTIONS TO THE SUBPOENA</u>

Rule 45(d)(2)(B) permits a person "commanded to produce documents or tangible things or to permit inspection" to serve "a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested."

Rule 45(d)(3)(A) provides the grounds upon which a subpoena will be quashed or modified, including where the subpoena seeks "disclosure of privileged or other protected matter" or "subjects a person to undue burden." And Rule 26(b)(1) restricts the scope of discovery, regardless of whether disclosure is sought from a party or non-party, to "any nonprivileged matter that is relevant to any party's claim or defense."

<u>GENERAL OBJECTIONS</u>

1.      The OAG objects to the Subpoena (including instructions and definitions) to the extent the Subpoena attempts to impose obligations on the OAG beyond the FRCP, Local Rules, and other applicable laws.

2.      The OAG objects to the Subpoena as overly broad and unduly burdensome to the extent that it seeks "all documents [subpoenas and evidence] concerning any efforts to investigate sexual harassment allegations against Governor Cuomo," when the production of a subset of all documents will be sufficient to provide the information sought.  *See* OAG Response to Request Nos. 2 and 3.

3.      The OAG objects to the Subpoena to the extent it calls for the production of documents already in Defendant Cuomo's custody, possession, or control or publicly available on the OAG website.

4.      The OAG objects to the Subpoena to the extent it seeks documents that are not relevant to any party's claim or defense and beyond the scope of Rule 26(b)(1).

5.      The OAG objects to the Subpoena as overly broad and unduly burdensome to the extent that it seeks documents and information not readily retrievable without undue burden and expense, or which are available to Defendant Cuomo from another source (including public sources or the parties to the above-captioned action) or through a different discovery device that is more convenient and imposes less of a burden on the OAG.

6.      The OAG objects to the Subpoena to the extent it is not sufficiently limited in scope to the relevant time period and calls for the production of documents or information created before March 1, 2021 (the date of the referral under Executive Law § 63(8)) or after August 3, 2021 (the date the Report was issued).

7.      The OAG objects to the Subpoena to the extent that it calls for the production of documents or information that (i) reflect privileged attorney-client communications, (ii) are protected by the attorney work-product doctrine, (iii) are shielded from disclosure by the public interest, law enforcement, common interest and deliberative process privileges, (iv) constitute or disclose the mental impressions, conclusions, opinions or legal theories for or of the OAG, (v) contain confidential security information, or (vi) contain information prohibited from disclosure by New York Civil Rights Law § 50-b.[3]

8.      The OAG objects to the Subpoena to the extent that it calls for the production of documents or information containing confidential information, including without limitation material containing security, medical or other sensitive information. To the extent the OAG agrees

---

[3] A summary categorical privilege log setting forth the applicable privileges will be provided shortly to accompany these Responses and Objections.

to produce any such information, the OAG will do so for the purpose of this litigation only and only subject to a so-ordered stipulated confidentiality agreement and protective order to protect the privacy and confidentiality of witness information, including their identities and/or personal, private, or otherwise confidential information.

9.      The fact that the OAG agrees to produce (or does not object to producing) documents in response to any Subpoena request is not and should not be construed as an admission or acknowledgement that such documents are relevant or admissible in any proceeding herein or that the OAG possesses the documents requested or that any such documents exist. The OAG makes these objections and responses without waiver or limitation to the OAG's right to object, on any grounds and in any proceeding, to the use of any information or documents referred to in these responses.

SPECIFIC OBJECTIONS
AND RESPONSES TO SUBPOENA DOCUMENT REQUESTS

**1.  All documents concerning any efforts to investigate sexual harassment allegations against Governor Cuomo prior to February 28, 2021.**

**RESPONSE**: The OAG objects to Request No. 1 on the ground the request is vague and ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and calls for information beyond the scope of Rule 26(b)(1). The OAG further objects on the ground that such request calls for documents and information protected by the privileges applicable to attorney-client communications, attorney work product, law enforcement, deliberative process and public interest. Finally, the OAG also objects to this request to the extent it calls for copies of documents readily obtainable from the OAG's publicly available website.

Subject to and without waiving all objections, the OAG responds that it does not possess any non-privileged documents concerning any efforts to investigate sexual harassment allegations against Governor Cuomo prior to February 28, 2021.

5

2. **All subpoenas or other information requests or demands issued by the OAG in connection with the Investigation.**

**RESPONSE:** The OAG objects on the grounds that such request is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for documents and information beyond the scope of civil discovery under Rule 26(b)(1). The OAG further objects on the ground that such request calls for documents and information protected by the privileges applicable to law enforcement and the public interest. The OAG further objects to such request to the extent it calls for copies of documents or information readily obtainable by Defendant Cuomo from the OAG's website, including subpoenas issued to witnesses whose materials are available on the website.

Subject to and without waiving all objections, and subject to the entry of a so-ordered stipulated confidentiality agreement and protective order, the OAG will produce in response to Request No. 2 the following documents concerning the Investigation that are potentially relevant to the claims and defenses raised by Plaintiff in the Amended Complaint: copies of subpoenas not published on the website that were issued to witnesses or custodians who provided testimony relevant to Trooper 1 or provided documents relevant to Trooper 1.

3. **All evidence gathered in connection with the Investigation, including but not limited to:**
   a. **All documents produced or provided to the OAG by third parties in connection with the Investigation.**
   b. **All documents concerning or reflecting witness statements made in connection with the Investigation, including but not limited to any summaries or notes of witness interviews.**
   c. **All videos and transcripts of testimony taken by OAG as part of the Investigation in unredacted form.**

**RESPONSE:** The OAG objects on the grounds that such request is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for documents and information beyond the scope of civil discovery under Rule 26(b)(1). The OAG further objects on the ground

6

that such request calls for documents and information protected by the privileges applicable to attorney-client communications, attorney work product, law enforcement and the public interest. The OAG further objects to the extent this request calls for information or documents prohibited from disclosure by New York Civil Rights Law § 50-b or contain private or otherwise confidential information.

Subject to and without waiving all objections, and subject to the entry of a so-ordered stipulated confidentiality agreement and protective order, the OAG will produce the following documents concerning the Investigation that are potentially relevant to the claims and defenses raised by Plaintiff in the Amended Complaint: documents collected in the course of the Investigation which are not available on the OAG's public website that reference Trooper 1 by name.

4. **All documents reflecting or concerning communications:**
   a. **Between the OAG and any witness in the Investigation, including individuals or entities providing documents, statements, or testimony to the OAG.**
   b. **Between the OAG and any attorney for a witness or entity in connection with the Investigation, including but not limited to any agreements or understandings concerning witness testimony, interviews, attorney proffers, and/or production of documents in response to information requests or subpoenas.**
   c. **Between OAG and any district attorney's office relating to evidence collected in the Investigation.**
   d. **Between OAG and the U.S. Department of Justice relating to evidence collected in the Investigation.**

**RESPONSE:** The OAG objects on the grounds that such request is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for documents and information beyond the scope of civil discovery under Rule 26(b)(1). The OAG further objects on the ground that such request calls for documents and information protected by the privileges applicable to attorney-client communications, attorney work product, law enforcement, public interest, and

deliberative process. The OAG further objects to the extent this request calls for information or documents prohibited from disclosure by New York Civil Rights Law § 50-b or contain private or otherwise confidential information.

Subject to and without waiving all objections, the OAG refers to its response to Request No. 3.

**5. All drafts of the OAG report.**

**RESPONSE:** The OAG objects on the grounds that such request is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for documents and information beyond the scope of civil discovery under Rule 26(b)(1). The OAG further objects on the ground that such request calls for documents and information protected by the privileges applicable to attorney-client communications, attorney work product, law enforcement, deliberative process and the public interest.

6.   **Reports by the OAG Special Deputies to the Attorney General or First Deputy Attorney General on the Investigation.**

**RESPONSE:** The OAG objects on the grounds that such request is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for documents and information beyond the scope of civil discovery under Rule 26(b)(1). The OAG further objects on the ground that such request calls for documents and information protected by the privileges applicable to attorney-client communications, attorney work product, deliberative process and law enforcement.

Dated: New York, New York
       August 12, 2022

LETITIA JAMES
Attorney General of the State of New York
By: /s/ Serena Longley
Serena Longley
Deputy General Counsel
Telephone: (212) 416-8178
Email: Serena.Longley@ag.ny.gov

Andrew Amer
Special Counsel
Telephone: (212) 416-6127
Email: Andrew.Amer@ag.ny.gov

Tamikka Pate
Associate General Counsel
Telephone: (212) 416-8771
Email: Tamikka.Pate@ag.ny.gov

28 Liberty Street
New York, New York 10005

*Attorneys for Non-Party*
New York State Office of the Attorney General