# GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

February 24, 2023

**VIA ECF**
The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Cuomo v. Office of the New York State Attorney General,
Case No. 22-mc-03044;
Cuomo v. The New York State Assembly Judiciary Committee,
Case No. 22-mc-03027

Dear Judge Merkl:

On behalf of our client Governor Cuomo,[1] and following the February 7, 2023 oral argument in the above-referenced miscellaneous proceedings, we write to supplement the record concerning: (1) the scope of Governor Cuomo's subpoenas; (2) the relatively minor burden on the OAG and AJC to redact and produce interview memoranda; and (3) the heavy burden on Governor Cuomo to subpoena dozens of third-parties to receive documents that the OAG and AJC have already collected.[2]

*First*, as we represented to the Court at the February 7 argument, we consent to the Court narrowing the subpoenas directed at the OAG and AJC—and would willingly have agreed to narrow the subpoena demands prior to engaging in motion practice had the OAG and AJC not taken such extreme positions. As the Court is aware, neither the OAG nor the AJC has produced a single document to us in response to the subpoenas served in July 2022, and OAG offered to produce just four documents that specifically reference Trooper 1 by name.

Specifically, Governor Cuomo would consent to narrowing our requests to:

1. Memoranda of witness interviews by the OAG of (a) the eleven complainants referred in Trooper 1's Amended Complaint (to the extent not previously produced to Governor Cuomo in discovery by the Albany County District Attorney during the pendency of

---

[1] All terms defined previously in Governor Cuomo's opening memoranda of law (ECF No. 2, 22-mc-03044; ECF No. 2, 22-mc-03027) are used consistently herein.

[2] We apologize to the Court for the delay in submitting this letter. Ms. Trzaskoma and I were out of town at various points since the February 7 oral argument, which caused delay in our conferring and finalizing this submission.

      the now-dismissed misdemeanor case)[3] and (b) witnesses relating to the allegations by the eleven complainants referenced in Trooper 1's Amended Complaint (to the extent not previously produced to Governor Cuomo by the Albany County District Attorney);

2. The witness interview memoranda of complainants Trooper 1, Brittany Commisso, Lindsey Boylan, and Alyssa McGrath prepared by AJC investigators and specifically referenced in the AJC Report (ECF No. 3-12, 22-mc-03027) (*see, e.g.*, AJC Report at n. 18–22; 24; 31; 34; 46–47; 94–96; 99–104; 106–111; 113–120; 143–151; 153; 156–58);

3. Records provided to the OAG by the eleven complainants whose allegations are reiterated in Trooper 1's Amended Complaint;

4. Records produced by third parties to the OAG that relate to the allegations by the eleven complainants; and

5. Unredacted transcripts and the accompanying unredacted exhibits of the 41 witnesses whose testimony the OAG already released to the public (to the extent such unredacted transcripts and exhibits were not previously produced to Governor Cuomo by the Albany County District Attorney).

This narrowed scope should substantially address the OAG's and AJC's concerns regarding relevancy, proportionality, burden, and legislative and law enforcement interests, while still providing Governor Cuomo with the evidence he needs to litigate this case without forcing him to replicate the same investigation.

      *Second*, specifically with respect to the witness interview memoranda, we believe it would impose only a minimal burden on the OAG and AJC to redact and produce these documents to us. By way of example, sealed Exhibits A through L are samples of interview memoranda prepared by OAG-appointed investigators for twelve witnesses that Governor Cuomo received in discovery from the Albany County District Attorney. Notably, as we informed the Court at oral argument, these memoranda consist primarily of the witness's factual statements to the investigators. The redactions to these memoranda—which are quite limited—are constrained to what we presume are "confidential" and "work product" stamps and riders, as well as investigative work product usually at the end of memoranda. We expect that the other interview memoranda would require similarly modest, easy to implement redactions. Thus, if the subpoena were limited in the manner we propose above, we expect that the burden of redacting information will be much less onerous than what the OAG described in its opposition and during argument. This is particularly true given that OAG did not provide specific information about how long it took to redact the witness interview memoranda provided to the Albany County District Attorney's Office for discovery purposes, as

---

[3]     For example, we did not receive the OAG witness interview memoranda for Trooper 1, Ana Liss, Kaitlin, State Entity Employee #1, State Entity Employee #2, Virginia Limmiatis, or Anna Ruch.

opposed to redacting transcripts, videos, and exhibits that the OAG decided to publicly disclose on the OAG website.

Moreover, with respect to the confidentiality of the interview memoranda, the exhibits clarify that OAG investigators told witnesses that they "could not guarantee confidentiality." Ex. A at 1; Ex. I at 1; *see also* Ex. K at 1. These statements specifically cut against the OAG's representation that witnesses were "promised that their information would be maintained as confidential," 2/7/23 Tr. 85:12–17, and that their main concern was disclosure to Governor Cuomo himself.[4] Accordingly, any confidentiality concerns should be assuaged by the protective order entered in the Trooper 1 Action. Further, as we stated during oral argument, we remain willing to receive information at this time on an "attorneys' eyes only basis"—to the extent the Court deems that necessary—with the ability to seek the Court's intervention in the future if any such information needs to be disclosed in order to for us to defend the case.

In contrast to the relatively minor burden on the OAG, the importance of the witness interview memoranda is significant, and Governor Cuomo is entitled to receive them from the convenient source of information: the OAG. The Rule 45 inquiry specifically analyzes convenience as a factor and the OAG—which created the memoranda and has them in the OAG's possession, custody, and control—is aptly the most convenient source for this information. Nor would disclosure of these interview memoranda reveal any sensitive law enforcement information given their factual nature and given that the lengthy and detailed OAG Report already reveals much of the OAG's investigative roadmap. *See, e.g.*, OAG Report (ECF No. 3-10, 22-mc-03044) at 14–15 (providing a "Summary of the Investigative Procedure"). These documents are highly relevant, not protected from disclosure, and should be produced to Governor Cuomo.

Finally, we again emphasize the extraordinary burden it would impose if Governor Cuomo were required to recreate the OAG investigation by serving subpoenas for documents already collected by the OAG and AJC (including from public entities such as the Executive Chamber, the Empire State Development Corporation, and others) and by taking depositions of dozens of witnesses (many of whom may also be entitled to state-funded representation). *See* 2/7/23 Tr. 95:1–9 (noting that to "re-create these two wheels" would be an "enormous amount of work").[5]

---

[4] Notably, the witnesses were all interviewed *while Governor Cuomo remained the Governor of New York State*. Governor Cuomo resigned almost two years ago.

[5] Without the interview memoranda themselves, it will be exceedingly time consuming (and potentially impossible) for Governor Cuomo to identify the witnesses mentioned in the OAG Report who had information about the complainants' allegations or learn these facts through other depositions and subpoenas. For example, with respect to Trooper 1 specifically, the OAG Report mentions the "the Trooper in the tail car," "another Trooper," and "[a]nother member of the PSU" who purportedly corroborated Trooper 1– without identifying these individuals. *See* OAG Report (ECF No. 3-10, 22-mc-03044) at 36, 38, 39 & 39, n.294 ("Specifically, the PSU member told us . . ."); *see also id.* at 39, n.287 ("The Trooper who Trooper #1 thought was sitting on the desk on the 38th floor did not recall this conversation, although he said it was possible it happened. Two other witnesses said that Trooper #1 told them about this incident after it occurred."). In yet another example, regarding State Entity Employee #1's allegations—whose identity remains unknown to

Even if Governor Cuomo were taking the laboring oar on this effort, every other party and witness—including other parties and witnesses whose representations are being or would be funded by New York taxpayers, and Trooper 1 herself—would be dragged along for this very expensive and time-consuming ride. Under these extraordinary circumstances, where requiring disclosure would dramatically streamline and simply what will otherwise be a costly and time-consuming discovery process, disclosure of the narrow set of materials outline above is more than warranted.

Respectfully submitted,

By: /s/ Rita M. Glavin
     Rita M. Glavin
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: 646.693.5505
Email: rglavin@glavinpllc.com

*Attorney for Governor Andrew Cuomo*

---

Governor Cuomo but her allegations are included in the Amended Complaint—the OAG Report states that investigators "interviewed State Entity Employee #1's current supervisor, as well as the organization's general counsel, and two colleagues . . . [and] one of the friends to whom State Entity Employee #1 reported the incident." *Id.* at 96.