# SHER TREMONTE LLP

June 2, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Cuomo v. Office of the New York State Attorney General*, 22-mc-03044 (LDH) (TAM)

Dear Judge Merkl:

      On behalf of our client Governor Cuomo, we write to provide the Court with supplemental authority in support of the pending motion to compel the OAG to produce documents relevant to the Trooper 1 Action (ECF Nos. 1, 2, 3).[1]

      On May 26, 2023, Judge Rakoff ordered the New York District Attorney ("DANY") to disclose certain statements made by a complaining witness in connection with a related civil proceeding. *See Jane Doe v. JPMorgan Chase Bank, N.A.*, No. 22-cv-10019 (JSR) (S.D.N.Y.), ECF No. 157 (a copy of the order is attached as Exhibit A). The underlying lawsuit involved claims by Jane Doe that JPMorgan facilitated Jeffrey Epstein's wrongdoing. The bank brought third-party claims against its former executive James (Jes) Staley, alleging, among other things, that Staley was aware of Epstein's sex trafficking crimes and personally benefited from them. In connection with those third-party claims, JPMorgan served a Rule 45 subpoena on DANY seeking (i) any statements Jane Doe made to DANY, and (ii) any other witness statements that concerned or implicated Staley. After reviewing Jane Doe's witness statement *in camera*, Judge Rakoff ordered disclosure, rejecting DANY's arguments that the witness statement was protected by various privileges, including the law enforcement privilege.[2]

      The same reasoning applies here. The OAG should be compelled to produce, at a minimum, all statements made by Trooper 1 or any other complainant referenced in Trooper 1's Complaint. We know from the OAG's limited recent production, for example, that the OAG investigators interviewed Trooper 1 informally

---

[1] For ease of reference, we use terms previously defined in Governor Cuomo's opening memorandum of law (ECF No. 2).

[2] Judge Rakoff's order concerned only Jane Doe's statements. Because much of the record is under seal, and because DANY's objections appear to have been raised during a teleconference, it is not clear whether DANY had any other witness statements that would have been responsive to JPMorgan's subpoena.

Hon. Taryn A. Merkl
June 2, 2023
Page 2 of 2

sometime in early to mid-April 2021, prior to taking her sworn testimony on May 19, 2021. Documents concerning that interview should be produced, along with any other statements by complainants who are referenced in Trooper 1's Complaint.

> Respectfully submitted,
>
> */s/ Theresa Trzaskoma*
>
> Theresa Trzaskoma