# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

JANE DOE 1, Individually and on Behalf of
All Others Similarly Situated,

       Plaintiff,

  -v-

JPMORGAN CHASE BANK, N.A.,

       Defendant/Third-Party Plaintiff,

  -v-

JAMES EDWARD STALEY,

       Third-Party Defendant.

22-cv-10019 (JSR)

ORDER

---------------------------------------

JED S. RAKOFF, U.S.D.J.:

On March 6, 2023, Defendant JPMorgan Chase Bank, N.A. ("JP Morgan") issued a subpoena on third-party the New York County District Attorney's Office (the "District Attorney"), a subpoena that was subsequently served on March 7, 2023. This subpoena requested two categories of documents:

    (1) "Any statements, oral or written, or records of statements, provided by [Jane Doe, the plaintiff in this litigation] to Manhattan District Attorney's Office Deputy Chief of the Sex Crimes Unit, Vanessa Puzio, on August 10, 2022"; and

    (2) "Any statements, oral or written, or records of statements, provided by any individual identifying James 'Jes'

1

Staley as an alleged witness or an alleged perpetrator of any sexual assault, sexual abuse, or other sex-related crime."

On a May 16 teleconference with the Court, the District Attorney objected to JP Morgan's subpoena, invoking four privileges -- (1) the law enforcement privilege, (2) the informant's privilege, (3) the New York state public interest privilege, and (4) the work product doctrine -- as well as the New York grand jury secrecy statutes (New York Criminal Procedure Law § 190.25(4)(a) and New York Penal Law § 215.70). The Court then requested that the District Attorney provide a privilege log, along with documents referenced in that log for in camera review, and that JP Morgan submit a written response to the District Attorney's assertions of privilege.

After full review of the documents submitted by the District Attorney and JP Morgan, the Court finds that the privileges and statutes invoked by the District Attorney do not apply to the documents requested by JP Morgan's subpoena. Accordingly, the Court hereby orders the District Attorney to furnish responsive documents to JP Morgan on a confidential basis, pursuant to the protective order operative in this case.

SO ORDERED.

New York, NY
May 26, 2023

_____
JED S. RAKOFF, U.S.D.J.

2