

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

<u>By ECF</u>

June 8, 2023

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE:  Cuomo v. Office of the New York State Attorney General**
             **- Case No. 22-mc-03044**

Dear Judge Merkl:

     The Office of the Attorney General ("OAG") respectfully submits this letter in response to Movant's letter filed June 2, 2023, providing "supplemental authority" to the Court in support of his pending motion to compel OAG to produce documents in the Trooper 1 Action.[1]

     Movant contends that a two-page order issued in *Jane Doe v. JPMorgan Chase Bank, N.A.*, No. 22-cv-10019 (S.D.N.Y. May 23, 2023) ("SDNY Order"), is persuasive authority supporting his position in this matter. At issue in the SDNY Order was whether the Manhattan District Attorney ("DANY") had to disclose certain documents to JP Morgan Chase Bank, N.A. ("JP Morgan") in compliance with a third-party subpoena that JP Morgan served on DANY. DANY objected to the subpoena during a teleconference with the court and invoked several privileges, including the law enforcement privilege, in addition to the New York grand jury secrecy statutes. The court requested that DANY provide a privilege log, along with documents referenced in that log for *in camera* review. Following the court's *in camera* review, but absent any briefing, the court held in a short two-page order without discussion that the privileges and statutes invoked by DANY did not apply. The SDNY Order provides no guidance to the Court here for three reasons.

     First, as OAG noted in its previously-filed memorandum of law, DANY is not considered an arm of the State when responding to a document demand. OAG's Memorandum of Law in Reply, ECF No. 23, pg. 3, fn. 3. Therefore, sovereign immunity did not apply to bar enforcement of the subpoena as it does here.

     Second, the cursory SDNY Order contains no analysis or reasoning, so it provides no

---

[1] All terms defined previously in OAG's Memorandum of Law (ECF No. 18) are used consistently herein.

Hon. Taryn Merkl
June 8, 2023
Page 2

insight whatsoever as to why the judge rejected DANY's assertions of privilege, which are by their nature fact specific, and hence offers no guidance for this Court's assessment of OAG's privilege assertions.

Third, unlike Movant's subpoena, JP Morgan's subpoena was extremely narrow in scope, requesting only two limited categories of documents: (i) "[a]ny statements, oral or written, or records of statements, provided by [Jane Doe, the plaintiff in this litigation] to Manhattan District Attorney's Office Deputy Chief of Sex Crimes Unit, Vanessa Puzio, on August 10, 2022;" and (ii) "[a]ny statements, oral or written, or records of statements, provided by any individual identifying James 'Jes' Staley as an alleged witness or an alleged perpetrator of any sexual assault, sexual abuse, or other sex-related crime." *See* SDNY Order at 1-2 (attached to Movant's letter). Under these circumstances, the court was faced with a very different assessment as to relevance, burden, and proportionality that renders the outcome inapplicable here (even putting aside the absence of any rationale in the order that would illuminate the court's assessment, if any, of these issues).

For these reasons, OAG respectfully submits that the SDNY Order provides no assistance to the Court in this matter.

Respectfully,

 /s/ Andrew S. Amer
Andrew S. Amer
Special Counsel
Andrew.Amer@ag.ny.gov
(212) 416-6127

cc:   Counsel of Record (via ECF)