

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION

By ECF

July 10, 2023

The Honorable Taryn A. Merkl  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

     **RE:  Cuomo v. Office of the New York State Attorney General,**  
        **Case No. 22-mc-03044**

Dear Judge Merkl:

  Pursuant to the Court's order of today's date, the Office of the Attorney General ("OAG") respectfully submits this letter in response to Movant's letter brief filed July 7, 2023 ("Movant's Letter Brief") (Dkt. No. 32) in support of his pending motion to compel OAG to produce documents in the Trooper 1 Action. As a threshold matter, Movant's Letter Brief is procedurally improper and should be disregarded.[1] In the event the Court choses to consider the new arguments set forth in Movant's Letter Brief, OAG respectfully requests that the Court also consider the arguments presented in this response.

  As correctly noted by Movant, during the February 7 argument Your Honor suggested that Movant could and should seek discovery directly from nonparty witnesses interviewed by OAG. Apparently, Movant has done so but is meeting some resistance as these individuals exercise their rights to object to, and contest through motion practice, Movant's subpoenas. Movant advises that this nonparty discovery, which he waited more than seven months after serving his subpoena on OAG to pursue, "has been a time-consuming and resource intensive process . . . ." Movant's Letter Brief at 1. These so-called "developments" in the Trooper 1 Action do not justify granting Movant's motion to compel "forthwith" as he urges, *id.*, for multiple reasons.

  **First**, Movant's apparent difficulties in obtaining nonparty discovery have no bearing

---

[1] Pursuant to Your Honor's individual rules, the parties are to comply with the individual rules of the assigned District Judge for motions. *See* Rule 2.A. of the Individual Rules & Practices of U.S. Magistrate Judge Taryn A. Merkl. Judge DeArcy Hall's individual practice rules do not permit parties to unilaterally submit further briefing after motions are fully submitted, and expressly provide that "[l]etter briefs are not permitted." *See, generally*, Individual Practices of Judge LaShann DeArcy Hall, at III.B, C.7.

Hon. Taryn Merkl
July 10, 2023
Page 2

whatsoever on the merits of OAG's sovereign immunity defense, which Movant completely ignores. To the extent the Court agrees with OAG's position on sovereign immunity, Movant cannot overcome that defense based on purported problems he encounters in pursuing nonparty discovery from others.[2]

**Second**, Movant suggests there is now some heightened need to compel OAG to provide "all interview memos reflecting witness statements, unredacted transcripts of all witness statements, and all documents produced by nonparties to the OAG" because a few of the hundreds of OAG witnesses are "refusing to comply" with his nonparty discovery demands, implying that such refusal is without merit. Movant's Letter Brief at 1. Movant provides no basis for the Court to presume that his subpoenas served on these nonparties are reasonable in scope and burden or that these nonparties are acting improperly in challenging his discovery demands, nor would it be appropriate for the Court to presume either of these facts on this record. Rather, the Court should presume that the nonparties are appropriately exercising their rights to challenge the breadth and scope of Movant's subpoenas as permitted under the discovery rules. That they are doing so provides no additional grounds to grant Movant's motion to compel extremely broad nonparty discovery from OAG. Additionally, Movant's frustration over OAG's decision not to voluntarily produce the unredacted transcript of a complainant witness and instead await the Court's decision (Movant's Letter Brief at 3-4) is of no moment because Movant can obtain discovery from that witness directly (according to that witness' counsel, she is scheduled to be deposed by Movant this week). The Court should thus disregard Movant's incomplete, untimely and repetitious complaint about OAG's response to decline providing the transcript as it provides no support for Movant's motion to compel.

**Third**, Movant's account of how his counsel purportedly used an OAG interview memo of James Boyle during Mr. Boyle's deposition fails to prove his point. Movant fails to explain why his counsel needed the memo to elicit from Mr. Boyle purported testimony about supposed "notable flaws and omissions in the OAG Report," *id*. at 2, when counsel had the report itself to show Mr. Boyle and question him about. There is simply no reason to conclude that Mr. Boyle would have testified any differently when asked about statements in the OAG Report absent the interview memo. Nor does counsel's desire to have OAG interview memos for conducting depositions override OAG's claims of privilege for the reasons already briefed. *See* OAG's Memorandum of Law in Support of Cross-Motion to Quash and in Opposition to Movant's Motion to Compel, Dkt No. 18, at Point III. Indeed, Movant's fixation on needing to prove up "notable flaws and omissions in the OAG Report" only reinforces that Movant's real motive behind the OAG subpoena is to further his illegitimate and irrelevant purpose of attacking the OAG Report and the investigators, rather than gather evidence that is relevant to his defense of the Trooper 1

---

[2] For the same reason, Movant's complaint about OAG declining to voluntarily provide an unredacted transcript despite the witness's consent, Movant's Letter Brief at 3-4, is without merit. Should the Court agree with OAG's sovereign immunity defense, OAG will have no obligation to comply with any aspect of the subpoena, regardless of whether witnesses consent to the production of the transcripts of their OAG testimony.

Hon. Taryn Merkl
July 10, 2023
Page 3

Action. *See id*. at 16-17.[3]

      For these reasons, Movant's purported difficulties in obtaining nonparty discovery from others provides no additional bases for enforcing any portion of the overbroad and unduly burdensome subpoena he served on OAG. For all of the reasons articulated in OAG's briefs and during oral argument, OAG respectfully requests that the Court grant OAG's motion to quash Movant's subpoena in its entirety.

                                                                                                          Respectfully,

                                                                                                      /s/ Andrew S. Amer
                                                                                                      Andrew S. Amer
                                                                                                      Special Counsel
                                                                                                      Andrew.Amer@ag.ny.gov
                                                                                                      (212) 416-6127

cc:     Counsel of Record (via ECF)

---

[3] Movant's suggestion that a 2021 interview memo was critical to refresh Mr. Boyle's recollection just two years later at a 2023 deposition strains credulity. Witnesses' memories fade over time, but not that quickly.