UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------
ANDREW M. CUOMO,

                              Movant,

     - against -

OFFICE OF THE NEW YORK STATE
ATTORNEY GENERAL,

                             Defendant.

1:22-mc-03044 (LDH)(TAM)

     I, SERENA LONGLEY, an attorney admitted to practice before this Court, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

     1. I am an attorney in the New York State Office of the Attorney General ("OAG"), defendant in this miscellaneous action brought by Movant, Andrew Cuomo, to compel nonparty discovery from OAG.

     2. I submit this declaration in opposition to Movant's "Motion for Leave to Electronically File Document Under Seal" (Dkt. # 34) ("Motion to Seal") filed in support of Movant's July 18, 2023 Letter (Dkt. # 35). The facts described herein are based on my personal knowledge and/or a review of the documents in my possession.

**Relevant Procedural Background**

     3. On July 7, 2023, without seeking leave of Court, Movant improperly filed an unauthorized letter brief in further support of his Motion to Compel (Dkt. # 1), briefing of which was fully submitted as of December 6, 2022.

4. On July 10, 2023, the Court ordered that responses, if any, to Movant's July 7, 2023 letter were due by July 17, 2023. The Court did not authorize Movant to file any reply to such responses (if any) or otherwise submit further briefing related to the pending motions.

5. Pursuant to the Court's Order, OAG responded to Movant's July 7, 2023 letter on July, 10, 2023 (Dkt. # 33).

6. On July 18, 2023, again without seeking leave from the Court, and despite the Court's July 10th Order allowing only for responses from OAG and the Assembly and no reply from Movant, Movant improperly filed a reply by letter (with some redacted content) – responding to OAG's Letter Response to Movant's July 7, 2023 letter along with his Motion to Seal, which in fact seeks various forms of relief from the Court, including permission to file Movant's improper July 18, 2023 reply in *unredacted* form on the docket.

**Movant's Motion To Seal Should Be Denied Because Movant's July 18, 2023 Letter Is Improper, Unauthorized, And Should Be Disregarded**

7. Notwithstanding Your Honor's Individual Rules and the applicable rules of the assigned District Judge, Movant has repeatedly filed unauthorized letters and briefing in further support of his fully submitted Motion to Compel. *See, e.g.*, Dkt. #s 28, 29 (OAG response to improper sur-reply at Dkt. # 28), 30, 32, 35); *see also* Dkt. # 33 at fn. 1 (Individual Practices of Judge LaShann DeArcy Hall do not permit parties to unilaterally submit supplemental briefing and expressly prohibit letter briefs). In none of these instances of supplemental briefing has Movant sought consent form OAG, let alone permission from the Court. Because Movant's latest filings plainly violate Your Honor's Individual Rules, the individual rules of the assigned District Judge (the Honorable LaShann DeArcy Hall) and the protocols of the United States District Court for the Eastern District of New York (which Your Honor's February 23, 2023 Order directed Movant to follow), they should be rejected and disregarded. *See* United States District Court Eastern

District of New York Steps for E-Filing Sealed Documents - *Civil* Cases, *available at* https://www.nyed.uscourts.gov/forms/steps-e-filing-sealed-documents-civil-cases (last accessed July 20, 2023).

8. To the extent the Court construes Movant's July 18, 2023 filings as seeking leave to file further briefing in support of his Motion to Compel *nunc pro tunc*, the Court should deny Movant such leave for the following reasons:

a. First, nothing in Movant's July 18th filings bears on the threshold legal arguments pending before the Court, in particular OAG's sovereign immunity defense to this action seeking to compel OAG to provide discovery. *See* OAG's Memorandum of Law in Support of Cross-Motion to Quash and in Opposition to Movant's Motion to Compel, Dkt. # 18, at Point I; OAG's Reply Memorandum of Law in Further Support of Defendant's Cross-Motion to Quash, Dkt. # 23, at Point I; OAG's July 10, 2023 Letter, Dkt. # 33.

b. Second, the gravamen of Movant's latest filings is not new: once again Movant reports to the Court about how his counsel (1) has used publicly available OAG transcripts to conduct direct discovery and (2) desires to have access to OAG's privileged investigative materials to aid in Movant's discovery efforts. For the same reasons already raised by OAG to these same points (*see* OAG's July 10, 2023 Letter, Dkt. # 33), Movant's July 18, 2023 filings fail to justify imposing broad, burdensome discovery on nonparty OAG or overcoming any of the many privileges protecting the materials Movant seeks. *See* OAG's Memorandum of Law in Support of Cross-Motion to Quash and in Opposition to Movant's Motion to Compel, Dkt. # 18, at Points II and III; OAG's Reply Memorandum of Law in Further Support of Defendant's Cross-Motion to Quash, Dkt. # 23, at Points II and III.

9. Accordingly, Movant's improper July 18, 2023 letter should be disregarded by the Court.

10. Because Movant's July 18, 2023 letter is improper and unauthorized, and therefore should be disregarded by the Court, his related Motion to Seal seeking, *inter alia*, permission to file an *unredacted* version of his July 18, 2023 letter and various sealed and unsealed exhibits thereto should be denied as moot.

**Conclusion**

11. There has been extensive briefing and oral argument on Movant's nonparty subpoena to OAG. *See* Dkt. #s 1-3, 17-23, 25. Absent an order from the Court granting leave to Movant to file a reply, Movant's July 18, 2023 reply was improper, nor is there any basis for the Court to grant leave for such filing *nunc pro tunc* because it provides no relevant development, just updates on run-of-the-mill episodes from his discovery efforts; such updates shed no new light on the fully-briefed legal issues before the Court, namely whether the Court can or should compel the broad discovery sought in Movant's nonparty subpoena to OAG (the answer to both is no).

12. Accordingly, the Court should disregard Movant's July 18, 2023 letter and deny as moot Movant's Motion to Seal.

Executed on July 20, 2023

*/s/ Serena Longley*
Serena Longley