```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW M. CUOMO,                           :
                                           :
                        Movant,            :   1:22-mc-03044 (LDH)(TAM)
                                           :
    - against -                            :
                                           :
OFFICE OF THE NEW YORK STATE               :
ATTORNEY GENERAL,                          :
                                           :
                        Defendant.         :
-------------------------------------------------------- X
```

# MEMORANDUM OF LAW IN OPPOSITION TO MOVANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOVANT'S MOTION TO COMPEL

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005

Attorney for Defendant

Andrew Amer
Serena Longley
Michael Jaffe
Tamikka Pate

    of Counsel

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I. THERE IS NO LEGAL ERROR, CHANGE IN LAW, OR NEWLY AVAILABLE FACTS TO RECONSIDER .................................................................................................. 2

    A. The Court Applied The Appropriate Legal Standard ................................... 2

    B. Movant Fails To Raise Any New Issues Of Fact Or Law ........................... 2

    C. The Court Properly Found The "Reliability" Of The OAG Report Irrelevant ............. 3

    D. The Court Properly Exercised Its Discretion To Deny The Motion To Compel In Full Rather Than Modify The Subpoena *Sua Sponte* .......................................................... 4

CONCLUSION .................................................................................................................... 5

TABLE OF AUTHORITIES

**Cases**

*Cook v. Howard,* 484 Appx. 805, 813 (4th Cir. 2012) ............................................................... 4, 5

*Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782 (2d Cir. 1983) .................................................... 2

*Donoghue v. Nostro*, No. 20-CV-6100, 2022 WL 4462867 (W.D.N.Y. Sept. 26, 2022) ......................................................................................................................................... 4

*Harger Da Silva v. New York City Transit Authority*, No. 17-cv-4550, 2022 WL 17555046 (E.D.N.Y. December 8, 2022) ........................................................................ 1, 2, 4, 5

*Kirschner v. Klemons*, No. 99-cv-4248, 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ............................................................................................................................................... 2

*Rivera v. Rochester Genesee Regional Transp. Auth.*, 743 F.3d 11 (2d Cir. 2001) ........................ 4

*Shoreline Aviation, Inc. v. Herbst*, No. 20-cv-2161, 2021 WL 10718011 (E.D.N.Y. April 8, 2021) .................................................................................................................. 1

*Shrader v. CSX Transp., Inc.,* 17 F.3d 255 (2d. Cir. 1995) ............................................................. 1

*Vaughn v. Consumer Home Mortg. Co. Inc.*, 470 F. Supp. 2d 248 (E.D.N.Y. 2007) ........................................................................................................................................... 2

## PRELIMINARY STATEMENT

The Court should deny Movant's motion for reconsideration of the Court's July 27, 2023 Decision and Order ("Decision") denying his motion to compel non-party OAG to comply with a subpoena in the *Trooper 1 Action*.[1] Movant has failed to meet his burden of demonstrating that the Court committed a clear error of law or that the Court failed to consider material facts that would be dispositive in his favor. Nor has Movant presented any new material information that was unavailable to him when the motion to compel was briefed and argued. Instead, Movant impermissibly rehashes issues previously raised and decided. Movant has also not demonstrated that the Court clearly erred in denying his motion to compel in full, rather than modifying the subpoena in a manner he never previously proposed.

## STANDARD OF REVIEW

"The decision to grant or deny a motion for reconsideration is 'committed to the sound discretion of the district court.'" *Shoreline Aviation, Inc. v. Herbst*, No. 20-cv-2161, 2021 WL 10718011 at *2 (E.D.N.Y. April 8, 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 17 F.3d 255, 157 (2d. Cir. 1995). "To succeed on a motion for reconsideration, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Harger Da Silva v. New York City Transit Authority*, No. 17-cv-4550, 2022 WL 17555046 at *1 (E.D.N.Y. December 8, 2022) (*citing Doe v. N.Y.C.*

---

[1] This opposition brief uses the same defined terms as OAG's papers moving to quash the underlying subpoena (ECF Nos. 18, 23).

*Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).[2] "A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Harger Da Silva*, 2022 WL 17555046 at *1.

## ARGUMENT

**I.    THERE IS NO LEGAL ERROR, CHANGE IN LAW, OR NEWLY AVAILABLE FACTS TO RECONSIDER**

**A. The Court Applied The Appropriate Legal Standard**

The Court applied the proper legal standard in evaluating Movant's Rule 45 subpoena by weighing the relevance and proportionality of the materials sought against the burden imposed on OAG as a non-party. Decision at pgs. 28-32; *see also* OAG Memorandum, ECF No. 18, pgs. 17- 21. Movant does not explain why the Court was incorrect in weighing the relevance – or lack thereof – of the materials sought against the burden imposed while factoring in the proportional needs of the case. Indeed, the Court properly considered the probative value of the materials. *See Kirschner v. Klemons*, No. 99-cv-4248, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) ("A subpoena that pursues material with little apparent or likely relevance to the subject matter ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous.").

**B. Movant Fails To Raise Any New Issues Of Fact Or Law**

Movant attempts to relitigate the issue of whether he is entitled to challenge the veracity and independence of the OAG and AJC reports. Movant's MOL at pgs. 1-3. This is neither an

---

[2] Movant argues that reconsideration is warranted if the Court merely "overlooked factual matters." Movant's Memorandum in Support of Motion for Reconsideration, ECF No. 41 ("Movant's MOL"), at pg. 1. Movant's reliance on *Vaughn v. Consumer Home Mortg. Co. Inc.*, 470 F. Supp. 2d 248, 258 (E.D.N.Y. 2007) for this proposition is misplaced because reconsideration in that case turned on new case law and legislative history, not new facts. *Id*.

issue to which the Court applied an incorrect legal framework (*see, supra,* I.A), nor an issue for which information is newly available. This argument was the centerpiece of Movant's motion to compel and has been argued by Movant from the inception of this litigation. *See* Movant's Memorandum of Law, ECF No. 2, pgs. 10-11.

Movant incorrectly claims there is "new" information because Trooper 1 "confirmed this week that she "reserve[s] the right to use the [OAG and AJC] reports." Movant's MOL at pg. 2. As an initial matter, there is nothing in the record that supports this alleged new fact.[3] In any event, this is not new information. *See, e.g.*, Transcript from February 7, 2023 oral argument, ECF. No 27, at pg. 101:22-24 ("[Movant] ha[s] heard from Plaintiff [] that they have a theory that the report could come in under an admission by party opponent theory…").[4]

Similarly, Movant's argument that his counsel was able to depose James Boyle effectively only because he had Mr. Boyle's interview memo is unpersuasive; Movant has offered no reason why counsel needed Boyle's interview memo to elicit the purported testimony, nor has Movant even attempted to justify piercing the privilege protecting OAG's interview memos from disclosure. Rather, Movant is merely advancing the same losing argument he has made unsuccessfully multiple times before. *See* ECF No. 21 at pg. 1; ECF No. 25 at pgs. 105-06.

### C. The Court Properly Found The "Reliability" Of The OAG Report Irrelevant

The Court properly determined that the OAG Report was not relevant to the claims or defenses at issue in the Trooper 1 Action. Decision at pg. 29. Trooper 1's claims, and thus Movant's defenses, are limited to Movant's sexual harassment of Trooper 1, discrimination she

---

[3] The Court has declined to consider Movant's attorney declaration (ECF No. 42) improperly filed without leave of Court in violation of Local Civil Rule 6.3.

[4] The Court was fully aware that the Trooper 1 Action parties had competing views on the admissibility of the Report. Movant's counsel even admitted at oral argument, after describing Plaintiff's theory of admissibility, that "there's no way [the Report] comes into evidence…. I don't think it's going to come in." Tr. at pg. 102:3-7.

3

suffered as a result of such harassment, and retaliation she suffered after reporting the harassment and discrimination. *Id* at pg. 29. The Court properly exercised its discretion in holding that the underlying materials of the Report have no bearing on the merit of those claims as the harassment and discrimination claims predate, and are entirely independent of, the Report. Moreover, Movant's new theory about the Report's relevance for retaliation and mental anguish are improperly raised for the first time on reconsideration. *See Harger Da Silva*, 2022 WL 17555046 at *1. In any event, this new theory is without merit. First, nothing more than the existence of the Report is potentially relevant to demonstrate protected activity. The Report's reliability is irrelevant because retaliation does not depend on whether harassment or discrimination actually occurred. *See Rivera v. Rochester Genesee Regional Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2001)("to prevail on a retaliation claim, the plaintiff need not prove that h[is] underlying complaint of discrimination had merit…"). Second, the nonpublic materials Movant seeks cannot be the cause of Trooper 1's alleged mental anguish because Trooper 1 never saw them either.

### D. The Court Properly Exercised Its Discretion To Deny The Motion To Compel In Full Rather Than Modify The Subpoena *Sua Sponte*

Movant argues that the Court committed clear error by not modifying the subpoena, *sua sponte*, to require OAG to produce a more limited set of materials rather than deny Movant's motion in its entirety. Movant's MOL at pgs. 3-5. Movant's argument is without merit. Neither of the two cases Movant cites supports the proposition that a court commits clear error by quashing rather than modifying a subpoena; in fact, they hold the opposite. In *Donoghue v. Nostro*, the court held that "[n]otwithstanding the court's power to modify subpoenas, it has *no duty* to modify the request itself … ." No. 20-CV-6100, 2022 WL 4462867 at *4 (W.D.N.Y. Sept. 26, 2022) (emphasis added). And in *Cook v. Howard*, the majority held that the trial court's

4

decision to quash rather than modify the subpoena was not an abuse of discretion. 484 Appx. 805, 813 (4th Cir. 2012)).

Moreover, Movant's plea for a modification of his subpoena on reconsideration ignores the issues OAG raised that were left unresolved based on the Court's decision to quash the subpoena on relevance and burden grounds. Before the Court could entertain enforcing a modified subpoena, the Court would need to first resolve OAG's sovereign immunity defense and assertions of privilege.[5]

Finally, Movant's suggested modification is an improper third bite at the apple. Movant could have meaningfully narrowed his subpoena when the motion was briefed but chose not to do so. Movant had a second opportunity to meaningfully narrow his subpoena following oral argument at the Court's invitation, but instead proposed a modification that was essentially meaningless. Decision at pgs. 30-34.

After failing to narrow his subpoena in any meaningful way despite two opportunities to do so while his motion was pending, Movant's attempt to modify the subpoena on reconsideration only after losing is blatantly improper and should be soundly rejected. *See Harger Da Silva*, 2022 WL 17555046 at *1.

## CONCLUSION

For the reasons set forth above, Respondent respectfully requests that the Court deny Movant's Motion, and grant such other and further relief as the Court deems just and proper.

---

[5] With respect to OAG's assertion of the law enforcement privilege, the concern that disclosing nonpublic information about cooperating witnesses will have a deterrent effect on future cooperation has only grown stronger since the Decision was issued. *See* https://www.nytimes.com/2023/08/07/nyregion/cuomo-women-sister-madeline.html (*accessed* Aug. 15, 2023); https://www.timesunion.com/state/article/circulation-former-cuomo-aide-s-deposition-sets-18289822.php?IPID=Times-Union-HP-spotlight (*accessed* Aug. 15, 2023); https://gothamist.com/news/ex-cuomo-aide-wants-a-transcript-private-the-former-ny-governors-team-already-distributed-it (*accessed* Aug. 15, 2023).

5

Dated: New York, New York
August 16, 2023

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: ___/s/  Serena Longley___
Andrew Amer
Serena Longley
Michael Jaffe
Tamikka Pate

28 Liberty Street
New York, NY 10005
Phone: (212) 416-8178
serena.longley@ag.ny.gov

Attorney for Defendant