**SHER TREMONTE LLP**

September 13, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Cuomo v. Office of the N.Y. State Attorney General*, 22-mc-3044 (LDH) (TAM)

Dear Judge Merkl:

      We write to seek leave to submit additional information in further support of our motion for reconsideration of the July 21 Discovery Order and to put before the Court newly discovered information regarding Cleary Gottlieb Steen & Hamilton LLP's contract with New York State in connection with the OAG Investigation.[1] As reflected in the new information, we believe the OAG's burden arguments are disingenuous at best, misleading at worst.

      We recently obtained (through a FOIL request) information concerning Cleary's supplemental contracts with the OAG in connection with the OAG Investigation. *See* **Exhibit A**. These records reflect that, long after the OAG had already disclosed a small amount of investigative materials to the public, ***taxpayers paid at least $1.7 million to Cleary in 2023***. Specifically, as reflected in the attached records, in June 2022, the OAG sought a $1.3 million extension of its contract with Cleary. ***The express purpose of that contract extension was to review and redact documents in anticipation of disclosure***. Although the OAG opposed compliance with Governor Cuomo's subpoena, the OAG did not disclose to the Court its new contract with Cleary and instead claimed that reviewing and redacting unreleased interview memos would be "an enormously time-consuming task." OAG ECF No. 29 at 2. Perhaps the OAG will explain this at the September 26 conference.

      The timeline is important. Cleary's original contract with the OAG began in March 2021 for $2,552,500. Ex. A at 112. On May 27, 2021, the New York State Comptroller ("Comptroller") approved a $1 million addition, bringing the contract to $3,502,500. *Id*. at 113. The OAG Report was released on August 3, 2021. In September 2021, the OAG requested additional funds for Cleary's contract, and an extension to December 31, 2021, for a new total of $5,419,950. *Id.* at 48, 122-124; *see also id.* at 39-41. The stated reason

---

[1] For ease of reference, we use those terms reflected in Governor Cuomo's motion for reconsideration and the Appendix of Defined Terms attached thereto. OAG ECF No. 41.

Hon. Taryn A. Merkl
September 13, 2023
Page 2 of 3

for that extension was to allow Cleary to continue to "provide support in the review and preparation of material referenced in the report, including transcripts and memos as well as assisting in our response to discovery requests."[2] *Id.* at 122-23. Between November 2021 and January 2022, the OAG (i) selectively released to the public redacted transcripts for the 41 witnesses who testified under oath, and (ii) disclosed a limited number of redacted interview memos to certain law enforcement agencies, including to the Albany County District Attorney's Office in connection with an ongoing investigation of a criminal charge that was dismissed on the merits in January 2022. Notably, all of the documents that the OAG disclosed between November 2021 and January 2022 (to the public or to law enforcement) had already been reviewed and redacted. Each of the investigations by the District Attorneys' offices was concluded by the end of January 2022. So far as we are aware, the OAG has not provided any additional investigative materials, either to the public, to Governor Cuomo, or to law enforcement after January 2022.

Next, Trooper 1 filed her lawsuit on February 17, 2022. T1 ECF No. 1. On May 31, 2022, Governor Cuomo informed this Court that he intended to subpoena the OAG and AJC in the Trooper 1 Action. T1 ECF No. 34. On June 2, 2022, the OAG requested that Cleary's contract be reinstated and extended for another year for an additional $1.3 million, bringing the total amount of Cleary's contract to $6,719,990.[3] Ex. A at 118-119; *see also id.* at 13. The stated scope of additional work was "the need to conduct redactions of voluminous amounts of transcripts, exhibits, and documents," "the need to ensure that the redactions are being made consistently," "the need to provide substantial materials to law enforcement agencies," "the need to make corresponding redactions to various video depositions," and "to manage and respond to actions taken by various parties following the public release of the report." *Id.* at 118-119. That request was approved by the Comptroller on July 14, 2022, *id.* at 12, just a few days after Governor Cuomo served his subpoena on the OAG. The second supplemental contract between the OAG and Cleary was approved and executed in July 2022. *Id.* at 3.

The timing suggests that the OAG hired Cleary (for the third time) to handle anticipated discovery in the Trooper 1 Action and other litigation. Given that the OAG had already released redacted documents publicly between November 2021 to January 2022, and given that the OAG had already provided redacted discovery to various District Attorneys' offices in that timeframe too, the July 2022 contract extension should have related only to the review and redaction of additional materials.

---

[2] The OAG also sought and obtained an additional $250,025 for Vladeck, Raskin & Clark PC for the same purpose. Ex. A at 123.

[3] The OAG contract with Vladeck remained at $1,200,025. Ex. A at 120.

Further, Cleary was in fact paid for this work. The Comptroller's website reflects the below payments on the Cleary contracts:[4]

| Payment Date | Amount |
| --- | --- |
| October 27, 2021 | $1,675,510.51 |
| November 24, 2021 | $802,104.38 |
| October 5, 2022 | $2,302,215.19 |
| February 16, 2023 | $1,123,882.75 |
| March 28, 2023 | $599,581.55 |

Thus, Cleary was paid more than $1.7 million in February and March of 2023, and we reasonably believe these payments reflect Cleary's work to review and redact *additional* investigative information. Yet during that same timeframe, the OAG fought to prevent disclosure to Governor Cuomo claiming, among other things, *undue burden*. The relevance of these materials to Governor Cuomo's reconsideration motion is plain. This Court was swayed by the OAG's burden arguments and specifically relied on them in denying Governor Cuomo's motion to compel. Indeed, the July 21 Discovery Order dedicated an entire section to the OAG's purported burden and concluded that "[i]f approximately 73,000 documents are potentially responsive to Movant's undifferentiated requests, as discussed above, ***the burden of production on the OAG to review, and if necessary, redact the documents would be incredibly burdensome***. . . ." and "would result in a significant expenditure of resources and expense by a non-party." OAG ECF No. 37 at 32-33 (emphasis added). The Cleary contracts and payments gut this conclusion because it appears much of the burden was already borne – by the taxpayers, not by Letitia James.

This new information provides critical additional support for our argument that, at a minimum, the OAG should be compelled to produce interview memos and any other documents that Cleary has already reviewed for redaction and/or disclosure. Accordingly, we respectfully request that the Court grant us leave to submit this additional information in further support of our motion for reconsideration.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

Attachments

---

[4] A copy of the summary report of payments to Cleary is attached as **Exhibit B** and is available through https://www.osc.state.ny.us/open-book-new-york.