# EXHIBIT A

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL
**SUPPLEMENTAL AGREEMENT NO. 2**
**CONTRACT NUMBER C-105803**
Cleary Gottlieb Steen & Hamilton LLP

This SUPPLEMENTAL AGREEMENT to CONTRACT NUMBER C-105803 (the "Supplemental Agreement" is made by and between STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL, with a principal office located at 28 Liberty Street, New York, NY 10005 ("OAG"), and Cleary Gottlieb Steen & Hamilton, LLP a law firm having an office located at One Liberty Plaza, New York, NY 10006 (the "Firm").

WHEREAS, on February 28, 2021 Governor Andrew Cuomo directed the Attorney General to select an independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor (the "Matter"); and

WHEREAS, the OAG conducted an extensive search and received several proposals from law firms; and

WHEREAS, the OAG has determined that it is appropriate to retain outside counsel to investigate and review issues raised in the Matter and to enter into an Agreement for the provision of such services; and

WHEREAS, the Firm has extensive expertise in investigating, reviewing and assessing allegations of sexual harassment and misconduct; and

WHEREAS, the Firm and the OAG entered into CONTRACT NUMBER C-105803 (the "Agreement").

NOW, THEREFORE, in consideration of the mutual covenants and considerations herein set forth, the parties hereto agree that this Supplemental Agreement shall amend and restate certain provisions of the Agreement as follows:

3. The OAG shall pay the Firm for all professional services provided under the Agreement in accordance with the Outside Counsel Billing Criteria and Policy attached hereto as Exhibit B and made a part hereof, at the hourly rates set forth in the Cost Proposal attached hereto as Exhibit C and made a part hereof. Unless otherwise agreed between the OAG and the Firm, the fees for such professional services, inclusive of disbursements, shall not exceed the amount of $6,719,990.00.

8. Unless modified as provided herein, the Agreement commenced on March 8, 2021 and will continue until May 31, 2023 or upon completion of the retained scope of work, whichever may occur first. The Agreement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller. The Agreement may be terminated by the OAG: (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that Joon H. Kim, the Principal identified in paragraph 15 below, separates from the Firm; (3) for the

unavailability of funds; (4) for cause due to the Firm's actions; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

This SUPPLEMENTAL AGREEMENT, as well as any amendment, change, extension, revision or discharge of this Supplemental Agreement or the Agreement, in whole or part, shall not be invalid or unenforceable because of lack of insufficiency of consideration; provided, however, that such amendment, change, extension, revision or discharge is in writing and executed by the parties and approved by the Office of the State Comptroller.

All other terms and conditions of the Agreement remain the same.

Space below intentionally left blank.

GAMC-T1-054946

IN WITNESS WHEREOF, the parties hereto have executed this agreement on the dates written below.

CONTRACT NUMBER C-105803

FIRM'S CERTIFICATION:
In addition to acceptance of this agreement, I certify that all information provided to the OAG is complete, true and accurate.

Cleary Gottlieb Steen & Hamilton LLP

Joon H. Kim

July 26, 2022
Date

AGENCY CERTIFICATION:
I certify that original copies of this signature page will be attached to all other exact copies of this agreement.

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL

7/28/22
Date

Peter T. O'Neill
Chief Financial Officer
NYS Office of the Attorney General

APPROVED AS TO FORM OFFICE
OF THE ATTORNEY GENRAL
OFFICE OF THE ATTORNEY GENERAL

By: _____

Dated: _____

APPROVAL OF OFFICE OF THE
STATE COMPTROLLER

By: _____

Dated: _____

| APPROVED |
| DEPT. OF AUDIT & CONTROL |
| Oct 25 2022 |
| Brian Fuller |
| FOR THE STATE COMPTROLLER |

GAMC-T1-054947

## ACKNOWLEDGMENT BY NOTARY PUBLIC

STATE OF NEW YORK }

COUNTY OF NEW YORK }  : SS.:

On the 26th day of July _____ in the year 2022, before me personally appeared: JOON H. Kim _____, known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that he resides at

[Check One]

(☒ **If an individual):** _he executed the foregoing instrument in his/her name and on his/her own behalf.

(☐ **If a corporation):** _he is the _____ of _____, the corporation described in said instrument; that, by authority of the Board of Directors of said corporation, _he is authorized to execute the foregoing instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.

(☐ **If an unincorporated association):** _he is the _____ of _____, the firm described in said instrument; that, _he is authorized to execute the foregoing instrument on behalf of the firm for the purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name and on behalf of said firm as the act and deed of said firm.

(☐ **If a partnership):** _he is the _____ of _____, the partnership described in said instrument; that, by the terms of said partnership, _he is authorized to execute the foregoing instrument on behalf of the partnership for the purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name and on behalf of said partnership as the act and deed of said partnership.

_____
**Notary Public**

**Rita Marie Shaloosh**
**Notary Public, State of New York**
**No. 01SH6154142**
**Qualified in New York County**
**Commission Expires October 13, 2022**

**EXHIBIT B**
**OUTSIDE COUNSEL BILLING CRITERIA AND POLICY**

I.   Policy

These criteria have been established to enhance the working relationship between the OAG's attorneys and the Firm.  The Firm shall review these criteria and direct any questions to the OAG's Counsel for clarification.

II.  Guidelines for Billing and Fees

The OAG shall pay for the Firm's services at rates that are agreed to by both parties.  All hourly rates will be binding for the term of the Agreement.  All billings must be calculated in units of one-tenth of an hour.  Travel time shall not be billed.  The Firm agrees that all hourly rates shall include all fixed overhead costs including but not limited to expenses for word processing, secretarial or clerical work, research costs (i.e. Lexis or Westlaw charges) or reference librarians.  Any billings for actual expenses incurred by the Firm (i.e. disbursements) must be substantiated and documented.

III. Work Assignment

The Firm shall keep the OAG's Counsel informed of the nature, scope and time frame for all assignments undertaken by the Firm prior to the commencement of the assignment.  The Firm shall not research or prepare legal analyses or other written work products with a projected value of One Thousand Dollars ($1,000.00) or greater without the prior written consent of the Counsel. For projects under One Thousand Dollars (1,000.00), verbal consent of the Counsel will suffice, but in no instance shall projects be commenced without the knowledge of Counsel. When a written work product is prepared, a final copy or, if no final copy is yet available, a current draft of such written work product, shall be provided to the Counsel prior to the Firm's submission of any bill that includes work time expended on its preparation.  In addition, a copy of such written work product shall be provided to the Counsel at or prior to the time it is shared with or transmitted to any OAG officials or employees.

IV.  Calculations of Costs in Estimating Work and Case Assignments

A.   *Staff allocation*

The Firm agrees to assign personnel who are qualified and experienced litigators.  Likewise, the OAG shall not be billed at a partner's hourly rate when one of the Firm's associates could have reasonably worked on and/or properly handled an issue.  In all cases, work should be assigned to the least costly qualified person in the Firm available to handle the task. The Firm agrees that each of its associates, paralegals, interns or legal assistants assigned to the OAG's work shall make a clear contribution, although nothing in this section or elsewhere should be construed to require creation of written work product where the Firm, in its professional judgment, would not otherwise do so.  The OAG and the Firm agree that whenever possible, associates and legal assistants shall be utilized to replace partners' time and reduce total billings.  However, both parties also recognize that the utilization of a lawyer with expertise in

1

a particular area of law will eliminate the necessity of extensive research. The OAG and the Firm agree that no additional staff will be added to a work assignment prior to consultation with the OAG's Counsel. The Firm should seek to limit, to the extent possible, the number of internal conferences and meetings between members of the Firm that are billed to the OAG. Additionally, the Firm shall obtain approval, in advance, from the OAG where more than one member of the Firm attends a particular outside meeting, court appearance or other such matter.

B.    *Overtime Billing*

The Firm shall not bill for overtime since it is expected that any work assigned will be conducted during normal business hours.

C.    *Changes in Staff*

In the event the Firm is forced to make a staff change of anyone assigned to a OAG case or matter, the Firm will not bill the OAG for any time expended by the new staff of the Firm becoming acquainted with such area of law or matter.

D.    *Fax Charges and E-mail*

The Firm is directed to use e-mail as the preferred mode of communication. Any attachments to e-mail documents should be formatted in Microsoft Word, Excel or Power Point. The Firm is directed not to duplicate costs by mailing a document that has been emailed unless specifically requested by the OAG's Counsel.

The OAG agrees to pay actual telephone line charges for faxes sent. The OAG will not pay both phone line charges and a flat fee in connection with out-going faxes. The OAG will not pay for maintenance, paper or operator costs, because such items should be included in the Firm's cost of doing business.

E.    *Telephone Charges*

The Firm agrees not to bill the OAG for any local telephone calls and further agrees it will bill the OAG for any long distance calls at the rate the Firm has been billed.

F.    *Electronic Research*

The Firm agrees that computer legal research tools such as Lexis-Nexis or Westlaw, shall be used judiciously to minimize costs to the OAG. The Firm acknowledges and agrees that it was selected because of its expertise in the subject area. Paralegal or attorney time spent performing computerized legal research shall be at the same rates as the Firm's hourly charges for professional services.

G.    *Next Day Mail Charges*

The OAG agrees to pay for any documented next day mail service, courier or other delivery fees that are incurred by the Firm, but only provided such transmission of documents is necessary.

GAMC-T1-054950

H.     *Document Duplication Fees*

The Firm agrees that it will prudently direct the duplication of documents. The OAG authorizes the Firm to employ less expensive, commercial copy vendors when practicable. The OAG agrees to reimburse special expenditures for such copying at the cost it was invoiced. The Firm is instructed to send only one set of documents to the OAG's Counsel, as that office will be responsible for making any additional copies.

I.     *Travel*

The OAG will authorize any required travel by the Firm. The OAG will reimburse for actual, necessary and reasonable travel expenses that have been incurred. Reasonable travel expenses shall be defined as coach class airfare, reasonable taxi charges and other ground transportation expenses, and hotel accommodations, in accordance with rates set forth for travel reimbursement by the Office of the New York State Comptroller, available at http://www.osc.state.ny.us/agencies/travel/reimbrate.htm. The OAG does not agree to accept charges incurred by the Firm for meals, movies, personal telephone charges, entertainment or garment cleaning. Mileage will not be paid in excess of the amount allotted by the Internal Revenue Service for income tax purposes. In those situations where the Firm is also attending meetings or working on a non-OAG related matter, it shall prorate all travel charges and apportion equitably the costs of such travel and other incidental charges among clients.

J.     *Professional Services*

The Firm must obtain permission from the OAG prior to retaining any professional services that may be necessary to perform its duties under the terms of this Agreement.

K.     *Non Billable Charges*

In addition to billing restrictions above, the Firm agrees not to bill the OAG any overhead costs of doing business, including apportioned rent or utility costs, charges for conference rooms, filing space, the use of library facilities and meals.

The Firm further agrees not to bill the OAG for any of the following:

    (1)    any form of labeling;
    (2)    organization, filing and warehousing of the OAG's documents internally within the Firm;
    (3)    consolidation of documents, i.e., binders; and
    (4)    word processing or other mechanical means of document preparation.

V.  Monthly Statements

Each matter handled by the Firm will be itemized and explained individually with the fees and disbursements for each type of activity contained in the bill. Each such monthly bill shall include:

3

GAMC-T1-054951

(i)     a caption containing the matter name;

(ii)    the name, job title and billing rate of each professional who worked on the matter during the past calendar month, as well as each individual's total hours and total fees;

(iii)   Identification of the professional in the Firm who performed the service, including but not limited to the date and the amount of time expended, calculated to the nearest quarter of an hour.  The OAG will not accept bills that only provide per person daily totals of time.  All references in bills to meetings, telephone calls, internal discussions etc. shall specifically identify the subject matter of the meeting, etc;

(iv)    Incidental Charges are to be listed separately from fees and each such charge shall be separately listed, e.g. long distance telephone charges and document copying charges and described with reasonable specificity.  Any time expended by the Firm in preparing the billing, reviewing or discussing billing related issues with the OAG may not be billed to the OAG.

## VI. Audit Procedures

The OAG, the Office of the Attorney General, and the Office of the New York State Comptroller retain the right to audit legal bills related to this matter for a period of six years from the date of the last billing.  The OAG reserves the right to examine all underlying billing documentation, including but not limited to original receipts and time records.

GAMC-T1-054952

**EXHIBIT C**
**COST PROPOSAL**

HOURLY RATES
(includes all discounts)

| TITLES | RATE |
|---|---|
| Principal/Senior Partner | $750 |
| Mid-Level Partner | $575 |
| Junior Partner/Counsel | $500 |
| Senior Associate | $450 |
| Junior Associate | $325 |
| Paralegal | $125 |

GAMC-T1-054953

| From: | Maggi, Benjamin |
|---|---|
| To: | Purchase; Contract Approval |
| Subject: | Approved - RE: OAG - C105803 - Cleary Gottlieb Steen & Hamilton LLP - Supplemental Agreement No. 2 |
| Date: | Friday, August 5, 2022 4:30:20 PM |

Approved as to Form: 8/05/2022 by Benjamin Maggi
Received: 8/05/2022

OAG: CAS please file and enter. "P"     Amount: 1,300,040

Reminder: Agencies must forward the contract approved by the OAG Contract Approval Section along with the email in which the OAG Contract Approval Section approved the contract, to OSC via the Comptroller's EDSS system. If you are not enrolled in the EDSS system and have not made alternative arrangements with OSC on how to submit your transaction, please contact OSC at 518-408-4672 or email ITServiceDesk@osc.ny.gov.

Benjamin L. Maggi
Section Chief
Contract Approval Section
New York State Office of the Attorney General
Contract Approval Section
The Capitol, Albany, NY 12224

ATTORNEY CLIENT PRIVILEGED/NOT FOR DISSEMINATION
The information contained in this electronic mail message is privileged and confidential and intended only for the individual or individuals named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please reply to the sender immediately to notify us of the error and delete the original message. Thank you.

---

**From:** Purchase <Purchase@ag.ny.gov>
**Sent:** Friday, August 5, 2022 9:57 AM
**To:** Contract Approval <contractapproval@ag.ny.gov>
**Cc:** Purchase <Purchase@ag.ny.gov>
**Subject:** OAG - C105803 - Cleary Gottlieb Steen & Hamilton LLP - Supplemental Agreement No. 2

Good morning,

The Office of the Attorney General (OAG) requests approval "As to Form" of the enclosed Supplemental Agreement No. 2 C105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

This supplement will increase the contract by $1,300,040.00 to a maximum amount of $6,719,990.00.  The Supplemental Agreement will extend the contract end date to May 31, 2023. All

other terms and conditions will remain the same.

This agreement has been reviewed by OAG Counsel's Office.

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov if you need any additional information.

Thank you,
**Joe Carucci**
Contract Management Specialist

**New York State Office of the Attorney General**
Budget and Fiscal Management Bureau (BFMB)
The Capitol | Albany, NY 12224
(518) 776-2128 | purchase@ag.ny.gov | www.ag.ny.gov

GAMC-T1-054955

**Approved Date:** 7/14/2022

**To:**        Joseph Carucci
Department of Law
Office of the Attorney General

The Capitol

Albany NY  12224-0341

**Subject:**     Extension through 5/31/2023 and increase of funds
(C105803 & C105804)

**CRER ID:**     LAW01-0000547-3600000  **Sequence No.**  0

**Determination:**   Approved

**Grounds:**     Change in Scope

**Restrictions:**    N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for an extension through 5/31/2023 and increase of funds for contracts C105803 & C105804 has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

Sincerely,

BRIAN J FULLER
518-474-6494
bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

**GAMC-T1-054956**

August 19, 2022

Bureau of Contracts
Office of the State Comptroller
110 State Street, 11th Floor
Albany, NY 12236

Dear Bureau of Contracts:

The Office of the Attorney General (OAG) requests approval of the enclosed Supplemental Agreement No. 2 for C105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

This supplement will increase the contract by $1,300,040.00 to a maximum amount of $6,719,990.00. The Supplemental Agreement will extend the contract end date to May 31, 2023. All other terms and conditions will remain the same.

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov if you need any additional information.

Sincerely,

*Joseph A. Carucci*

Joseph A. Carucci
Contract Management Specialist

| Report ID: | NYCA1673 | State of New York | Page No: | 1 |
| | | Statewide Financial System | Run Date: | 8/18/2022 |
| | | Procurement Contract Request | Run Time: | 03:33 PM |

**Single Transaction Summary**

| BUSINESS UNIT | DOCUMENT TYPE | AUDIT TYPE |
|---|---|---|
| LAW01 | Proc Contract Amendment | EBV |

| Business Unit (Name) | Contract No | Sequence # |
|---|---|---|
| Department of Law | C105803 | 4 |

| Contract ID : 0000000000000000000088368 | Version # : 5 |
|---|---|

| Dept ID | Department Name |
|---|---|
| 3600000 | LAW01-Department of Law_BD |

**Supplier ID**

1000013595

**Supplier Name**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

| Transaction Amount | Begin Date (MM/DD/YYYY)    to    Expire Date (MM/DD/YYYY) |
|---|---|
| $1,300,040.00 | 05/31/2023 |

| Bid Date (MM/DD/YYYY) | Renewal Amendment Beginning Date (MM/DD/YYYY) |
|---|---|
| | |

| Pre-Encumbrance Amt: | NY State Contract Descr: |
|---|---|
| | Outside Counsel Services |

**Description**

LAW01-C105803-3600000

**Provisions**

| Preparer's Signature | Preparer's Phone No |
|---|---|
| CARUCCI,JOSEPH | 518-776-2128 |

| Agency Finance Officer's Signature | Date |
|---|---|
| | |

| Reporting Code | Method of Award | Number of Bids | Special Code |
|---|---|---|---|
| | | | |

| Date Received | Date Approved | Date Rejected | Auditor's Initials |
|---|---|---|---|
| | | | |

**Intended Encumbrance**

| Amount |
|---|
| $1,300,040.00 |

**GAMC-T1-054958**

OFFICE OF THE STATE COMPTROLLER - BUREAU OF CONTRACTS
# VENDOR RESPONSIBILITY PROFILE

## Part I – Contract Information - *Complete for all transactions.*

| 1. Business Unit LAW01 | 2. Department ID # 3600000 | 3. Department Name NYS Office of the Attorney General | |
|---|---|---|---|
| 4. Contract/PO # C105803 | 5. Amendment Sequence # 2 | 6. Transaction Amount $1,300,040.00 | 7. Total Contract Value $6,719,990.00 |
| 8. Vendor Name Cleary Gottlieb Steen & Hamilton LLP | | 9. NYS Vendor ID # 1000013595 | 10. Taxpayer ID/EIN # 135599083 |

11. Contractor Type:  ☒ Prime Contractor   ☐ Subcontractor

12. Contract Description
Outside Counsel Services for investigation into the Governor - Supp. No. 2

13. State contracting entity contact for this transaction – Name, Phone, Email
Joseph A. Carucci, 518-776-2128, purchase@ag.ny.gov

14. Were any issues disclosed by vendor and/or found by State contracting entity?  ☐ Yes   ☒ No
(If "Yes," provide details using Attachment A, Item 1.)

15. If this is a new contract or renewal, has the vendor's documentation of New York State Workers' Compensation and Disability Benefits coverage or exemption been verified as accurate, up-to-date, **and included** as part of the procurement package as outlined in GFO XI.18.G?  ☒ Yes   ☐ No   ☐ N/A  (If "No," provide details using Attachment A, Item 2.)

## Part II – Vendor Disclosure and State Contracting Entity Process – *Complete for a new contract valued at $100,000 or more, or an amendment that brings total approved amount to $100,000 or more for the first time.*

16. Identify disclosures used in this review that were **provided by the vendor.** Check all that apply and attach all pertinent items. (**Information found on the VendRep System should NOT be printed for OSC.**)

☒ Online VendRep Questionnaire
Date Certified: 7/26/2022

☐ Hard Copy Questionnaire (Must attach, if used)
Date Certified:

☐ Financial Statements     ☐ Solicitation Document Responses     ☐ Vendor Correspondence

☐ Other Vendor Disclosure - Describe:

*All reviews must be thorough and comprehensive to mitigate any risks to public funds or services.*

17. Is a description of the **State contracting entity's process** included in Attachment A, Item 2?  ☒ Yes   ☐ No
If "No," explain:

## Part III – State Contracting Entity Responsibility Determination

The above named contracting entity has undertaken an affirmative review of the proposed contractor's responsibility and, based upon such review, has reasonable assurance that the proposed contractor is:

☒ Responsible   ☐ Non-Responsible

| Signature *Joseph A. Carucci* | Date: 8/19/2022 |
|---|---|
| Print Name:  Joseph A. Carucci | Title:  Contract Management Specialist |

GAMC-T1-054959

**Attachment A**

| Business Unit # LAW01 | Department ID # 3600000 |
|---|---|
| Contract/PO # C105803 | Amendment Sequence # 2 |
| Vendor Name Cleary Gottlieb Steen & Hamilton LLP | NYS Vendor ID # 1000013595 |

**Item 1:   Issue Detail**

*For each issue* disclosed by the vendor or found by the State contracting entity, describe the issue and its resolution.

> *Note:* In the "Resolution" field, include the State contracting entity's assessment of the issue, its relevance to the vendor's responsibility for this procurement (including any supporting reasons), and any corrective or mitigating actions taken by the State contracting entity or vendor in response to the issues (attach additional pages if necessary).  ***If the State contracting entity believes the issue has no impact on this transaction, state the <u>reason(s)</u> justifying such statement.***

| Issue Description | State Contracting Entity Resolution |
|---|---|
| 1. | |
| 2. | |
| 3. | |

**Item 2:  State Contracting Entity Process**

Describe the steps ***taken by the State contracting entity*** to determine vendor responsibility including consideration of the vendor disclosures and the independent State contracting entity research, including but not limited to, internet sources, contracting entity records, and internal or external communication. If a Resource Checklist was used, it is acceptable to submit the completed list in lieu of describing the process.

> *Note:* Do **not** submit copies of website search results or information found on the VendRep System.

| |
|---|
| Legal/Regulatory Authority to Do Business - Search of NYS DOL and NYS WCB debarment list returned no results |
| Integrity - Search of Federal Contractor Misconduct Database returned no results |
| Financial and Organizational Capacity - Search of NYS Tax Warrant Notice system returned no results |
| Performance - Search of Better Business Bureau returned no results |

**OFFICE OF THE STATE COMPTROLLER**
**BUREAU OF CONTRACTS**
**GOVERNMENTAL ENTITY REPRESENTATION CONCERNING COMPLIANCE**
**WITH STATE FINANCE LAW §§139-j AND 139-k**

**Department ID:**        3600000
**Agency/Authority Name:**  Department of Law
**Contractor Name:**     **Cleary Gottlieb Steen & Hamilton LLP**
**Contract No. or P.O. No.:**  C105803
**Amendment Sequence No.: 2**

I am a duly authorized representative of the above governmental entity. To the best of my knowledge, information and belief, pursuant to the requirements of State Finance Law (SFL) §§139-j and 139-k, the governmental entity for this procurement has:

- Issued and complied with its policies and procedures with respect to permissible contacts and any determinations made for violations thereof and has included such policies and procedures as part of the solicitation/bid documents;

- Issued policies and procedures in connection with the recording of all "contacts" received during the "restricted period" as those terms are defined under SFL §§ 139-j and 139-k, and is now aware of any "contacts" that were not recorded as required and included in the procurement record submitted to OSC;

- Received from all offerers the required (i) disclosure regarding prior findings of non-responsibility for violations of SFL §§139-j or 139-k; (ii) written affirmation of understanding and agreement to comply with the governmental entity's policies and procedures relating to permissible contacts;

- If any offerors have disclosed a prior finding of non-responsibility for violations of §§139-j or 139-k, I have noted them below:

  \_\_\_\_\_

  \_\_\_\_\_

- Received from the winning vendor a certification as to the completeness, truth and accuracy of all information provided to the governmental entity and included such documentation in the procurement record submitted to OSC;

- Included in the contract a provision authorizing termination if the certification referenced above is found to be intentionally false or intentionally incomplete;

- Reviewed the New York State Office of General Services published list of non-responsible and debarred vendors for violations of SFL §§139-j and 139-k and considered such information in its determination of responsibility of the proposed vendor;

**GAMC-T1-054961**

- Except as otherwise indicated, found no knowing and willful violations of the requirements regarding permissible contacts or other provisions of SFL §§139-j or 139-k;

- If applicable, documented in the procurement record submitted to OSC (i) the basis for finding the proposed vendor in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such vendor; and (iii) that such finding was reported to OGS, as required;

Based upon the above information and representations, the governmental entity has determined, for purposes of SFL §§139-j and 139-k only that the proposed vendor for the above identified governmental procurement is:

☒ Responsible          ☐ Non-responsible

*(This responsibility determination by the governmental entity must also be reported on the Vendor Responsibility Profile, if one is required for this transaction.)*

- If applicable, documented in the procurement record submitted to OSC the basis for awarding a contract to the proposed vendor notwithstanding the governmental entity's determination that the proposed vendor is non-responsible for violations of SFL §§139-j or 139-k.

- Documented in the procurement record submitted to OSC (i) the basis for finding any other offerer in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such offerer; and (iii) that such finding was reported to OGS, as required.

Name(s) and Federal Identification number(s) of such Offerer(s)

_____
_____
_____

08/19/2022          *Joseph A. Carucci*
Date                  Authorized Signatory

Name: Joseph A. Carucci          Contract Management Specialist
    (printed or typed)          Title

Direct Telephone Number (including area code): (518) 776-2128

E-mail Address: purchase@ag.ny.gov

Mailing Address: State Capitol, BFMB, Albany, NY 12224

GAMC-T1-054962

NYS OFFICE OF THE ATTORNEY GENERAL  PROCUREMENT LOBBYING FORM

## I.  INTRODUCTION

The Guidelines have been issued pursuant to the New York State Finance Law, which prohibits lobbying on procurement contracts. The Guidelines, which apply to all Office of Attorney General (OAG) procurement contracts, limit communications between offerers and the OAG during the Restricted Period of a Governmental Procurement. During the Restricted Period, an Offerer may only communicate with the person or persons designated by the OAG to receive communications regarding such Governmental Procurement.

## II.  STATUTORY DEFINITIONS[1]

**Article of Procurement:** A commodity, service, technology, public work, construction, revenue contract, the purchase sale or lease of real property or an acquisition or granting of an interest in real property that is the subject of a governmental procurement.

**Contact:** Any oral, written or electronic communication with the OAG under circumstances where a reasonable person would infer that the communication was intended to influence the governmental procurement.

**Governmental Entity:** All New York State agencies and authorities, both houses of the Legislature, the Unified Court System, municipal agencies and their respective employees.

**Governmental Procurement:** shall mean: (i) the preparation of terms of the specifications, bid documents, requests for proposals, or evaluations criteria for a procurement contract, (ii) solicitation for a procurement contract, (iii) evaluation of a procurement contract, (iv) award, approval, denial or disapproval of a procurement contract, or (v) approval or denial of an assignment, amendment (other than amendments that are authorized and payable under the terms of the procurement contract as it was finally awarded or approved by the Comptroller, as applicable), renewal or extension of procurement contract, or any other material change in the procurement contract resulting in a financial benefit to the offerer.

**Offerer:** The individual or entity, or any employee agent or consultant or person acting on behalf of such individual or entity, that communicates with the OAG about a **Governmental Procurement** or seeks to participate in a **Governmental Procurement**.

**Procurement Contract:** Any contract or other agreement for an **Article of Procurement** involving an estimated annualized expenditure in excess of $15,000. Grants, Article 11-B State Finance Law Contracts, Intergovernmental Agreements, Railroad and Utility Force Accounts, Utility Relocation Project Agreements or Orders of Eminent Domain Transactions shall not be deemed **Procurement Contracts** in these Guidelines.

**Restricted Period:** The period of time commencing with the earliest date of written notice, advertisement or solicitation of a request for proposal, invitation for bids, or solicitation of proposals, or any other method for soliciting a response from Offerers intending to result in a **Procurement Contract** with the OAG and, ending with the final contract award and approval by, where applicable, the Office of the State Comptroller.

## III.  EXEMPTIONS

Certain communications are exempt from the Guidelines. These include: (i) submissions in response to an invitation for bid, a request for proposal or other solicitation, (ii) submissions of written questions to a designated contact set forth in an invitation for bid, request for proposal or other solicitation, (iii) participation in a conference provided for in an invitation for bid, request for proposal or other solicitation, (iv) contract negotiations, (v) inquiries regarding the factual status of a **Procurement Contract**, and (vi) complaints and protests regarding the procurement process and outcome.

In addition, any communication received by the OAG from members of the New York State Legislature or the Legislative Staff, when acting in their official capacity, shall not be considered a **Contact**.

## IV.  VIOLATIONS

A violation of these Guidelines occurs when there is a **Contact** during the **Restricted Period** between the **Offerer** and someone other than the person or persons designated by the OAG to receive communications for the particular **Governmental Procurement**. This includes instances where the **Offerer Contacts** the OAG regarding **Governmental Procurements** of other **Governmental Entities**.

Attempts by an **Offeror** to influence a **Governmental Procurement** in a manner that would result in a violation of the Public Officer's Law, the Executive Orders of the Attorney General, or any other applicable ethics code shall also be a violation of these Guidelines.

## V.  PROCEDURES

A.  Notifying Vendors of Procurement Lobbying Guidelines
  1.  For each **Procurement Contract**, the OAG Budget and Fiscal Management Bureau will designate a person or persons to receive communications from **Offerers** concerning the **Procurement Contract**.
  2.  The OAG Purchasing Team will incorporate a summary of the policy and prohibitions regarding permissible communications during a **Governmental Procurement** in its documents relating to the **Procurement Contract** and provide a copy of these Guidelines.
  3.  The OAG Purchasing Team shall seek written affirmation from all **Offerers** as to the **Offerer's** understanding of and compliance with these Guidelines (Appears at the end of this guideline).

B.  Making Determinations of Responsibility
  1. Prior to award of a **Procurement Contract**, the OAG must make a responsibility determination with respect to the **Offerer** to be recommended for the award of the contract based upon, among other things, the information supplied by that **Offerer**. The **Offerer** must disclose in the Vendor Responsibility Questionnaire whether it has been found non-responsible within the last five years by any **Governmental Entity** for: (1) failure to comply with State Finance Law §139-j, or (2) the intentional provision of false or incomplete information. This disclosure must be certified by the **Offerer** and must affirmatively state that the information supplied by the **Offerer** to the OAG is complete, true and accurate (Appears at the end of this guideline).
  2. The **Procurement Contract** shall include a provision allowing the OAG to terminate the contract if the certification is subsequently found to be incomplete, false or inaccurate. Admissions by the **Offerer** of past findings of non-responsibility may constitute a basis for rejection of

GAMC-T1-054963

the Offerer by the OAG. The OAG can award a contract to the **Offerer** despite the past findings of non-responsibility if it determines that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

C. Recording Contacts

1. All OAG employees must record any **Contact** from any person or entity. **Contacts** may be initiated by parties with an interest in the procurement that are not necessarily connected directly to the **Offerer**. **Contacts** may come in the form of telephone conversations, correspondence, electronic mail and person-to-person discussions. The Record of Contact Form should be used to record all **Contacts**.

2. Examples of **Contacts** for which a Record of Contact must be completed include:

   a. During the **Restricted Period**, an **Offerer Contacts** an OAG employee (other than the employee designated to receive such communications) to discuss the **Offerer's**, cost-competitiveness or its suitability to be selected for a contract

   b. A court reporter, expert witness or any other vendor offers an OAG employee a gift of any monetary value during the **Restricted Period.**

3. Examples of permissible communications for which there is no need to prepare Record of Contact include:

   a. Inquiries as to the status of the procurement process
   b. Requests to be included on the OAG's **Offerer's** list
   c. Receipt of advertising material
   d. Intra-agency communications of administrative details concerning the procurement
   e. Responses to OAG issued Requests for Information
   f. Written questions submitted by **Offerers** regarding a solicitation during the allowable time period of a competitive procurement
   g. Complaints about the procurement process or outcome
   h. Participation in an **Offerer's** conference as provided in a request for proposal or invitation for bid
   i. Submission of a bid in response to a request for proposal or invitation for bid
   j. Contract negotiations
   k. Debriefing of a **Offerer** after a contract award has been made

4. If an OAG employee is in doubt about whether a communication was intended to influence the **Governmental Procurement**, he/she should record the communication on the Record of Contact Form and submit it to ProcurementLaw@OAG.State.NY.US for further investigation

5. The OAG Purchasing Team will be required to include all Records of Contact in the procurement record for the related **Procurement Contract**.

D. Investigation of Contacts/ Penalties for Violations

1. All reported **Contacts** will be immediately investigated by the OAG Ethics Officer or his or her designee. If the OAG Ethics Officer finds sufficient cause to believe that an **Offerer** has violated these Guidelines, the **Offerer** will be notified in writing of the investigation and will be afforded an opportunity to respond to the alleged violation. Investigations will be completed as soon as practicable so as

not to delay the progress of the **Governmental Procurement**.

2. If the OAG Ethics Officer should find at the conclusion of the investigation that the **Offerer** knowingly and willfully made prohibited **Contact** in violation of these Guidelines, then the **Offerer** shall be disqualified as non-responsible, unless the OAG makes a finding that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

[1]Defined terms in bold

---

**Expert Understanding & Compliance with State Finance Law Section 139-j & 139-k:**

Expert affirms that it understands and agrees to comply with the procedures of the Office of the Attorney General relative to permissible contacts as required by State Finance Law Section 139-j (3) and Section 139-j (6) (b); and that all information provided to the Office of the Attorney General, with respect to State Finance Law Section 139-k is complete, true and accurate.

Signed By: _____

Date: July 26, 2022 _____

Name (Print): Joon H. Kim _____

Title: Partner _____

Expert Name:

_____

Expert Address:

_____
_____
_____

---

**Expert Disclosure of Prior Non-Responsibility Determinations:**

Has any NYS agency/authority made a finding of non-responsibility regarding the Offerer in the last 5 years?:
☐ Yes  ☑ No

Has any NYS agency/authority terminated a procurement contract with the Offerer due to intentional provision of false or incomplete information?:
☐ Yes  ☑ No

If "Yes" to either/both questions, please provide details; such as: NYS Agency/Authority, Basis for Finding, Year of Finding/Termination, and Facts Underlying Finding/Termination.

GAMC-T1-054964

AC 3290-S (Rev. 03/2022)

NYS Vendor ID: 000000000

## NEW YORK STATE
## VENDOR RESPONSIBILITY QUESTIONNAIRE
## FOR-PROFIT BUSINESS ENTITY

You have selected the For-Profit Non-Construction questionnaire which may be printed and completed in this format or, for your convenience, may be completed online using the New York State VendRep System.

### COMPLETION & CERTIFICATION

The person(s) completing the questionnaire must be knowledgeable about the vendor's business and operations. An owner or owner's official representative authorized to legally bind the Reporting Entity must certify the truth of the questionnaire answers.

### NEW YORK STATE VENDOR IDENTIFICATION NUMBER (VENDOR ID)

The Vendor ID is a ten-digit identifier issued by New York State when the vendor is registered on the Statewide Vendor File. This number must now be included on the questionnaire. If the business entity has not obtained a Vendor ID, contact the IT Service Desk at ITServiceDesk@osc.state.ny.us or call 866-370-4672.

### DEFINITIONS

All underlined terms are defined in the "New York State Vendor Responsibility Definitions List," found at https://www.osc.state.ny.us/files/vendors/2017-11/vendor-questionnaire-definitions.pdf. These terms may not have their ordinary, common or traditional meanings. Each vendor must read the respective definitions for any and all underlined terms. By submitting this questionnaire, the vendor agrees to be bound by the terms as defined in the "New York State Vendor Responsibility Definitions List" existing at the time of certification.

### RESPONSES

Every question must be answered fully. Each response must provide **all** relevant information to appropriately explain the answer. If you have concerns as to the legal requirements behind your answers, please seek clarification from your counsel. However, information regarding a determination or finding made in error which was subsequently corrected or overturned, and/or was withdrawn by the issuing government entity is not required to be identified. Individuals and Sole Proprietors may use a Social Security Number but are encouraged to obtain and use a federal Employer Identification Number (EIN).

### REPORTING ENTITY

Each vendor must indicate if the questionnaire is filed on behalf of the entire Legal Business Entity or an Organizational Unit within or operating under the authority of the Legal Business Entity and having the same EIN. Generally, the Organizational Unit option may be appropriate for a vendor that meets the definition of "Reporting Entity" but due to the size and complexity of the Legal Business Entity, is best able to provide the required information for the Organizational Unit, while providing more limited information for other parts of the Legal Business Entity and Associated Entities.

### ASSOCIATED ENTITY

An Associated Entity is one that owns or controls the Reporting Entity, or any entity owned or controlled by the Reporting Entity. However, the term Associated Entity does **not** include "sibling organizations" (i.e., entities owned or controlled by a parent company that owns or controls the Reporting Entity), unless such sibling entity has a direct relationship with or impact on the Reporting Entity. Please refer to the Definitions List for the complete definition.

### STRUCTURE OF THE QUESTIONNAIRE

The questionnaire is organized into eleven sections. Section I is to be completed for the Legal Business Entity. Section II requires the vendor to specify the Reporting Entity for the questionnaire. Section III refers to the individuals of the Reporting Entity, while Sections IV-VIII require information about the Reporting Entity. Section IX pertains to any Associated Entities, with one question about their Officials/Owners. Section X relates to disclosure under the Freedom of Information Law (FOIL). Section XI requires an authorized contact for the questionnaire information.

GAMC-T1-054965

AC 3290-S (Rev. 03/2022)

NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| I. LEGAL BUSINESS ENTITY INFORMATION | |
|---|---|

| Legal Business Entity Name*<br>Cleary Gottlieb Steen & Hamilton LLP | EIN<br>Federal Tax ID: 13-5599083 |
|---|---|

Address of the Principal Place of Business (street, city, state, zip code)
One Liberty Plaza
New York NY 10006

New York State Vendor Identification Number
1000013595

| Telephone<br>+1 (212) 225-2000  Ext. | Fax |
|---|---|

Email
Risk@cgsh.com

Website
https://www.clearygottlieb.com/

Additional Legal Business Entity Identities:  If applicable, list any other DBA, Trade Name, Former Name, Other Identity, or EIN used in the last five (5) years and the status (active or inactive).

| Type | Name | EIN | Status |
|---|---|---|---|
| Not applicable | Not applicable | Not applicable | Not applicable |
| | | | |

1.0 Legal Business Entity Type – Check appropriate box and provide additional information:

| ☐ Corporation (including PC) | Date of Incorporation |
|---|---|
| ☐ Limited Liability Company (LLC or PLLC) | Date of Organization |
| ☑ Partnership (including LLP, LP or General) | Date of Registration or Establishment  The Firm was founded January 1, 1946. |
| ☐ Sole Proprietor | How many years in business? |
| ☐ Other | Date Established |

If Other, explain:

| 1.1 Was the Legal Business Entity formed or incorporated in New York State? | ☑ Yes ☐ No |
|---|---|

If 'No,' indicate jurisdiction where Legal Business Entity was formed or incorporated and attach a Certificate of Good Standing from the applicable jurisdiction or provide an explanation if a Certificate of Good Standing is not available.

☐ United States    State    _____

☐ Other    Country    _____

Explain, if not available:

| 1.2 Is the Legal Business Entity publicly traded? | ☐ Yes ☑ No |
|---|---|

If "Yes," provide CIK Code or Ticker Symbol

| 1.3 Does the Legal Business Entity have a DUNS Number? | ☑ Yes ☐ No |
|---|---|

If "Yes," Enter DUNS Number 071013270

*All underlined terms are defined in the "New York State Vendor Responsibility Definitions List," which can be found at https://www.osc.state.ny.us/files/vendors/2017-11/vendor-questionnaire-definitions.pdf

GAMC-T1-054966

AC 3290-S (Rev. 03/2022)

NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| I. LEGAL BUSINESS ENTITY INFORMATION |  |
|---|---|
| 1.4 If the Legal Business Entity's Principal Place of Business is not in New York State, does the Legal Business Entity maintain an office in New York State? <br> (Select "N/A," if Principal Place of Business is in New York State.) | ☐ Yes  ☐ No <br> ☑ N/A |
| If "Yes," provide the address and telephone number for one office located in New York State. |  |
| 1.5 Is the Legal Business Entity a New York State certified Minority-Owned Business Enterprise (MBE), Women-Owned Business Enterprise (WBE), Service-Disabled Veteran-Owned Business (SDVOB), New York State Small Business (SB) or a federally certified Disadvantaged Business Enterprise (DBE)? <br><br> If "Yes," check all that apply: <br> ☐ New York State certified Minority-Owned Business Enterprise (MBE) <br> ☐ New York State certified Women-Owned Business Enterprise (WBE) <br> ☐ New York State certified Service-Disabled Veteran-Owned Business (SDVOB) <br> ☐ New York State Small Business (SB) <br> ☐ Federally certified Disadvantaged Business Enterprise (DBE) | ☐ Yes  ☑ No |

1.6 Identify Officials and Principal Owners of the Reporting Entity, if applicable. For each person, include name, title, date of birth, and percentage of ownership. For each Business Entity that is a Principal Owner, include name, address, EIN, and percentage of ownership. Identify all Business Entities owning 25% or more of the Reporting Entity and include name, address, EIN and percentage of ownership. Attach additional pages if necessary. If applicable, reference to relevant SEC filing(s) containing the required information is optional. Each Business Entity identified as a Principal Owner must also submit a vendor responsibility questionnaire.

If there is no person or Business Entity that owns 25% or more of the Reporting Entity (or 10% or more if the Reporting Entity is publicly traded), check here. ☑

| Name of Officials and Principal Owners (for each person, please include a middle initial) | Title | Date of Birth | Percentage Ownership (*Enter 0% if not applicable*) |
|---|---|---|---|
| Please see Appendix A listing all Cleary Gottlieb partners by office. | Partner | | None of our Firm partners holds an ownership interest in the Firm of 5% or more. |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Name of each Business Entity owning 25% or more of Reporting Entity | Address | EIN | Percentage Ownership |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**GAMC-T1-054967**

AC 3290-S (Rev. 03/2022)                                                    NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| II. REPORTING ENTITY INFORMATION |
|---|

2.0 The <u>Reporting Entity</u> for this questionnaire is:

    Note:  Select only one.

    ■ Legal Business Entity

       *Note:  If selecting this option, "Reporting Entity" refers to the entire Legal Business Entity for the remainder of the questionnaire. (SKIP THE REMAINDER OF SECTION II AND PROCEED WITH SECTION III.)*

    ☐ Organizational Unit within and operating under the authority of the Legal Business Entity

       SEE DEFINITIONS OF "REPORTING ENTITY" AND "ORGANIZATIONAL UNIT" FOR ADDITIONAL INFORMATION ON CRITERIA TO QUALIFY FOR THIS SELECTION.

       *Note:  If selecting this option, "Reporting Entity" refers to the Organizational Unit within the Legal Business Entity for the remainder of the questionnaire. (COMPLETE THE REMAINDER OF SECTION II AND ALL REMAINING SECTIONS OF THIS QUESTIONNAIRE.)*

| IDENTIFYING INFORMATION | |
|---|---|
| a)  <u>Reporting Entity</u> Name | |
| Address of the <u>Primary Place of Business</u> (street, city, state, zip code) | Telephone<br><br>              ext. |

| | |
|---|---|
| b)  Describe the relationship of the <u>Reporting Entity</u> to the <u>Legal Business Entity</u> | |
| c)  Attach an <u>organizational chart</u> | |
| d)  Does the Reporting Entity have a <u>DUNS</u> Number? | ☐ Yes   ☐ No |
| If "Yes," enter <u>DUNS</u> Number | |
| e)  Identify the designated manager(s) responsible for the business of the <u>Reporting Entity</u>.<br>*For each person, include name and title.  Attach additional pages if necessary.* | |

| Name | Title |
|---|---|
| | |
| | |

GAMC-T1-054968

AC 3290-S (Rev. 03/2022)                                                                 NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

**INSTRUCTIONS FOR SECTIONS III THROUGH VII**

For each "Yes," provide an explanation of the issue(s), relevant dates, the government entity involved, any remedial or corrective action(s) taken and the current status of the issue(s). For each "Other," provide an explanation which provides the basis for not definitively responding "Yes" or "No." Provide the explanation at the end of the section or attach additional sheets with numbered responses, including the Reporting Entity name at the top of any attached pages.

### III. LEADERSHIP INTEGRITY

*Within the past five (5) years, has any current or former reporting entity official or any individual currently or formerly having the authority to sign, execute or approve bids, proposals, contracts or supporting documentation on behalf of the reporting entity with any government entity been:*

| | | | |
|---|---|---|---|
| 3.0 <u>Sanctioned</u> relative to any business or professional permit and/or license? | ☐ Yes | ☒ No | ☐ Other |
| 3.1 <u>Suspended</u>, <u>debarred</u>, or <u>disqualified</u> from any <u>government contracting process</u>? | ☐ Yes | ☒ No | ☐ Other |
| 3.2 The subject of an <u>investigation</u>, whether open or closed, by any <u>government entity</u> for a civil or criminal violation for any business-related conduct? | ☐ Yes | ☒ No | ☐ Other |
| 3.3 Charged with a misdemeanor or felony, indicted, granted immunity, convicted of a crime or subject to a <u>judgment</u> for:<br>a) Any business-related activity; or<br>b) Any crime, whether or not business-related, the underlying conduct of which was related to truthfulness? | ☐ Yes | ☒ No | ☐ Other |

For each "Yes" or "Other" provide an explanation for the response and attach additional sheets with numbered responses if necessary:

### IV. INTEGRITY – CONTRACT BIDDING

*Within the past five (5) years, has the reporting entity:*

| | | |
|---|---|---|
| 4.0 Been <u>suspended</u> or <u>debarred</u> from any <u>government contracting process</u> or been <u>disqualified</u> on any government procurement, permit, license, concession, franchise or lease, including, but not limited to, <u>debarment</u> for a violation of New York State Workers' Compensation or Prevailing Wage laws or New York State Procurement Lobbying Law? | ☐ Yes | ☒ No |
| 4.1 Been subject to a denial or revocation of a government prequalification? | ☐ Yes | ☒ No |
| 4.2 Been denied a contract award or had a bid rejected based upon a <u>non-responsibility finding</u> by a <u>government entity</u>? | ☐ Yes | ☒ No |
| 4.3 Had a bid rejected on a <u>government contract</u> for failure to <u>make good faith efforts</u> on any <u>Minority-Owned Business Enterprise</u>, <u>Women-Owned Business Enterprise</u>, <u>Service-Disabled Veteran-Owned Business</u> or <u>Disadvantaged Business Enterprise</u> goal or <u>statutory affirmative action requirements</u> on a previously held contract? | ☐ Yes | ☒ No |
| 4.4 Agreed to a voluntary exclusion from bidding/contracting with a <u>government entity</u>? | ☐ Yes | ☒ No |
| 4.5 Initiated a request to withdraw a bid submitted to a <u>government entity</u> in lieu of responding to an information request or subsequent to a formal request to appear before the <u>government entity</u>? | ☐ Yes | ☒ No |

For each "Yes," provide an explanation for the response and attach additional sheets with numbered responses if necessary:

GAMC-T1-054969

AC 3290-S (Rev. 03/2022)                                                    NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| **V. INTEGRITY – CONTRACT AWARD** | | |
|---|---|---|
| *Within the past five (5) years, has the reporting entity:* | | |
| 5.0 Been <u>suspended</u>, cancelled or <u>terminated for cause</u> on any <u>government contract</u> including, but not limited to, a <u>non-responsibility finding</u>? | ☐ Yes | ■ No |
| 5.1 Been subject to an <u>administrative proceeding</u> or civil action seeking specific performance or restitution in connection with any <u>government contract</u>? | ☐ Yes | ■ No |
| 5.2 Entered into a formal monitoring agreement as a condition of a contract award from a <u>government entity</u>? | ☐ Yes | ■ No |
| For each "Yes," provide an explanation for the response and attach additional sheets with numbered responses if necessary: | | |

| **VI. CERTIFICATIONS/LICENSES** | | |
|---|---|---|
| *Within the past five (5) years, has the reporting entity:* | | |
| 6.0 Had a revocation, <u>suspension</u> or <u>disbarment</u> of any business or professional permit and/or license? | ☐ Yes | ■ No |
| 6.1 Had a denial, decertification, revocation or forfeiture of New York State certification of <u>Minority-Owned Business Enterprise</u>, <u>Women-Owned Business Enterprise</u>, <u>Service-Disabled Veteran-Owned Business</u> or federal certification of <u>Disadvantaged Business Enterprise</u> status for other than a change of ownership? | ☐ Yes | ■ No |
| For each "Yes," provide an explanation for the response and attach additional sheets with numbered responses if necessary: | | |

| **VII. LEGAL PROCEEDINGS** | | |
|---|---|---|
| *Within the past five (5) years, has the reporting entity:* | | |
| 7.0 Been the subject of an <u>investigation</u>, whether open or closed, by any <u>government entity</u> for a civil or criminal violation? | ☐ Yes | ■ No |
| 7.1 Been the subject of an indictment, grant of immunity, <u>judgment</u> or conviction (including entering into a plea bargain) for conduct constituting a crime? | ☐ Yes | ■ No |
| 7.2 Received any OSHA citation and Notification of Penalty containing a violation classified as <u>serious or willful</u>? | ☐ Yes | ■ No |
| 7.3 Had a <u>government entity</u> find a willful prevailing wage or supplemental payment violation or any other willful violation of New York State Labor Law? | ☐ Yes | ■ No |
| 7.4 Entered into a consent order with the New York State Department of Environmental Conservation, or received an enforcement determination by any <u>government entity</u> involving a violation of federal, state or local environmental laws? | ☐ Yes | ■ No |
| 7.5 Other than previously disclosed: <br> a) Been subject to fines or penalties imposed by <u>government entities</u> which in the aggregate total $25,000 or more; or <br> b) Been convicted of a criminal offense pursuant to any administrative and/or regulatory action taken by any <u>government entity</u>? | ☐ Yes | ■ No |
| For each "Yes," provide an explanation for the response and attach additional sheets with numbered response if necessary: | | |

GAMC-T1-054970

AC 3290-S (Rev. 03/2022)                                                                                 NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| VIII. FINANCIAL AND ORGANIZATIONAL CAPACITY | | |
|---|---|---|
| 8.0  Within the past five (5) years, has the <u>Reporting Entity</u> received any <u>formal unsatisfactory performance assessment(s)</u> from any <u>government entity</u> on any contract? | ☐ Yes | ■ No |
| If "Yes," provide an explanation of the issue(s), relevant dates, the <u>government entity</u> involved, any remedial or corrective action(s) taken and the current status of the issue(s).  Provide answer below or attach additional sheets with numbered responses. | | |
| 8.1  Within the past five (5) years, has the <u>Reporting Entity</u> had any <u>liquidated damages</u> assessed over $25,000 for any reason, including failure to meet <u>Minority-Owned Business Enterprise</u>, <u>Women-Owned Business Enterprise</u>, Service-Disabled Veteran-Owned Business, or <u>Disadvantaged Business Enterprise</u> goals? | ☐ Yes | ■ No |
| If "Yes," provide an explanation of the issue(s), relevant dates, contracting party involved, the amount assessed and the current status of the issue(s).  Provide answer below or attach additional sheets with numbered responses. | | |
| 8.2  Within the past five (5) years, have any <u>liens, claims</u> or <u>judgments</u> (not including UCC filings) over $25,000 been filed against the <u>Reporting Entity</u> which remain undischarged? | ☐ Yes | ■ No |
| If "Yes," provide an explanation of the issue(s), relevant dates, the Lien holder or Claimant's name(s), the amount of the <u>lien</u>(s), the current status of the issue(s), and the balance of the <u>lien</u> or <u>judgment</u> not yet paid.  Provide answer below or attach additional sheets with numbered responses. | | |
| 8.3  In the last seven (7) years, has the <u>Reporting Entity</u> initiated or been the subject of any bankruptcy proceedings, whether or not closed, or is any bankruptcy proceeding pending? | ☐ Yes | ■ No |
| If "Yes," provide the bankruptcy chapter number, the court name and the docket number.  Indicate the current status of the proceedings as "Initiated," "Pending" or "Closed."  Provide answer below or attach additional sheets with numbered responses. | | |
| 8.4  During the past three (3) years, has the <u>Reporting Entity</u> failed to file or pay any tax returns required by <u>federal</u>, state or local tax laws? | ☐ Yes | ■ No |
| If "Yes," provide the taxing jurisdiction, the type of tax, the liability year(s), the tax liability amount the <u>Reporting Entity</u> failed to file/pay and the current status of the tax liability.   Provide answer below or attach additional sheets with numbered responses. | | |
| 8.5  During the past three (3) years, has the <u>Reporting Entity</u> failed to file or pay any New York State unemployment insurance returns? | ☐ Yes | ■ No |
| If "Yes," provide the years the <u>Reporting Entity</u> failed to file/pay the insurance, explain the situation and any remedial or corrective action(s) taken and the current status of the issue(s).  Provide answer below or attach additional sheets with numbered responses. | | |
| 8.6  During the past three (3) years, has the <u>Reporting Entity</u> had any <u>government audit(s) completed</u>? | ☐ Yes | ■ No |
| a)   If "Yes," did any audit of the <u>Reporting Entity</u> identify any reported significant deficiencies in internal control, fraud, illegal acts, significant violations of provisions of contract or grant agreements, significant abuse or any <u>material disallowance</u>? | ☐ Yes | ☐ No |
| If "Yes" to 8.6 a), provide an explanation of the issue(s), relevant dates, the <u>government entity</u> involved, any remedial or corrective action(s) taken and the current status of the issue(s).  Provide answer below or attach additional sheets with numbered responses. | | |

GAMC-T1-054971

AC 3290-S (Rev. 03/2022)

NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

---

**IX. ASSOCIATED ENTITIES**

*This section pertains to any entity(ies) that either controls or is controlled by the <u>reporting entity</u>.*

*(See definition of "<u>associated entity</u>" for additional information to complete this section.)*

| | | |
|---|---|---|
| 9.0 Does the <u>Reporting Entity</u> have any <u>Associated Entities</u>?<br>Note: All questions in this section must be answered if the <u>Reporting Entity</u> is either:<br>  &ndash;  An <u>Organizational Unit</u>; or<br>  &ndash;  The entire <u>Legal Business Entity</u> which controls, or is controlled by, any other entity(ies).<br>If "No," SKIP THE REMAINDER OF SECTION IX AND PROCEED WITH SECTION X.<br>If "Yes," provide the name, address and EIN of each Associated Entity and its relationship to the <u>Reporting Entity</u>. | ☐ Yes | ■ No |
| 9.1 Within the past five (5) years, has any <u>Associated Entity</u> <u>Official</u> or <u>Principal Owner</u> been charged with a misdemeanor or felony, indicted, granted immunity, convicted of a crime or subject to a <u>judgment</u> for:<br>  a)  Any business-related activity; or<br>  b)  Any crime, whether or not business-related, the underlying conduct of which was related to truthfulness? | ☐ Yes | ☐ No |
| If "Yes," provide an explanation of the issue(s), the individual involved, their title and role in the <u>Associated Entity</u>, identify the <u>Associated Entity</u>'s name(s), <u>EIN</u>(s), primary business activity, the individual's relationship to the <u>Reporting Entity</u>, relevant dates, the <u>government entity</u> involved, any remedial or corrective action(s) taken and the current status of the issue(s). | | |
| 9.2 Does any <u>Associated Entity</u> have any currently undischarged <u>federal</u>, New York State, New York City or New York local government <u>liens</u> or <u>judgments</u> (not including UCC filings) over $50,000? | ☐ Yes | ☐ No |
| If "Yes," provide an explanation of the issue(s), identify the <u>Associated Entity</u>'s name(s), <u>EIN</u>(s), primary business activity, relationship to the <u>Reporting Entity</u>, relevant dates, the Lien holder or Claimant's name(s), the amount of the <u>lien</u>(s) and the current status of the issue(s).  Provide answer below or attach additional sheets with numbered responses. | | |
| 9.3 Within the past five (5) years, has any <u>Associated Entity</u>: | | |
|   a)  Been <u>disqualified</u>, <u>suspended</u> or <u>debarred</u> from any <u>federal</u>, New York State, New York City or other New York local <u>government contracting process</u>? | ☐ Yes | ☐ No |
|   b)  Been denied a contract award or had a bid rejected based upon a <u>non-responsibility finding</u> by any <u>federal</u>, New York State, New York City, or New York local <u>government entity</u>? | ☐ Yes | ☐ No |
|   c)  Been <u>suspended</u>, <u>cancelled</u> or <u>terminated for cause</u> (including for <u>non-responsibility</u>) on any <u>federal</u>, New York State, New York City or New York local <u>government contract</u>? | ☐ Yes | ☐ No |
|   d)  Been the subject of an <u>investigation</u>, whether open or closed, by any <u>federal</u>, New York State, New York City, or New York local <u>government entity</u> for a civil or criminal violation with a penalty in excess of $500,000? | ☐ Yes | ☐ No |
|   e)  Been the subject of an indictment, grant of immunity, <u>judgment</u>, or conviction (including entering into a plea bargain) for conduct constituting a crime? | ☐ Yes | ☐ No |
|   f)  Been convicted of a criminal offense pursuant to any administrative and/or regulatory action taken by any <u>federal</u>, New York State, New York City, or New York local <u>government entity</u>? | ☐ Yes | ☐ No |
|   g)  Initiated or been the subject of any bankruptcy proceedings, whether or not closed, or is any bankruptcy proceeding pending? | ☐ Yes | ☐ No |

GAMC-T1-054972

AC 3290-S (Rev. 03/2022)

NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

| IX. ASSOCIATED ENTITIES |
|---|
| *This section pertains to any entity(ies) that either controls or is controlled by the <u>reporting entity</u>.* |
| *(See definition of "<u>associated entity</u>" for additional information to complete this section.)* |
| For each "Yes," provide an explanation of the issue(s), identify the <u>Associated Entity</u>'s name(s), <u>EIN</u>(s), primary business activity, relationship to the <u>Reporting Entity</u>, relevant dates, the <u>government entity</u> involved, any remedial or corrective action(s) taken and the current status of the issue(s). Provide answer below or attach additional sheets with numbered responses. |

| X. FREEDOM OF INFORMATION LAW (FOIL) | | |
|---|---|---|
| 10. Indicate whether any information supplied herein is believed to be exempt from disclosure under the Freedom of Information Law (FOIL).<br><br>Note: A determination of whether such information is exempt from FOIL will be made at the time of any request for disclosure under FOIL. | ☐ Yes | ■ No |
| If "Yes," indicate the question number(s) and explain the basis for the claim. | | |

| XI. AUTHORIZED CONTACT FOR THIS QUESTIONNAIRE | | |
|---|---|---|
| Name<br>    Joon H. Kim | Telephone<br>+1 (212) 225-2950        ext. | Fax |
| Title<br>    Partner | Email<br>    jkim@cgsh.com | |

GAMC-T1-054973

AC 3290-S (Rev. 03/2022)                                                     NYS Vendor ID: 000000000

**NEW YORK STATE**
**VENDOR RESPONSIBILITY QUESTIONNAIRE**
**FOR-PROFIT BUSINESS ENTITY**

**Certification**

The undersigned: (1) recognizes that this questionnaire is submitted for the express purpose of assisting New York State government entities (including the Office of the State Comptroller (OSC)) in making responsibility determinations regarding award or approval of a contract or subcontract and that such government entities will rely on information disclosed in the questionnaire in making responsibility determinations; (2) acknowledges that the New York State government entities and OSC may, in their discretion, by means which they may choose, verify the truth and accuracy of all statements made herein; and (3) acknowledges that intentional submission of false or misleading information may result in criminal penalties under State and/or federal law, as well as a finding of non-responsibility, contract suspension or contract termination.

It being acknowledged and agreed that all responses included in this questionnaire are to the knowledge, information and belief of the Business Entity, the undersigned certifies under penalties of perjury that they:

**The undersigned certifies that he/she:**

- are knowledgeable about the submitting Business Entity's business and operations;
- have legal authority to bind the Business Entity;
- have read and understand all of the questions contained in the questionnaire, including all definitions;
- have not altered the content of the questionnaire in any manner;
- have reviewed and/or supplied full and complete responses to each question;
- have provided true, accurate and complete responses, including all attachments, if applicable;
- understand that New York State government entities will rely on the information disclosed in the questionnaire when entering into a contract with the Business Entity; and
- are under an obligation to update the information provided herein to include any material changes to the Business Entity's responses at the time of bid/proposal submission through the contract award notification, and may be required to update the information at the request of the New York State government entities or OSC prior to the award and/or approval of a contract, or during the term of the contract.

| | |
|---|---|
| Signature of Owner/Official | |
| Printed Name of Signatory | Joon H. Kim |
| Title | Partner |
| Name of Business | Cleary Gottlieb Steen & Hamilton LLP |
| Address | One Liberty Plaza |
| City, State, Zip | New York, New York 10006 |

GAMC-T1-054974

New York State Department of Taxation and Finance

# Contractor Certification to Covered Agency

**ST-220-CA**
(12/11)

(Pursuant to Section 5-a of the Tax Law, as amended, effective April 26, 2006)

For information, consult Publication 223, *Questions and Answers Concerning Tax Law Section 5-a* (see *Need Help?* on back).

| Contractor name<br>Cleary Gottlieb Steen & Hamilton LLP | | | | *For covered agency use only*<br>*Contract number or description* |
|---|---|---|---|---|
| Contractor's principal place of business<br>One Liberty Plaza | City<br>New York | State<br>New York | ZIP code<br>10006 | |
| Contractor's mailing address *(if different than above)* | | | | *Estimated contract value over the full term of contract (but not including renewals)*<br>$ |
| Contractor's federal employer identification number (EIN)<br>13-5599083 | Contractor's sales tax ID number *(if different from contractor's EIN)* | | | |
| Contractor's telephone number<br>212-225-2000 | Covered agency name<br>State of New York Office of the Attorney General | | | |
| Covered agency address<br>28 Liberty Street, New York, NY 10005 | | | | *Covered agency telephone number* |

I, <u>Deepti Tikyani</u>, hereby affirm, under penalty of perjury, that I am <u>Partnership Accounting Manager</u>
  *(name)*                                                    *(title)*

of the above-named contractor, that I am authorized to make this certification on behalf of such contractor, and I further certify that:

*(Mark an **X** in only one box)*

[X]  The contractor has filed Form ST-220-TD with the Department of Taxation and Finance in connection with this contract and, to the best of contractor's knowledge, the information provided on the Form ST-220-TD, is correct and complete.

[ ]  The contractor has previously filed Form ST-220-TD with the Tax Department in connection with _____
                                                                    *(insert contract number or description)*

and, to the best of the contractor's knowledge, the information provided on that previously filed Form ST-220-TD, is correct and complete as of the current date, and thus the contractor is not required to file a new Form ST-220-TD at this time.

Sworn to this 21 day of July , 20 22

_____
*(sign before a notary public)*

_____
Partnership Accounting Manager
*(title)*

# Instructions

## General information

Tax Law section 5-a was amended, effective April 26, 2006. On or after that date, in all cases where a contract is subject to Tax Law section 5-a, a contractor must file (1) Form ST-220-CA, *Contractor Certification to Covered Agency,* with a covered agency, and (2) Form ST-220-TD with the Tax Department before a contract may take effect. The circumstances when a contract is subject to section 5-a are listed in Publication 223, Q&A 3. See *Need help?* for more information on how to obtain this publication. In addition, a contractor must file a new Form ST-220-CA with a covered agency before an existing contract with such agency may be renewed.

**Note:** Form ST-220-CA must be signed by a person authorized to make the certification on behalf of the contractor, and the acknowledgement on page 2 of this form must be completed before a notary public.

## When to complete this form

As set forth in Publication 223, a contract is subject to section 5-a, and you must make the required certification(s), if:

i.  The procuring entity is a *covered agency* within the meaning of the statute (see Publication 223, Q&A 5);

ii.  The contractor is a *contractor* within the meaning of the statute (see Publication 223, Q&A 6); and

iii.  The contract is a *contract* within the meaning of the statute. This is the case when it (a) has a value in excess of $100,000 and (b) is a contract for *commodities* or *services*, as such terms are defined for purposes of the statute (see Publication 223, Q&A 8 and 9).

Furthermore, the procuring entity must have begun the solicitation to purchase on or after January 1, 2005, and the resulting contract must have been awarded, amended, extended, renewed, or assigned *on or after April 26, 2006* (the effective date of the section 5-a amendments).

## Individual, Corporation, Partnership, or LLC Acknowledgment

STATE OF New York

COUNTY OF New York SS.:

On the 21st day of July in the year 20 22 before me personally appeared Deepi Tiryani ,

known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that

_he reside

Town of _

County of _

State of _

[Mark an **X** in the appropriate box and complete the accompanying statement.]

☐ (If an individual): _he executed the foregoing instrument in his/her name and on his/her own behalf.

☐ (If a corporation): _he is the _____

of_____ , the corporation described in said instrument; that, by authority of the Board of Directors of said corporation, _he is authorized to execute the foregoing instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.

☒ (If a partnership): _he is a Partnership Accounting Manager

of Cleary Gottlieb Steen & Hamilton LLP, the partnership described in said instrument; that, by the terms of said partnership, _he is authorized to execute the foregoing instrument on behalf of the partnership for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said partnership as the act and deed of said partnership.

☐ (If a limited liability company): _he is a duly authorized member of _____ , LLC, the limited liability company described in said instrument; that _he is authorized to execute the foregoing instrument on behalf of the limited liability company for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said limited liability company as the act and deed of said limited liability company.

Notary Public

MaryElizabeth Royce
**Notary Public, State of New York**
**No. 01RO6435998**
**Qualified in New York County**
**Commission Expires July 5,** 2026

Registration No. 01RO6435998

### Privacy notification

The Commissioner of Taxation and Finance may collect and maintain personal information pursuant to the New York State Tax Law, including but not limited to, sections 5-a, 171, 171-a, 287, 308, 429, 475, 505, 697, 1096, 1142, and 1415 of that Law; and may require disclosure of social security numbers pursuant to 42 USC 405(c)(2)(C)(i).

This information will be used to determine and administer tax liabilities and, when authorized by law, for certain tax offset and exchange of tax information programs as well as for any other lawful purpose.

Information concerning quarterly wages paid to employees is provided to certain state agencies for purposes of fraud prevention, support enforcement, evaluation of the effectiveness of certain employment and training programs and other purposes authorized by law.

Failure to provide the required information may subject you to civil or criminal penalties, or both, under the Tax Law.

This information is maintained by the Manager of Document Management, NYS Tax Department, W A Harriman Campus, Albany NY 12227; telephone (518) 457-5181.

### Need help?

 Visit our Web site at **www.tax.ny.gov**
  • get information and manage your taxes online
  • check for new online services and features

**Telephone assistance**

| | |
|---|---|
| **Sales Tax** Information Center: | (518) 485-2889 |
| To order forms and publications: | (518) 457-5431 |

**Text Telephone (TTY) Hotline** (for persons with hearing and speech disabilities using a TTY): (518) 485-5082

**Persons with disabilities:** In compliance with the Americans with Disabilities Act, we will ensure that our lobbies, offices, meeting rooms, and other facilities are accessible to persons with disabilities. If you have questions about special accommodations for persons with disabilities, call the information center. **GAMC-T1-054976**

 **Workers' Compensation Board**

**CERTIFICATE OF**
**NYS WORKERS' COMPENSATION INSURANCE COVERAGE**

| 1a. Legal Name & Address of Insured (use street address only)<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York NY 10006 | 1b. Business Telephone Number of Insured<br>212 225 3728 |
|---|---|
| | 1c. NYS Unemployment Insurance Employer Registration Number of Insured |
| Work Location of Insured (Only required if coverage is specifically limited to certain locations in New York State, i.e., a Wrap-Up Policy) | 1d. Federal Employer Identification Number of Insured or Social Security Number<br>13-5599083 |

| 2. Name and Address of Entity Requesting Proof of Coverage<br>(Entity Being Listed as the Certificate Holder)<br>NYS Office of the Attorney General | 3a. Name of Insurance Carrier<br>Great Northern Insurance Company |
|---|---|
| | 3b. Policy Number of Entity Listed in Box "1a"<br>(22) 7170-13-28 |
| | 3c. Policy effective period<br>   09/01/2021     to   09/01/2022 |
| | 3d. The Proprietor, Partners or Executive Officers are<br>  [X] included. (Only check box if all partners/officers included.)<br>  [ ] all excluded or certain partners/officers excluded. |

This certifies that the insurance carrier indicated above in box "3" insures the business referenced above in box "1a" for workers' compensation under the New York State Workers' Compensation Law. **(To use this form, New York (NY) must be listed under Item 3A on the INFORMATION PAGE of the workers' compensation insurance policy.)** The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed above as the certificate holder in box "2".

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is canceled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from the coverage indicated on this Certificate. (These notices may be sent by regular mail.) **Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in box "3c", whichever is earlier.**

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Workers' Compensation contract of insurance only while the underlying policy is in effect.

**Please Note: Upon cancellation of the workers' compensation policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of Workers' Compensation Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Workers' Compensation Law.**

**Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has the coverage as depicted on this form.**

Approved by:      Andrew Pachter
                   (Print name of authorized representative or licensed agent of insurance carrier)

Approved by:      Andrew Pachter              12/29/21
                 (Signature)               (Date)

Title:      VP Commercial insurance

Telephone Number of authorized representative or licensed agent of insurance carrier:      1-800-982-2125

**Please Note: Only insurance carriers and their licensed agents are authorized to issue Form C-105.2. Insurance brokers are NOT authorized to issue it.**

C-105.2 (9-17)                                              www.wcb.ny.gov

**GAMC-T1-054977**

# Workers' Compensation Law

**Section 57.  Restriction on issue of permits and the entering into contracts unless compensation is secured.**

1.  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, and notwithstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any compensation to any such employee if so employed.

2.  The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter.

GAMC-T1-054978



# CERTIFICATE OF INSURANCE COVERAGE
## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

| PART 1. To be completed by Disability and Paid Family Leave Benefits Carrier or Licensed Insurance Agent of that Carrier | |
|---|---|
| 1a. Legal Name & Address of Insured (use street address only)<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006-140<br><br>Work Location of Insured (Only required if coverage is specifically limited to certain locations in New York State, i.e., Wrap-Up Policy) | 1b. Business Telephone Number of Insured<br><br>212 225 3133<br><br>1c. Federal Employer Identification Number of Insured or Social Security Number<br><br>135599083 |
| 2. Name and Address of Entity Requesting Proof of Coverage (Entity Being Listed as the Certificate Holder)<br><br>NY OFFICE OF THE ATTORNEY GENERAL<br>28 LIBERTY STREET<br>NEW YORK, NY 10005 | 3a. Name of Insurance Carrier<br><br>First Unum Life Insurance Company<br><br>3b. Policy Number of Entity Listed in Box "1a"<br><br>421220<br><br>3c. Policy effective period<br><br>06/03/2022        to        06/03/2023 |

4. Policy provides the following benefits:
☒ A. Both disability and paid family leave benefits.
☐ B. Disability benefits only.
☐ C. Paid family leave benefits only.

5. Policy covers:
☒ A. All of the employer's employees eligible under the NYS Disability and Paid Family Leave Benefits Law.
☐ B. Only the following class or classes of employer's employees:

_____

_____

Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has NYS Disability and/or Paid Family Leave Benefits insurance coverage as described above.

Date Signed  7/20/2022          By  *Linda Wescott*

Digitally signed by Linda Wescott
DN: CN=Linda Wescott, E=lwescott@unum.com
Reason: I am the author of this document
Location: your signing location here
Date: 2022.07.20 08:14:21-04'00'
Foxit PhantomPDF Version: 10.1.7

(Signature of insurance carrier's authorized representative or NYS Licensed Insurance Agent of that insurance carrier)

Telephone Number  1-800-ASK-UNUM          Name and Title  Linda Wescott DBL Specialist

IMPORTANT:    If Boxes 4A and 5A are checked, and this form is signed by the insurance carrier's authorized representative or NYS Licensed Insurance Agent of that carrier, this certificate is COMPLETE. Mail it directly to the certificate holder.

If Box 4B, 4C or 5B is checked, this certificate is NOT COMPLETE for purposes of Section 220, Subd. 8 of the NYS Disability and Paid Family Leave Benefits Law. It must be mailed for completion to the Workers' Compensation Board, Plans Acceptance Unit, PO Box 5200, Binghamton, NY 13902-5200.

| PART 2. To be completed by the NYS Workers' Compensation Board (Only if Box 4C or 5B of Part 1 has been checked) |
|---|

### State of New York
### Workers' Compensation Board

According to information maintained by the NYS Workers' Compensation Board, the above-named employer has complied with the NYS Disability and Paid Family Leave Benefits Law with respect to all of his/her employees.

Date Signed  _____  By  _____

(Signature of Authorized NYS Workers' Compensation Board Employee)

Telephone Number  _____  Name and Title  _____

*Please Note: Only insurance carriers licensed to write NYS disability and paid family leave benefits insurance policies and NYS licensed insurance agents of those insurance carriers are authorized to issue Form DB-120.1. Insurance brokers are NOT authorized to issue this form.*

**DB-120.1 (10-17)**

|||||||| DB-120.1 (10-17) ||||||||

**GAMC-T1-054979**

# Additional Instructions for Form DB-120.1

By signing this form, the insurance carrier identified in Box 3 on this form is certifying that it is insuring the business referenced in box "1a" for disability and/or paid family leave benefits under the New York State Disability and Paid Family Leave Benefits Law. The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed as the certificate holder in Box 2.

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is cancelled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from coverage indicated on this Certificate. (These notices my be sent by regular mail.) Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in Box 3c, whichever is earlier

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Disability and/or Paid Family Leave Benefits contract of insurance only while the underlying policy is in effect.

**Please Note: Upon the cancellation of the disability and/or paid family leave benefits policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of NYS Disability and/or Paid Family Leave Benefits Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Disability and Paid Family Leave Benefits Law.**

## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

### §220. Subd. 8

(a)  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in employment as defined in this article, and not withstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand and twenty-one, the payment of family leave benefits for all employees has been secured as provided by this article. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any disability benefits to any such employee if so employed.

(b) The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in employment as defined in this article and notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand eighteen, the payment of family leave benefits for all employees has been secured as provided by this article.

DB-120.1 (10-17) Reverse

GAMC-T1-054980

Office of the State Comptroller
Bureau of Contracts
The Procurement Record Checklist

Department ID/Department Name: 3600000/Department of Law

Agency Contact:  Joseph A. Carucci   Telephone: 518/776-2128   E-Mail: joseph.carucci@ag.ny.gov

Contract/Vendor Name      C105803 - Cleary Gottlieb Steen & Hamilton LLP

Contract Period:  March 8, 2021 to May 31, 2023

1. Contract Description:  Outside Counsel Services – Supp. No. 2

2. Need Statement: The OAG needs to obtain outside counsel services for the investigation into the Governor.

3. Procurement Method:
☐ IFB - Lowest Bid Meeting Specifications        ☐ Emergency
☐ RFP - Evaluation of Technical and Cost          ☐ Mini Bid
☐ (Best-Value Specified)                                   ☐ Discretionary
☒ Single Source                                              ☐ Piggyback
☐ Sole Source                                                ☐ Other
☐ Preferred Source

4. Summary of Competitive Procurement:

a. Number of Bids Solicited:
b. Number of Bids Received:
c. Number of Rejections:
d. Number of Protests/Disputes*:
   *Protest/Dispute Related Documents Must be Included in the Record Submitted to OSC.

5. Debriefings Requested?          ☐ Yes          ☒ No
   If yes, number of debriefings requested, and status/dates of debriefings held:

6. Procurement Opportunities Newsletter (New York State Contract Reporter, also known as NYSCR)

   ☐ Advertisement Notice/Agency Certification Attached
   ☒ Copy of OSC Exemption Attached (include Contract Reporter Exemption Request
      number). Ad Number:
   ☐ Exempted Per Statute _____ (if the exemption is not provided under Article 4-C of the
      Economic Development Law please provide citation)

7. **THE FOLLOWING INFORMATION (7 a-e) MUST ALSO BE PROVIDED ONLY WHEN AN
   RFP IS USED.** (A separate document may be used, or an agency may reference specific documents
   and/or sections of the RFP.)

   a.    Explain the process used to ensure a competitive field:

   b. Explain the scope of work to be performed under the contract:

   c. List the evaluation criteria and relative points used to evaluate the proposals:
      Technical Points:

GAMC-T1-054981

Cost Points:
    Identify where in the RFP detailed evaluation criteria is set forth:
d. Explain the methodology used for evaluating the proposals:

e. Provide a summary of the evaluation results, and the basis for the selection of the successful offeror:
    See attached evaluation summary spreadsheet

8. Submit all documentation required by the OSC Bureau of Contracts. Specific requirements can be obtained by calling the OSC Bureau of Contracts at 518-474-6494.

9. Required Signatures (check those which apply):
    ☒ Agency
    ☒ Vendor
    ☐ Vendor's Acknowledgment

☒ Approvals (check those which apply):
    ☐ Division of the Budget
    ☐ Office of State Operations Approval of the B-1184
    ☐ Civil Service
    ☒ Attorney General
    ☐ Office for Technology PTP Approval
    ☐ OGS Approval of the Price for Preferred Source Service Acquisitions
    ☐ OGS Piggyback Approval

Agency Signature: *Joseph A. Carucci* Date: 08/19/2022

OSC Auditor: _____ Date: _____

GAMC-T1-054982

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL
**SUPPLEMENTAL AGREEMENT NO. 1**
**CONTRACT NUMBER C-105803**
Cleary Gottlieb Steen & Hamilton LLP

This SUPPLEMENTAL AGREEMENT to CONTRACT NUMBER C-105803 (the "Supplemental Agreement") is made by and between STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL, with a principal office located at 28 Liberty Street, New York, NY 10005 ("OAG"), and Cleary Gottlieb Steen & Hamilton, LLP a law firm having an office located at One Liberty Plaza, New York, NY 10006 (the "Firm").

WHEREAS, on February 28, 2021 Governor Andrew Cuomo directed the Attorney General to select an independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor (the "Matter"); and

WHEREAS, the OAG conducted an extensive search and received several proposals from law firms; and

WHEREAS, the OAG has determined that it is appropriate to retain outside counsel to investigate and review issues raised in the Matter and to enter into an Agreement for the provision of such services; and

WHEREAS, the Firm has extensive expertise in investigating, reviewing and assessing allegations of sexual harassment and misconduct; and

WHEREAS the Firm and the OAG entered into CONTRACT NUMBER C-105803 (the "Agreement").

NOW, THEREFORE, in consideration of the mutual covenants and considerations herein set forth, the parties hereto agree that this Supplemental Agreement shall amend and restate certain provisions of the Agreement as follows:

3. The OAG shall pay the Firm for all professional services provided under the Agreement in accordance with the Outside Counsel Billing Criteria and Policy attached hereto as Exhibit B and made a part hereof, at the hourly rates set forth in the Cost Proposal attached hereto as Exhibit C and made a part hereof. Unless otherwise agreed between the OAG and the Firm, the fees for such professional services, inclusive of disbursements, shall not exceed the amount of $5,419,950.00.

10. Unless modified as provided herein, the Agreement shall begin on March 8, 2021 and will continue until December 31, 2021 or upon completion of the retained scope of work, whichever may occur first. The Agreement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller. The Agreement may be terminated by the OAG: (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that Joon H. Kim, the Principal identified in paragraph 15 below, separates from the Firm; (3) for the unavailability of funds; (4) for cause due to the Firm's actions; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

This SUPPLEMENTAL AGREEMENT, as well as any amendment, change, extension, revision or discharge of this Supplemental Agreement or the Agreement, in whole or part, shall not be invalid or unenforceable because of lack of insufficiency of consideration; provided, however, that such amendment, change, extension, revision or discharge is in writing and executed by the parties and approved by the Office of the State Comptroller.

All other terms and conditions of the Agreement remain the same.


Space below intentionally left blank.


GAMC-T1-054984

IN WITNESS WHEREOF, the parties hereto have executed this supplemental agreement on the dates written below.

CONTRACT NUMBER C-105803

FIRM'S CERTIFICATION:
In addition to acceptance of this supplemental agreement, I certify that all information provided to the OAG is complete, true and accurate.

Cleary Gottlieb Steen & Hamilton LLP


Joon H. Kim                                         12/6/2021
                                                    Date

AGENCY CERTIFICATION:
I certify that original copies of this signature page will be attached to all other exact copies of this supplemental agreement.

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL


                                                    12/21/21
                                                    Date

Peter T. O'Neill
Chief Financial Officer
NYS Office of the Attorney General


APPROVED AS TO FORM OFFICE          APPROVAL OF OFFICE OF THE
OF THE ATTORNEY GENRAL              STATE COMPTROLLER
OFFICE OF THE ATTORNEY GENERAL

                                    | APPROVED |
                                    | DEPT. OF AUDIT & CONTROL |

By:_____          By: _____

                                    May 24 2022
                                    Brian Fuller
Dated:_____          Dated: _____

                                    FOR THE STATE COMPTROLLER

Case 1:22-mc-03044-LDH-TAM Document 47-1 Filed 09/13/23 Page 43 of 149 PageID #: 1797

## ACKNOWLEDGMENT BY NOTARY PUBLIC

**STATE OF** New York }
             : **SS.:**
**COUNTY OF** New York }

On the _6th_ day of _December_ in the year 20_21_ , before me personally appeared:

_Joon H. Kim_ , known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that he resides at

**[Check One]**
(☑ **an individual):** he executed the foregoing instrument in his/her name and on his/her own behalf.
(☐ **If a corporation):** he is the _____ of _____ , the corporation described in said instrument; that, by authority of the Board of Directors of said corporation, he is authorized to execute the foregoing instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that authority, he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.
(☐ **If an unincorporated association):** he is the _____ of _____ , the firm described in said instrument; that, he is authorized to execute the foregoing instrument on behalf of the firm for the purposes set forth therein; and that, pursuant to that authority, he executed the foregoing instrument in the name and on behalf of said firm as the act and deed of said firm.
(☒ **If a partnership):** he is _a member_ of _Cleary Gottlieb Steen & Hamilton LLP_ , the partnership described in said instrument; that, by the terms of said partnership, he is authorized to execute the foregoing instrument on behalf of the partnership for the purposes set forth therein; and that, pursuant to that authority, he executed the foregoing instrument in the name and on behalf of said partnership as the act and deed of said partnership.

_____
Notary Public

Brendan Cyr
Notary Public-State of New York
No. 02CY6235114
Qualified in New York County
My Commission Expires January 31, 2023

GAMC-T1-054986

## EXHIBIT B
## OUTSIDE COUNSEL BILLING CRITERIA AND POLICY

I.  Policy

These criteria have been established to enhance the working relationship between the OAG's attorneys and the Firm.  The Firm shall review these criteria and direct any questions to the OAG's Counsel for clarification.

II.  Guidelines for Billing and Fees

The OAG shall pay for the Firm's services at rates that are agreed to by both parties.  All hourly rates will be binding for the term of the Agreement.  All billings must be calculated in units of one-tenth of an hour. Travel time shall not be billed.  The Firm agrees that all hourly rates shall include all fixed overhead costs including but not limited to expenses for word processing, secretarial or clerical work, research costs (i.e. Lexis or Westlaw charges) or reference librarians.  Any billings for actual expenses incurred by the Firm (i.e. disbursements) must be substantiated and documented.

III.  Work Assignment

The Firm shall keep the OAG's Counsel informed of the nature, scope and time frame for all assignments undertaken by the Firm prior to the commencement of the assignment.  The Firm shall not research or prepare legal analyses or other written work products with a projected value of One Thousand Dollars ($1,000.00) or greater without the prior written consent of the Counsel. For projects under One Thousand Dollars (1,000.00), verbal consent of the Counsel will suffice, but in no instance shall projects be commenced without the knowledge of Counsel. When a written work product is prepared, a final copy or, if no final copy is yet available, a current draft of such written work product, shall be provided to the Counsel prior to the Firm's submission of any bill that includes work time expended on its preparation.  In addition, a copy of such written work product shall be provided to the Counsel at or prior to the time it is shared with or transmitted to any OAG officials or employees.

IV.  Calculations of Costs in Estimating Work and Case Assignments

A.  *Staff allocation*

The Firm agrees to assign personnel who are qualified and experienced litigators.  Likewise, the OAG shall not be billed at a partner's hourly rate when one of the Firm's associates could have reasonably worked on and/or properly handled an issue.  In all cases, work should be assigned to the least costly qualified person in the Firm available to handle the task. The Firm agrees that each of its associates, paralegals, interns or legal assistants assigned to the OAG's work shall make a clear contribution, although nothing in this section or elsewhere should be construed to require creation of written work product where the Firm, in its professional judgment, would not otherwise do so.  The OAG and the Firm agree that whenever possible, associates and legal assistants shall be utilized to replace partners' time and reduce total billings.  However, both parties also recognize that the utilization of a lawyer with expertise in

GAMC-T1-054987

a particular area of law will eliminate the necessity of extensive research.  The OAG and the Firm agree that no additional staff will be added to a work assignment prior to consultation with the OAG's Counsel.  The Firm should seek to limit, to the extent possible, the number of internal conferences and meetings between members of the Firm that are billed to the OAG. Additionally, the Firm shall obtain approval, in advance, from the OAG where more than one member of the Firm attends a particular outside meeting, court appearance or other such matter.

B.      *Overtime Billing*

The Firm shall not bill for overtime since it is expected that any work assigned will be conducted during normal business hours.

C.      *Changes in Staff*

In the event the Firm is forced to make a staff change of anyone assigned to a OAG case or matter, the Firm will not bill the OAG for any time expended by the new staff of the Firm becoming acquainted with such area of law or matter.

D.      *Fax Charges and E-mail*

The Firm is directed to use e-mail as the preferred mode of communication.  Any attachments to e-mail documents should be formatted in Microsoft Word, Excel or Power Point. The Firm is directed not to duplicate costs by mailing a document that has been emailed unless specifically requested by the OAG's Counsel.

The OAG agrees to pay actual telephone line charges for faxes sent.  The OAG will not pay both phone line charges and a flat fee in connection with out-going faxes.  The OAG will not pay for maintenance, paper or operator costs, because such items should be included in the Firm's cost of doing business.

E.      *Telephone Charges*

The Firm agrees not to bill the OAG for any local telephone calls and further agrees it will bill the OAG for any long distance calls at the rate the Firm has been billed.

F.      *Electronic Research*

The Firm agrees that computer legal research tools such as Lexis-Nexis or Westlaw, shall be used judiciously to minimize costs to the OAG.  The Firm acknowledges and agrees that it was selected because of its expertise in the subject area.   Paralegal or attorney time spent performing computerized legal research shall be at the same rates as the Firm's hourly charges for professional services.

G.      *Next Day Mail Charges*

The OAG agrees to pay for any documented next day mail service, courier or other delivery fees that are incurred by the Firm, but only provided such transmission of documents is necessary.

H.     *Document Duplication Fees*

The Firm agrees that it will prudently direct the duplication of documents.  The OAG authorizes the Firm to employ less expensive, commercial copy vendors when practicable.  The OAG agrees to reimburse special expenditures for such copying at the cost it was invoiced.  The Firm is instructed to send only one set of documents to the OAG's Counsel, as that office will be responsible for making any additional copies.

I.     *Travel*

The OAG will authorize any required travel by the Firm.  The OAG will reimburse for actual, necessary and reasonable travel expenses that have been incurred.  Reasonable travel expenses shall be defined as coach class airfare, reasonable taxi charges and other ground transportation expenses, and hotel accommodations, in accordance with rates set forth for travel reimbursement by the Office of the New York State Comptroller, available at http://www.osc.state.ny.us/agencies/travel/reimbrate.htm.  The OAG does not agree to accept charges incurred by the Firm for meals, movies, personal telephone charges, entertainment or garment cleaning.  Mileage will not be paid in excess of the amount allotted by the Internal Revenue Service for income tax purposes.  In those situations where the Firm is also attending meetings or working on a non-OAG related matter, it shall prorate all travel charges and apportion equitably the costs of such travel and other incidental charges among clients.

J.     *Professional Services*

The Firm must obtain permission from the OAG prior to retaining any professional services that may be necessary to perform its duties under the terms of this Agreement.

K.     *Non Billable Charges*

In addition to billing restrictions above, the Firm agrees not to bill the OAG any overhead costs of doing business, including apportioned rent or utility costs, charges for conference rooms, filing space, the use of library facilities and meals.

The Firm further agrees not to bill the OAG for any of the following:

(1)     any form of labeling;
(2)     organization, filing and warehousing of the OAG's documents internally within the Firm;
(3)     consolidation of documents, i.e., binders; and
(4)     word processing or other mechanical means of document preparation.

V.  Monthly Statements

Each matter handled by the Firm will be itemized and explained individually with the fees and disbursements for each type of activity contained in the bill.  Each such monthly bill shall include:

GAMC-T1-054989

(i)     a caption containing the matter name;

(ii)    the name, job title and billing rate of each professional who worked on the matter during the past calendar month, as well as each individual's total hours and total fees;

(iii)   Identification of the professional in the Firm who performed the service, including but not limited to the date and the amount of time expended, calculated to the nearest quarter of an hour.  The OAG will not accept bills that only provide per person daily totals of time.  All references in bills to meetings, telephone calls, internal discussions etc. shall specifically identify the subject matter of the meeting, etc;

(iv)   Incidental Charges are to be listed separately from fees and each such charge shall be separately listed, e.g. long distance telephone charges and document copying charges and described with reasonable specificity.  Any time expended by the Firm in preparing the billing, reviewing or discussing billing related issues with the OAG may not be billed to the OAG.

## VI. <u>Audit Procedures</u>

The OAG, the Office of the Attorney General, and the Office of the New York State Comptroller retain the right to audit legal bills related to this matter for a period of six years from the date of the last billing.  The OAG reserves the right to examine all underlying billing documentation, including but not limited to original receipts and time records.

**EXHIBIT C**
**COST PROPOSAL**

<u>HOURLY RATES</u>
<u>(includes all discounts)</u>

| TITLES | RATE |
|---|---|
| Principal/Senior Partner | $750 |
| Mid-Level Partner | $575 |
| Junior Partner/Counsel | $500 |
| Senior Associate | $450 |
| Junior Associate | $325 |
| Paralegal | $125 |

GAMC-T1-054991

| | |
|---|---|
| **From:** | Maggi, Benjamin |
| **To:** | Purchase; Contract Approval |
| **Subject:** | Approved - RE: OAG - C105803 - Cleary Gottlieb Steen & Hamilton LLP - Supplemental Agreement No. 1 |
| **Date:** | Wednesday, December 22, 2021 8:40:40 AM |

Approved as to Form: 12/22/2021 by Benjamin Maggi
Received: 12/22/2021

OAG: CAS please file and enter. "P"     Amount: 2,867,450

Reminder: Agencies must  forward the contract approved by the OAG Contract Approval Section along with the email in which the OAG Contract Approval Section approved the contract, to OSC via the Comptroller's EDSS system.  If you are not enrolled in the EDSS system and have not made alternative arrangements with OSC on how to submit your transaction, please contact OSC at 518-408-4672 or email ITServiceDesk@osc.ny.gov.

Benjamin L. Maggi
Section Chief
Contract Approval Section
New York State Office of the Attorney General
Contract Approval Section
The Capitol, Albany, NY 12224

ATTORNEY CLIENT PRIVILEGED/NOT FOR DISSEMINATION
The information contained in this electronic mail message is privileged and confidential and intended only for the individual or individuals named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please reply to the sender immediately to notify us of the error and delete the original message. Thank you.

**From:** Purchase <Purchase@ag.ny.gov>
**Sent:** Tuesday, December 21, 2021 4:15 PM
**To:** Contract Approval <contractapproval@ag.ny.gov>
**Cc:** Purchase <Purchase@ag.ny.gov>
**Subject:** OAG - C105803 - Cleary Gottlieb Steen & Hamilton LLP - Supplemental Agreement No. 1

Good afternoon,

The Office of the Attorney General (OAG) requests approval "As to Form" of the enclosed Supplemental Agreement No. 1 C105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

This supplement will increase the contract by $2,867,450.00 to a maximum amount of $5,419,950.00.  The Supplemental Agreement will extend the contract end date to December 31, 2021. All other terms and conditions will remain the same.

GAMC-T1-054992

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov if you need any additional information.

Thank you,

**Joe Carucci**

Contract Management Specialist

**New York State Office of the Attorney General**

Budget and Fiscal Management Bureau (BFMB)

The Capitol | Albany, NY 12224

(518) 776-2128 | purchase@ag.ny.gov | www.ag.ny.gov

**GAMC-T1-054993**

**Approved Date:**  11/2/2021

**To:**        Joseph Carucci
              Department of Law
              Office of the Attorney General
              The Capitol
              Albany NY  12224-0341

**Subject:**     Contract extension and increase of funds (C105803 & C105804)

**CRER ID:**     LAW01-0000495-3600000   **Sequence No.**  0
**Determination:**  Approved

**Grounds:**     Change in Scope

**Restrictions:**    N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for Contract extension and increase of funds for C105803 & C105804  has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

Sincerely,

BRIAN J FULLER
518-474-6494
bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

GAMC-T1-054994

April 14, 2022

Bureau of Contracts
Office of the State Comptroller
110 State Street, 11th Floor
Albany, NY 12236

Dear Bureau of Contracts:

The Office of the Attorney General (OAG) requests approval of the enclosed Supplemental Agreement No. 1 forC105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

This supplement will increase the contract by $2,867,450.00 to a maximum amount of $5,419,950.00. The Supplemental Agreement will extend the contract end date to December 31, 2021. All other terms and conditions will remain the same.

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov if you need any additional information.

Sincerely,

*Joseph A. Carucci*

Joseph A. Carucci
Contract Management Specialist

GAMC-T1-054995

| Report ID:   NYCA1673 | State of New York | Page No:   1 | |
|---|---|---|---|
| | Statewide Financial System | Run Date: | 4/14/2022 |
| | Procurement Contract Request | Run Time: | 12:41 PM |

**Single Transaction Summary**

| BUSINESS UNIT | DOCUMENT TYPE | AUDIT TYPE |
|---|---|---|
| LAW01 | Proc Contract Amendment | EBV |

| Business Unit (Name) | Contract No | Sequence # |
|---|---|---|
| Department of Law | C105803 | 2 |

| Contract ID : 00000000000000000088368 | Version # : 3 | |
|---|---|---|

| Dept ID | Department Name |
|---|---|
| 3600000 | LAW01-Department of Law_BD |

**Supplier ID**

1000013595

**Supplier Name**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

| Transaction Amount | Begin  Date (MM/DD/YYYY)   to   Expire Date  (MM/DD/YYYY) |
|---|---|
| $2,867,450.00 | 12/31/2021 |

| Bid Date (MM/DD/YYYY) | Renewal Amendment Beginning Date  (MM/DD/YYYY) |
|---|---|
| | |

| Pre-Encumbrance Amt: | NY State Contract Descr: |
|---|---|
| | Outside Counsel Services |

**Description**

LAW01-C105803-3600000

**Provisions**

| Preparer's Signature | Preparer's Phone No |
|---|---|
| CARUCCI,JOSEPH | 518-776-2128 |

| Agency Finance Officer's Signature | Date |
|---|---|
| | |

| Reporting Code | Method of Award | Number of Bids | Special Code |
|---|---|---|---|
| | | | |

| Date Received | Date Approved | Date Rejected | Auditor's Initials |
|---|---|---|---|
| | | | |

**Intended Encumbrance**

| Amount |
|---|
| $2,867,450.00 |

GAMC-T1-054996

AC 3275-S (Rev. 5/15) Page 1 of 2

## OFFICE OF THE STATE COMPTROLLER - BUREAU OF CONTRACTS
## VENDOR RESPONSIBILITY PROFILE

**Part I – Contract Information** - *Complete for all transactions.*

| | | |
|---|---|---|
| 1. Business Unit<br>LAW01 | 2. Department ID #<br>3600000 | 3. Department Name<br>NYS Office of the Attorney General |
| 4. Contract/PO #<br>C105803 | 5. Amendment Sequence #<br>1 | 6. Transaction Amount<br>$2,867,450.00    7. Total Contract Value<br>$5,419,950.00 |
| 8. Vendor Name<br>Cleary Gottlieb Steen & Hamilton LLP | | 9. NYS Vendor ID #<br>1000013595    10. Taxpayer ID/EIN #<br>135599083 |

11. Contractor Type: ☒ Prime Contractor ☐ Subcontractor

12. Contract Description
Outside Counsel Services for investigation into the Governor - Supp. No. 1

13. State contracting entity contact for this transaction – Name, Phone, Email
Joseph A. Carucci, 518-776-2128, purchase@ag.ny.gov

14. Were any issues disclosed by vendor and/or found by State contracting entity? ☐ Yes ☒ No
(If "Yes," provide details using Attachment A, Item 1.)

15. If this is a new contract or renewal, has the vendor's documentation of New York State Workers' Compensation and Disability Benefits coverage or exemption been verified as accurate, up-to-date, **and included** as part of the procurement package as outlined in GFO XI.18.G? ☒ Yes ☐ No ☐ N/A (If "No," provide details using Attachment A, Item 2.)

**Part II – Vendor Disclosure and State Contracting Entity Process** – *Complete for a new contract valued at $100,000 or more, or an amendment that brings total approved amount to $100,000 or more for the first time.*

16. Identify disclosures used in this review that were ***provided by the vendor***. Check all that apply and attach all pertinent items. (***Information found on the VendRep System should NOT be printed for OSC.***)

☒ Online VendRep Questionnaire
Date Certified: 6/11/2021

☐ Hard Copy Questionnaire (Must attach, if used)
Date Certified:

☐ Financial Statements ☐ Solicitation Document Responses ☐ Vendor Correspondence

☐ Other Vendor Disclosure - Describe:

*All reviews must be thorough and comprehensive to mitigate any risks to public funds or services.*

17. Is a description of the **State contracting entity's process** included in Attachment A, Item 2? ☒ Yes ☐ No
If "No," explain:

**Part III – State Contracting Entity Responsibility Determination**

The above named contracting entity has undertaken an affirmative review of the proposed contractor's responsibility and, based upon such review, has reasonable assurance that the proposed contractor is:

☒ Responsible ☐ Non-Responsible

| Signature *Joseph A. Carucci* | Date: 4/14/2022 |
|---|---|
| Print Name: Joseph A. Carucci | Title: Contract Management Specialist |

GAMC-T1-054997

**Attachment A**

| | |
|---|---|
| Business Unit #  LAW01 | Department ID #  3600000 |
| Contract/PO #  C105803 | Amendment Sequence #  1 |
| Vendor Name  Cleary Gottlieb Steen & Hamilton LLP | NYS Vendor ID #  1000013595 |

**Item 1:   Issue Detail**

*For each issue* disclosed by the vendor or found by the State contracting entity, describe the issue and its resolution.

> *Note:* In the "Resolution" field, include the State contracting entity's assessment of the issue, its relevance to the vendor's responsibility for this procurement (including any supporting reasons), and any corrective or mitigating actions taken by the State contracting entity or vendor in response to the issues (attach additional pages if necessary).  ***If the State contracting entity believes the issue has no impact on this transaction, state the <u>reason(s)</u> justifying such statement.***

| Issue Description | State Contracting Entity Resolution |
|---|---|
| 1. | |
| 2. | |
| 3. | |

**Item 2:  State Contracting Entity Process**

Describe the steps ***taken by the State contracting entity*** to determine vendor responsibility including consideration of the vendor disclosures and the independent State contracting entity research, including but not limited to, internet sources, contracting entity records, and internal or external communication. If a Resource Checklist was used, it is acceptable to submit the completed list in lieu of describing the process.

> *Note:* Do **not** submit copies of website search results or information found on the VendRep System.

| |
|---|
| Legal/Regulatory Authority to Do Business - Search of NYS DOL and NYS WCB debarment list returned no results |
| Integrity - Search of Federal Contractor Misconduct Database returned no results |
| Financial and Organizational Capacity - Search of NYS Tax Warrant Notice system returned no results |
| Performance - Search of Better Business Bureau returned no results |

GAMC-T1-054998

**OFFICE OF THE STATE COMPTROLLER**
**BUREAU OF CONTRACTS**
**GOVERNMENTAL ENTITY REPRESENTATION CONCERNING COMPLIANCE**
**WITH STATE FINANCE LAW §§139-j AND 139-k**

| | |
|---|---|
| **Department ID:** | 3600000 |
| **Agency/Authority Name:** | Department of Law |
| **Contractor Name:** | **Cleary Gottlieb Steen & Hamilton LLP** |
| **Contract No. or P.O. No.:** | **C105803** |
| **Amendment Sequence No.:** | **1** |

I am a duly authorized representative of the above governmental entity. To the best of my knowledge, information and belief, pursuant to the requirements of State Finance Law (SFL) §§139-j and 139-k, the governmental entity for this procurement has:

- Issued and complied with its policies and procedures with respect to permissible contacts and any determinations made for violations thereof and has included such policies and procedures as part of the solicitation/bid documents;

- Issued policies and procedures in connection with the recording of all "contacts" received during the "restricted period" as those terms are defined under SFL §§ 139-j and 139-k, and is now aware of any "contacts" that were not recorded as required and included in the procurement record submitted to OSC;

- Received from all offerers the required (i) disclosure regarding prior findings of non-responsibility for violations of SFL §§139-j or 139-k; (ii) written affirmation of understanding and agreement to comply with the governmental entity's policies and procedures relating to permissible contacts;

- If any offerors have disclosed a prior finding of non-responsibility for violations of §§139-j or 139-k, I have noted them below:

    _____

    _____

- Received from the winning vendor a certification as to the completeness, truth and accuracy of all information provided to the governmental entity and included such documentation in the procurement record submitted to OSC;

- Included in the contract a provision authorizing termination if the certification referenced above is found to be intentionally false or intentionally incomplete;

- Reviewed the New York State Office of General Services published list of non-responsible and debarred vendors for violations of SFL §§139-j and 139-k and considered such information in its determination of responsibility of the proposed vendor;

**GAMC-T1-054999**

- Except as otherwise indicated, found no knowing and willful violations of the requirements regarding permissible contacts or other provisions of SFL §§139-j or 139-k;

- If applicable, documented in the procurement record submitted to OSC (i) the basis for finding the proposed vendor in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such vendor; and (iii) that such finding was reported to OGS, as required;

Based upon the above information and representations, the governmental entity has determined, for purposes of SFL §§139-j and 139-k only that the proposed vendor for the above identified governmental procurement is:

☒ Responsible          ☐ Non-responsible

*(This responsibility determination by the governmental entity must also be reported on the Vendor Responsibility Profile, if one is required for this transaction.)*

- If applicable, documented in the procurement record submitted to OSC the basis for awarding a contract to the proposed vendor notwithstanding the governmental entity's determination that the proposed vendor is non-responsible for violations of SFL §§139-j or 139-k.

- Documented in the procurement record submitted to OSC (i) the basis for finding any other offerer in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such offerer; and (iii) that such finding was reported to OGS, as required.

Name(s) and Federal Identification number(s) of such Offerer(s)

_____

_____

_____

4/14/2022_____          *Joseph A. Carucci*_____
Date                          Authorized Signatory

Name: Joseph A. Carucci          Contract Management Specialist
    (printed or typed)          Title

Direct Telephone Number (including area code): (518) 776-2128

E-mail Address: purchase@ag.ny.gov

Mailing Address: State Capitol, BFMB, Albany, NY 12224

GAMC-T1-055000

# Office of the Attorney General – Procurement Lobbying Guidelines

## I.   Introduction

The Guidelines have been issued pursuant to the New York State Finance Law, which prohibits lobbying on procurement contracts. The Guidelines, which apply to all Office of Attorney General (OAG) procurement contracts, limit communications between offerers and the OAG during a Governmental Procurement. During the Restricted Period, an Offerer may only communicate with the person or persons designated by the OAG to receive communications regarding such Governmental Procurement.

## II.   Statutory Definitions[1]

**ARTICLE OF PROCUREMENT** A commodity, service, technology, public work, construction, revenue contract, the purchase sale or lease of real property or an acquisition or granting of an interest in real property that is the subject of a governmental procurement.

**CONTACT** Any oral, written or electronic communication with the OAG under circumstances where a reasonable person would infer that the communication was intended to influence the governmental procurement.

**GOVERNMENTAL ENTITY** All New York State agencies and authorities, both houses of the Legislature, the Unified Court System, municipal agencies and their respective employees.

**GOVERNMENTAL PROCUREMENT** shall mean: (i) the preparation of terms of the specifications, bid documents, requests for proposals, or evaluations criteria for a procurement contract, (ii) solicitation for a procurement contract, (iii) evaluation of a procurement contract, (iv) award, approval, denial or disapproval of a procurement contract, or (v) approval or denial of an assignment, amendment (other than amendments that are authorized and payable under the terms of the procurement contract as it was finally awarded or approved by the Comptroller, as applicable), renewal or extension of procurement contract, or any other material change in the procurement contract resulting in a financial benefit to the offerer.

**OFFERER** The individual or entity, or any employee agent or consultant or person acting on behalf of such individual or entity, that communicates with the OAG about a **Governmental Procurement** or seeks to participate in a **Governmental Procurement**.

**PROCUREMENT CONTRACT** Any contract or other agreement for an **Article of Procurement** involving an estimated annualized expenditure in excess of $15,000. Grants, Article 11-B State Finance Law Contracts, Intergovernmental Agreements, Railroad and Utility Force Accounts, Utility Relocation Project Agreements or Orders of Eminent Domain Transactions shall not be deemed **Procurement Contracts** in these Guidelines.

**RESTRICTED PERIOD** The period of time commencing with the earliest date of written notice, advertisement or solicitation of a request for proposal, invitation for bids, or solicitation of proposals, or any other method for soliciting a response from Offerers intending to result in a **Procurement Contract** with

the OAG and, ending with the final contract award and approval by, where applicable, the Office of the State Comptroller.

## III.   Exemptions

Certain communications are exempt from the Guidelines. These include: (i) submissions in response to an invitation for bid, a request for proposal or other solicitation, (ii) submissions of written questions to a designated contact set forth in an invitation for bid, request for proposal or other solicitation, (iii) participation in a conference provided for in an invitation for bid, request for proposal or other solicitation, (iv) contract negotiations, (v) inquiries regarding the factual status of a **Procurement Contract**, and (vi) complaints and protests regarding the procurement process and outcome.

In addition, any communication received by the OAG from members of the New York State Legislature or the Legislative Staff, when acting in their official capacity, shall not be considered a **Contact**.

## IV.   Violations

A violation of these Guidelines occurs when there is a **Contact** during the **Restricted Period** between the **Offerer** and someone other than the person or persons designated by the OAG to receive communications for the particular **Governmental Procurement**. This includes instances where the **Offerer** **Contacts** the OAG regarding **Governmental Procurements** of other **Governmental Entities**.

Attempts by an **Offerer** to influence a **Governmental Procurement** in a manner that would result in a violation of the Public Officer's Law, the Executive Orders of the Attorney General, or any other applicable ethics code shall also be a violation of these Guidelines.

## V.   Procedures

A.   Notifying Vendors of Procurement Lobbying Guidelines

1.   For each **Procurement Contract**, the OAG Budget and Fiscal Management Bureau will designate a person or persons to receive communications from **Offerers** concerning the **Procurement Contract**.

2.   The OAG Purchasing Team will incorporate a summary of the policy and prohibitions regarding permissible communications during a **Governmental Procurement** in its documents relating to the **Procurement Contract** and provide a copy of these Guidelines.

3.   The OAG Purchasing Team shall seek written affirmation from all **Offerers** as to the **Offerer's** understanding of and compliance with these Guidelines (Appears at the end of this guideline).

B.   Making Determinations of Responsibility

1.   Prior to award of a **Procurement Contract**, the OAG must make a responsibility determination with respect to the **Offerer** to be recommended for the award of the contract based upon, among other things, the information supplied by that **Offerer**. The **Offerer** must disclose in the Vendor Responsibility Questionnaire whether it has been found non-responsible within the last five years by any **Governmental Entity** for: (1) failure to comply with State Finance Law §139-j, or (2) the intentional provision of false or incomplete information. This disclosure must be certified by the **Offerer** and must affirmatively state that the information supplied by the **Offerer** to the OAG is complete, true and accurate (Appears at the end of this guideline).

2.   The **Procurement Contract** shall include a provision allowing the OAG to terminate the contract if the certification is subsequently found to be incomplete, false or inaccurate. Admissions by the **Offerer** of past findings of non-responsibility may constitute a basis for rejection of the **Offerer** by the OAG. The OAG can award a contract to the **Offerer** despite the past findings of non-responsibility if it determines that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

C.   Recording Contacts

1.   All OAG employees must record any **Contact** from any person or entity. **Contacts** may be initiated by parties with an interest in the procurement that are not necessarily connected directly to the **Offerer**. **Contacts** may come in the form of telephone conversations, correspondence, electronic mail and person-to-person discussions. The Record of Contact Form should be used to record all **Contacts**.

2.   Examples of **Contacts** for which a Record of Contact must be completed include:

a.   During the **Restricted Period**, an **Offerer Contacts** an OAG employee (other than the employee designated to receive such communications) to discuss the **Offerer's**, cost-competitiveness or its suitability to be selected for a contract

b.   A court reporter, expert witness or any other vendor offers an OAG employee a gift of any monetary value during the **Restricted Period**.

3.   Examples of permissible communications for which there is no need to prepare Record of Contact include:

a.   Inquiries as to the status of the procurement process

b.   Requests to be included on the OAG's **Offerer's** list

c.   Receipt of advertising material

d.   Intra-agency communications of administrative details concerning the procurement

e.   Responses to OAG issued Requests for Information

f.   Written questions submitted by **Offerers** regarding a solicitation during the allowable time period of a competitive procurement

g.   Complaints about the procurement process or outcome

h.   Participation in an **Offerer's** conference as provided in a request for proposal or invitation for bid

i.   Submission of a bid in response to a request for proposal or invitation for bid

j.   Contract negotiations

k.   Debriefing of a **Offerer** after a contract award has been made

4.   If an OAG employee is in doubt about whether a communication was intended to influence the **Governmental Procurement**, he/she should record the communication on the Record of Contact Form and submit it to ProcurementLaw@OAG.State.NY.US for further investigation

5.   The OAG Purchasing Team will be required to include all Records of Contact in the procurement record for the related **Procurement Contract**.

D.   Investigation of Contacts/ Penalties for Violations

1.   All reported **Contacts** will be immediately investigated by the OAG Ethics Officer or his or her designee. If the OAG Ethics Officer finds sufficient cause to believe that an **Offerer** has violated these Guidelines, the **Offerer** will be notified in writing of the investigation and will be afforded an opportunity to respond to the alleged violation. Investigations will be completed as soon as practicable so as not to delay the progress

of the **Governmental Procurement**.

2.   If the OAG Ethics Officer should find at the conclusion of the investigation that the **Offerer** knowingly and willfully made prohibited **Contact** in violation of these Guidelines, then the **Offerer** shall be disqualified as non-responsible, unless the OAG makes a finding that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

[1]Defined terms are in bold

---

**Bidder Understanding & Compliance with State Finance Law Section 139-j & 139-k:**

Company affirms that it understands and agrees to comply with the procedures of the Office of the Attorney General relative to permissible contacts as required by State Finance Law Section 139-j (3) and Section 139-j (6) (b); and that all information provided to the Office of the Attorney General, with respect to State Finance Law Section 139-k is complete, true and accurate.

Signed By: _____

Date: 12/16/2021

Name (Print): Joon Kim

Title: Partner

Company Name: Cleary Gottlieb

Company Address: One Liberty Plaza
NY, NY 10006

---

**Bidder Disclosure of Prior Non-Responsibility Determinations:**

Has any NYS agency/authority made a finding of non-responsibility regarding the Offerer in the last 5 years?:
☐ Yes ☒ No

Has any NYS agency/authority terminated a procurement contract with the Offerer due to intentional provision of false or incomplete information?:
☐ Yes ☒ No

If "Yes" to either/both questions, please provide details; such as: NYS agency/authority, Basis for Finding, Year of Finding/Termination, and Facts Underlying Finding/Termination.

New York State Comptroller
THOMAS P. DINAPOLI

Logout

VendRep Agency | Contract Search

My Apps ▽

CLEARY GOTTLIEB STEEN & HAMILTON LLP                            Contract Data

## Certification

The undersigned (1) recognizes that this questionnaire is submitted for the express purpose of assisting New York State government entities (including the Office of the State Comptroller (OSC)) in making responsibility determinations regarding award or approval of a contract or subcontract and that such government entities will rely on information disclosed in the questionnaire in making responsibility determinations; (2) acknowledges that the New York State government entities and OSC may, in their discretion, by means which they may choose, verify the truth and accuracy of all statements made herein; and (3) acknowledges that intentional submission of false or misleading information may result in criminal penalties under State and/or Federal Law, as well as a finding of non-responsibility, contract suspension or contract termination.

**The undersigned certifies that he/she:**

- is knowledgeable about the submitting Business Entity's business and operations;

- has read and understands all of the questions contained in the questionnaire;

- has reviewed and/or supplied full and complete responses to each question;

- to the best of his/her knowledge, information and belief, confirms that the Business Entity's responses are true, accurate and complete, including all attachments, if applicable;

- understands that New York State government entities will rely on the information disclosed in the questionnaire when entering into a contract with the Business Entity; and

- is under an obligation to update the information provided herein to include any material changes to the Business Entity's responses at the time of bid/proposal submission through the contract award notification, and may be required to update the information at the request of the New York State government entities or OSC prior to the award and/or approval of a contract, or during the term of the contract.

| | |
|---|---|
| **Legal Business Name:** | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| **Certifier's Name:** | Joon Kim |
| **Certifier's Title:** | Partner |
| **Certification Date:** | Jun 11, 2021 |

About OSC | Employment | Contact Us | Privacy and Links Policies | Regulations | Accessibility | FOIL | Webcasts
© Office of the New York State Comptroller

GAMC-T1-055003



New York State Department of Taxation and Finance

# Contractor Certification to Covered Agency
(Pursuant to Section 5-a of the Tax Law, as amended, effective April 26, 2006)

**ST-220-CA**
(12/11)

**For information, consult Publication 223, *Questions and Answers Concerning Tax Law Section 5-a* (see *Need Help?* on back).**

| | | | | |
|---|---|---|---|---|
| Contractor name<br>Cleary Gottlieb Steen & Hamilton LLP | | | | *For covered agency use only*<br>*Contract number or description* |

| Contractor's principal place of business<br>One Liberty Plaza | City<br>New York | State<br>NY | ZIP code<br>10006 | *Estimated contract value over the full term of contract (but not including renewals)* |
|---|---|---|---|---|
| Contractor's mailing address *(if different than above)* | | | | $ |

| Contractor's federal employer identification number (EIN)<br>13-5599083 | Contractor's sales tax ID number *(if different from contractor's EIN)* | |
|---|---|---|
| Contractor's telephone number<br>212  225-2000 | Covered agency name<br>State of New York Office of the Attorney General | |
| Covered agency address<br>28 Liberty Street, New York, NY 10005 | | Covered agency telephone number<br>212  416-8178 |

I, __Michael McDonnell_____ , hereby affirm, under penalty of perjury, that I am __Director of Tax_____
    *(name)*                                                                                    *(title)*

of the above-named contractor, that I am authorized to make this certification on behalf of such contractor, and I further certify that:

*(Mark an **X** in only one box)*

☒ The contractor has filed Form ST-220-TD with the Department of Taxation and Finance in connection with this contract and, to the best of contractor's knowledge, the information provided on the Form ST-220-TD, is correct and complete.

☐ The contractor has previously filed Form ST-220-TD with the Tax Department in connection with _____
                                                                                        *(insert contract number or description)*

and, to the best of the contractor's knowledge, the information provided on that previously filed Form ST-220-TD, is correct and complete as of the current date, and thus the contractor is not required to file a new Form ST-220-TD at this time.

Sworn to this 2nd day of June , 20 21

_____          Director of Tax
*(sign before a notary public)*                        *(title)*

---

# Instructions

## General information

Tax Law section 5-a was amended, effective April 26, 2006. On or after that date, in all cases where a contract is subject to Tax Law section 5-a, a contractor must file (1) Form ST-220-CA, *Contractor Certification to Covered Agency,* with a covered agency, and (2) Form ST-220-TD with the Tax Department before a contract may take effect. The circumstances when a contract is subject to section 5-a are listed in Publication 223, Q&A 3. See *Need help?* for more information on how to obtain this publication. In addition, a contractor must file a new Form ST-220-CA with a covered agency before an existing contract with such agency may be renewed.

**Note:** Form ST-220-CA must be signed by a person authorized to make the certification on behalf of the contractor, and the acknowledgement on page 2 of this form must be completed before a notary public.

## When to complete this form

As set forth in Publication 223, a contract is subject to section 5-a, and you must make the required certification(s), if:

i. The procuring entity is a *covered agency* within the meaning of the statute (see Publication 223, Q&A 5);

ii. The contractor is a *contractor* within the meaning of the statute (see Publication 223, Q&A 6); and

iii. The contract is a *contract* within the meaning of the statute. This is the case when it (a) has a value in excess of $100,000 and (b) is a contract for *commodities* or *services,* as such terms are defined for purposes of the statute (see Publication 223, Q&A 8 and 9).

Furthermore, the procuring entity must have begun the solicitation to purchase on or after January 1, 2005, and the resulting contract must have been awarded, amended, extended, renewed, or assigned *on or after April 26, 2006* (the effective date of the section 5-a amendments).

## Individual, Corporation, Partnership, or LLC Acknowledgment

STATE OF New York }

             :     SS.:

COUNTY OF New York }

On the 2ⁿᵈ day of June _____ in the year 2021, before me personally appeared Michael McDonnell ,

known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that

[Mark an **X** in the appropriate box and complete the accompanying statement.]

☐ (If an individual): _he executed the foregoing instrument in his/her name and on his/her own behalf.

☐ (If a corporation): _he is the _____

of _____ , the corporation described in said instrument; that, by authority of the Board of Directors of said corporation, _he is authorized to execute the foregoing instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.

☒ (If a partnership): _he is a Director of Tax _____

of Cleary Gottlieb Steen & Hamilton LLP , the partnership described in said instrument; that, by the terms of said partnership, _he is authorized to execute the foregoing instrument on behalf of the partnership for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said partnership as the act and deed of said partnership.

☐ (If a limited liability company): _he is a duly authorized member of _____ , LLC, the limited liability company described in said instrument; that _he is authorized to execute the foregoing instrument on behalf of the limited liability company for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said limited liability company as the act and deed of said limited liability company.

_Phil Factor_

Notary Public

**Daniel H. Factor**
**Notary Public, State of New York**
**No. 01FA6396638**
**Qualified in Westchester County**
**Character Card on File in New York County**
**Commission Expires on August 26, 2023**

Registration No. 01FA6396638

Signatory in Queens County, Notary in New York County

Remotely notarized pursuant to NYS E.O. 202.7

**Privacy notification**

The Commissioner of Taxation and Finance may collect and maintain personal information pursuant to the New York State Tax Law, including but not limited to, sections 5-a, 171, 171-a, 287, 308, 429, 475, 505, 697, 1096, 1142, and 1415 of that Law; and may require disclosure of social security numbers pursuant to 42 USC 405(c)(2)(C)(i).

This information will be used to determine and administer tax liabilities and, when authorized by law, for certain tax offset and exchange of tax information programs as well as for any other lawful purpose.

Information concerning quarterly wages paid to employees is provided to certain state agencies for purposes of fraud prevention, support enforcement, evaluation of the effectiveness of certain employment and training programs and other purposes authorized by law.

Failure to provide the required information may subject you to civil or criminal penalties, or both, under the Tax Law.

This information is maintained by the Manager of Document Management, NYS Tax Department, W A Harriman Campus, Albany NY 12227; telephone (518) 457-5181.

**Need help?**

www Visit our Web site at **www.tax.ny.gov**
  • get information and manage your taxes online
  • check for new online services and features

📧 **Telephone assistance**

| | |
|---|---|
| **Sales Tax** Information Center: | (518) 485-2889 |
| To order forms and publications: | (518) 457-5431 |

Text Telephone (TTY) Hotline (for persons with hearing and speech disabilities using a TTY): (518) 485-5082

♿ **Persons with disabilities:** In compliance with the Americans with Disabilities Act, we will ensure that our lobbies, offices, meeting rooms, and other facilities are accessible to persons with disabilities. If you have questions about special accommodations for persons with disabilities, call the information center.



**Workers'
Compensation
Board**

## CERTIFICATE OF
## NYS WORKERS' COMPENSATION INSURANCE COVERAGE

| | |
|---|---|
| 1a. Legal Name & Address of Insured (use street address only)<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York NY 10006 | 1b. Business Telephone Number of Insured<br>212 225 3728<br><br>1c. NYS Unemployment Insurance Employer Registration Number of Insured |
| Work Location of Insured *(Only required if coverage is specifically limited to certain locations in New York State, i.e., a Wrap-Up Policy)* | 1d. Federal Employer Identification Number of Insured or Social Security Number<br>13-5599083 |
| 2. Name and Address of Entity Requesting Proof of Coverage<br>(Entity Being Listed as the Certificate Holder)<br>NYS Office of the Attorney General | 3a. Name of Insurance Carrier<br>Great Northern Insurance Company<br><br>3b. Policy Number of Entity Listed in Box "1a"<br>(22) 7170-13-28<br><br>3c. Policy effective period<br>   09/01/2021   to  09/01/2022<br><br>3d. The Proprietor, Partners or Executive Officers are<br>  [X] included. (Only check box if all partners/officers included)<br>  [ ] all excluded or certain partners/officers excluded. |

This certifies that the insurance carrier indicated above in box "3" insures the business referenced above in box "1a" for workers' compensation under the New York State Workers' Compensation Law. **(To use this form, New York (NY) must be listed under Item 3A on the INFORMATION PAGE of the workers' compensation insurance policy).** The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed above as the certificate holder in box "2".

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is canceled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from the coverage indicated on this Certificate. (These notices may be sent by regular mail.) **Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in box "3c", whichever is earlier.**

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Workers' Compensation contract of insurance only while the underlying policy is in effect.

**Please Note: Upon cancellation of the workers' compensation policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of Workers' Compensation Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Workers' Compensation Law.**

**Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has the coverage as depicted on this form.**

Approved by:      Andrew Pachter
           (Print name of authorized representative or licensed agent of insurance carrier)

Approved by:      *Andrew Pachter*         12/29/21
           (Signature)             (Date)

Title:      VP Commercial insurance

Telephone Number of authorized representative or licensed agent of insurance carrier:      1-800-982-2125

**Please Note: Only insurance carriers and their licensed agents are authorized to issue Form C-105.2. Insurance brokers are <u>NOT</u> authorized to issue it.**

C-105.2 (9-17)

**GAMC-T1-055006**

# Workers' Compensation Law

**Section 57.  Restriction on issue of permits and the entering into contracts unless compensation is secured.**

1.  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, and notwithstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any compensation to any such employee if so employed.

2.  The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter.

C-105.2 (9-17) REVERSE

GAMC-T1-055007



# CERTIFICATE OF INSURANCE COVERAGE
## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

| PART 1. To be completed by Disability and Paid Family Leave Benefits Carrier or Licensed Insurance Agent of that Carrier |
|---|

**1a.** Legal Name & Address of Insured (use street address only)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ONE LIBERTY PLAZA
NEW YORK, NY  10006-1404

Work Location of Insured *(Only required if coverage is specifically limited to certain locations in New York State, i.e., Wrap-Up Policy)*

**1b.** Business Telephone Number of Insured

212 225 3133

**1c.** Federal Employer Identification Number of Insured or Social Security Number

135599083

**2.** Name and Address of Entity Requesting Proof of Coverage (Entity Being Listed as the Certificate Holder)

NY OFFICE OF THE ATTORNEY GENERAL
28 LIBERTY STREET
NEW YORK, NY  10005

**3a.** Name of Insurance Carrier

First Unum Life Insurance Company

**3b.** Policy Number of Entity Listed in Box "1a"

421220

**3c.** Policy effective period

06/03/2021   to   06/03/2022

**4.** Policy provides the following benefits:
- ☒ A. Both disability and paid family leave benefits.
- ☐ B. Disability benefits only.
- ☐ C. Paid family leave benefits only.

**5.** Policy covers:
- ☒ A. All of the employer's employees eligible under the NYS Disability and Paid Family Leave Benefits Law.
- ☐ B. Only the following class or classes of employer's employees:

Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has NYS Disability and/or Paid Family Leave Benefits Law insurance coverage as described above.

Date Signed  6/3/2021       By     **Roberta Brown**

Digitally signed by Roberta Brown
DN: CN=US, O=Client Services, CN=Roberta Brown, E=rmbrown@unum.com
Reason: I am the author of this document
Location: your signing location here
Date: 2021.06.03 13:16:55-04'00'
Foxit PhantomPDF Version: 9.7.1.29511

(Signature of insurance carrier's authorized representative or NYS Licensed Insurance Agent of that insurance carrier)

Telephone Number   1-800-ASK-UNUM      Name and Title    Roberta Brown, DBL Specialist

IMPORTANT:   If Boxes 4A and 5A are checked, and this form is signed by the insurance carrier's authorized representative or NYS Licensed Insurance Agent of that carrier, this certificate is COMPLETE. Mail it directly to the certificate holder.

If Box 4B, 4C or 5B is checked, this certificate is NOT COMPLETE for purposes of Section 220, Subd. 8 of the NYS Disability and Paid Family Leave Benefits Law. It must be mailed for completion to the Workers' Compensation Board, Plans Acceptance Unit, PO Box 5200, Binghamton, NY 13902-5200.

| PART 2. To be completed by the NYS Workers' Compensation Board (Only if Box 4C or 5B of Part 1 has been checked) |
|---|

## State of New York
## Workers' Compensation Board

According to information maintained by the NYS Workers' Compensation Board, the above-named employer has complied with the NYS Disability and Paid Family Leave Benefits Law with respect to all of his/her employees.

Date Signed  _____   By  _____

(Signature of Authorized NYS Workers' Compensation Board Employee)

Telephone Number  _____   Name and Title  _____

***Please Note:*** *Only insurance carriers licensed to write NYS disability and paid family leave benefits insurance policies and NYS licensed insurance agents of those insurance carriers are authorized to issue Form DB-120.1.* ***Insurance brokers are NOT authorized to issue this form.***

**DB-120.1 (10-17)**



**GAMC-T1-055008**

# Additional Instructions for Form DB-120.1

By signing this form, the insurance carrier identified in Box 3 on this form is certifying that it is insuring the business referenced in box "1a" for disability and/or paid family leave benefits under the New York State Disability and Paid Family Leave Benefits Law. The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed as the certificate holder in Box 2.

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is cancelled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from coverage indicated on this Certificate. (These notices my be sent by regular mail.) Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in Box 3c, whichever is earlier

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Disability and/or Paid Family Leave Benefits contract of insurance only while the underlying policy is in effect.

**Please Note: Upon the cancellation of the disability and/or paid family leave benefits policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of NYS Disability and/or Paid Family Leave Benefits Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Disability and Paid Family Leave Benefits Law.**

## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

### §220. Subd. 8

(a)  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in employment as defined in this article, and not withstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand and twenty-one, the payment of family leave benefits for all employees has been secured as provided by this article. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any disability benefits to any such employee if so employed.

(b) The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in employment as defined in this article and notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand eighteen, the payment of family leave benefits for all employees has been secured as provided by this article.

DB-120.1 (10-17) Reverse

GAMC-T1-055009

Office of the State Comptroller
Bureau of Contracts
The Procurement Record Checklist

Department ID/Department Name: 3600000/Department of Law

Agency Contact:  Joseph A. Carucci    Telephone: 518/776-2128    E-Mail: joseph.carucci@ag.ny.gov

Contract/Vendor Name      C105803 - Cleary Gottlieb Steen & Hamilton LLP

Contract Period:  March 8, 2021 to December 31, 2021

1. Contract Description:  Outside Counsel Services – Supp. No. 1

2. Need Statement: The OAG needs to obtain outside counsel services for the investigation into the Governor.

3. Procurement Method:
☐ IFB - Lowest Bid Meeting Specifications        ☐ Emergency
☐ RFP - Evaluation of Technical and Cost          ☐ Mini Bid
☐ (Best-Value Specified)                                    ☐ Discretionary
☒ Single Source                                                  ☐ Piggyback
☐ Sole Source                                                     ☐ Other
☐ Preferred Source

4. Summary of Competitive Procurement:

a. Number of Bids Solicited:
b. Number of Bids Received:
c. Number of Rejections:
d. Number of Protests/Disputes*:
   *Protest/Dispute Related Documents Must be Included in the Record Submitted to OSC.

5. Debriefings Requested?          ☐ Yes          ☒ No
   If yes, number of debriefings requested, and status/dates of debriefings held:

6. Procurement Opportunities Newsletter (New York State Contract Reporter, also known as NYSCR)

☐ Advertisement Notice/Agency Certification Attached
☒ Copy of OSC Exemption Attached (include Contract Reporter Exemption Request
   number). Ad Number:
☐ Exempted Per Statute _____ (if the exemption is not provided under Article 4-C of the
   Economic Development Law please provide citation)


7. **THE FOLLOWING INFORMATION (7 a-e) MUST ALSO BE PROVIDED ONLY WHEN AN
   RFP IS USED.** (A separate document may be used, or an agency may reference specific documents
   and/or sections of the RFP.)

   a.   Explain the process used to ensure a competitive field:

   b. Explain the scope of work to be performed under the contract:

   c. List the evaluation criteria and relative points used to evaluate the proposals:
      Technical Points:

GAMC-T1-055010

Cost Points:

Identify where in the RFP detailed evaluation criteria is set forth:

d. Explain the methodology used for evaluating the proposals:

e. Provide a summary of the evaluation results, and the basis for the selection of the successful offeror:

See attached evaluation summary spreadsheet

8. Submit all documentation required by the OSC Bureau of Contracts. Specific requirements can be obtained by calling the OSC Bureau of Contracts at 518-474-6494.

9. Required Signatures (check those which apply):

☒ Agency
☒ Vendor
☐ Vendor's Acknowledgment

☒ Approvals (check those which apply):

☐ Division of the Budget
☐ Office of State Operations Approval of the B-1184
☐ Civil Service
☒ Attorney General
☐ Office for Technology PTP Approval
☐ OGS Approval of the Price for Preferred Source Service Acquisitions
☐ OGS Piggyback Approval

Agency Signature: _Joseph A. Carucci_ Date: 04/14/2022

OSC Auditor: _____        Date: _____

**GAMC-T1-055011**

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL
**CONTRACT NUMBER C-105803**
Cleary Gottlieb Steen & Hamilton LLP

This AGREEMENT is made by and between STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL, with a principal office located at 28 Liberty Street, New York, NY 10005 ("OAG"), and Cleary Gottlieb Steen & Hamilton, LLP a law firm having an office located at One Liberty Plaza, New York, NY 10006 (the "Firm").

WHEREAS, on February 28, 2021 Governor Andrew Cuomo directed the Attorney General to select an independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor (the "Matter"); and

WHEREAS, the OAG conducted an extensive search and received several proposals from law firms; and

WHEREAS, the OAG has determined that it is appropriate to retain outside counsel to investigate and review issues raised in the Matter and to enter into an Agreement for the provision of such services; and

WHEREAS, the Firm has extensive expertise in investigating, reviewing and assessing allegations of sexual harassment and misconduct.

NOW, THEREFORE, in consideration of the mutual covenants and considerations herein set forth, the parties hereto agree as follows:

1.    The Firm is hereby retained by the OAG to provide the above-described legal and investigative services (legal services).

2.    The Firm shall provide the legal services hereunder, as set forth more fully in Exhibit A, which is incorporated herein by reference, in accordance with this Agreement and in consultation with appropriate personnel of the OAG.

3.    The OAG shall pay the Firm for all professional services provided under this Agreement in accordance with the Outside Counsel Billing Criteria and Policy attached hereto as Exhibit B and made a part hereof, at the hourly rates set forth in the Cost Proposal attached hereto as Exhibit C and made a part hereof.  Unless otherwise agreed between the OAG and the Firm, the fees for such professional services, inclusive of disbursements, shall not exceed the amount of $2,552,500.00.

4.    This Agreement constitutes the entire agreement of the parties and all previous communications between the parties, whether written or oral, with reference to the subject matter of this Agreement are hereby superseded.  In the event of any inconsistency or conflict among the documents comprising this Agreement, such inconsistency or conflict shall be resolved by giving precedence to the documents in the following order:

      a.    Appendix A, Standard Clauses for New York State Contracts

GAMC-T1-055012

b.      This Agreement
c.      Exhibit A, Scope of Work
d.      Exhibit B, Outside Counsel Billing Criteria and Policy
e.      Exhibit C, Cost Proposal
f.      Exhibit D, Engagement Letter

5.      Payments to the Firm shall be made upon submission of the Firm's invoices indicating the legal services rendered, the name of the matter involved, the Firm personnel providing services to the OAG, their billing rates, the number of hours expended by each in providing services hereunder, in accordance with the rates shown on Exhibit C, and disbursements in accordance with Exhibit B. Time expended by Firm personnel shall be billed in the increment of one-tenth (1/10) hour.  Such invoices shall be submitted by the Firm to:

        Payments Unit
        Payments@ag.ny.gov
        NYS Office of the Attorney General
        The Capitol
        Albany, New York 12224

6.      All payments to the Firm shall be made in the normal course of business of the State of New York and shall be sent to:

        Joon H. Kim
        Cleary Gottlieb Steen & Hamilton LLP
        One Liberty Plaza New York NY 10006

7.      Upon request, the Firm shall provide the OAG's Counsel or his or her designee with a copy of all applicable written materials prepared by the Firm in the performance of legal services hereunder.

8.      The Firm shall devote such time as may be necessary to provide legal services described herein, subject to the Outside Counsel Billing Criteria and Policy, but shall not be prevented from providing its services to any other client not in conflict with this Agreement.

9.      The relationship of the Firm to the OAG arising out of this Agreement shall be that of attorney and client.

10.     Unless modified as provided herein, this Agreement shall begin on March 8, 2021 and will continue for six months or upon completion of the retained scope of work, whichever may occur first.  This Agreement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller.  This Agreement may be terminated by the OAG:  (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that Joon H. Kim, the Principal identified in paragraph 15 below, separates from the Firm; (3) for the unavailability of funds; (4) for

cause due to the Firm's actions; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

11.     Firm represents that it has undertaken a review of its current clients and former engagements, and has not identified any conflict of interest that would prohibit it or any of its attorneys or professional staff assigned to this matter from accepting this undertaking, with the exception of pending matters in which its client is adverse to the OAG, and as to which the OAG has provided a waiver.  During the course of performing the services under this Engagement, it shall avoid any actual and the appearance of conflicts of interest.

The OAG understands that the Firm also provides similar services to other clients and may provide such services to other clients in the future, in a range of matters, potentially including matters adverse to OAG, or which are, or may be the subject of investigation, or other proceedings initiated by or against OAG. OAG agrees that Firm's provision of services to the OAG pursuant to the Engagement will not foreclose Firm from providing such services or advising other clients in matters that are adverse to OAG's interests, but are not related to the subject of the Engagement, and do not require the disclosure of OAG's confidential information obtained during the course of the provision of services. Firm shall notify the OAG in the event of any potential conflict of interest, and the measures implemented to avoid such conflict, where Firm can do so without disclosing confidential information of other parties. Firm shall not assign any personnel to do work pursuant to this Engagement who is providing services to a Firm client in matters adverse to OAG during the term of the Engagement. Firm acknowledges that in all OAG matters, the OAG will exercise its independent judgment and not be influenced in any way by the participation of a particular firm in the matter.

12.     Additional Grounds for Termination for Non-Responsibility as a State Contractor.

12.1     The Firm shall at all times during the term remain responsible.  The Firm agrees, if requested by the OAG's Counsel or his or her designee, to present evidence of its continuing legal authority to do business in New York State, integrity, experience, ability, prior performance, and organizational and financial capacity.

12.2     Upon written notice to the Firm, and a reasonable opportunity to be heard with appropriate OAG officials or staff, the contract may be terminated by the OAG's Counsel or his or her designee at the Firm's expense where the Firm is determined by the OAG's Counsel or his or her designee to be no responsible. In such event, the OAG's Counsel or his or her designee may complete the contractual requirements in any manner he or she may deem advisable and pursue available legal or equitable remedies for breach.

12.3     The OAG's Counsel or his or her designee, in his or her sole discretion, reserves the right to suspend any or all activities under this contract, at any time, when he or she discovers information that calls into question the responsibility of the Firm.

In the event of such suspension, the Firm will be given written notice outlining the particulars of such suspension. Upon issuance of such notice, the Firm must comply with the terms of the suspension order. Contract activity may resume at such time as the OAG's Counsel or his or her designee issues a written notice authorizing a resumption of performance under the contract.

13. Opinions prepared by retained attorneys or law firms construing the statutes or constitution of the State of New York do not constitute the opinion of the State unless the prior written approval of the Attorney General is obtained. Requests for such approval shall be submitted to the Solicitor General, Appeals and Opinions Bureau, Department of Law, State Capitol, Albany, New York.

13.1    The Firm will represent the OAG in judicial litigation related to the services to be provided under this agreement only when such services are specifically requested by OAG's Counsel. Such approval must be requested separately for each matter to be litigated and must be received prior to the commencement of services therefor.

14. In the performance of its obligations hereunder, the Firm shall (1) comply with all applicable laws, rules and regulations pertaining to the rendering of the services; (2) maintain all licenses required under applicable law; and (3) maintain adequate Professional Liability Insurance at its own cost. The Firm shall maintain Workers Compensation and Disability Benefits Coverage for the life of this Agreement for the benefit of employees required to be covered by the New York State Workers Compensation Law and the New York State Disability Benefits Law. The Firm shall furnish the OAG with copies of the appropriate license(s), and evidence of the insurance coverage provided in this paragraph as the OAG may reasonably require.

15. The Firm agrees that Joon H. Kim, a Principal at the Firm, shall have primary supervisory responsibility for the legal services performed hereunder. Such attorney shall be the contact person with the OAG's Counsel and other OAG personnel during the term of this Agreement.

16. The Firm acknowledges that this Agreement is subject to the New York State Freedom of Information Law ("FOIL") as set forth in Article 6 of the New York State Public Officers Law, and that this Agreement may be disclosed, except to the extent that it is exempted from disclosure. The Firm's proprietary information that satisfies the requirements of section 87(2)(d) of the Public Officers Law and attorney-client privileged information, shall not be disclosed under FOIL. Subject to FOIL, the Firm's proprietary information may include all non-public information relating to its legal services. The Firm has labeled those portions of its proposal and the Agreement that it deems proprietary. The Firm's proprietary information, which includes trade secret information owned by the Firm, shall remain unpublished, except where publication or disclosure is required pursuant to FOIL or other applicable law.

17. New York State Finance Law Section (163)(4)(g) imposes certain reporting requirements on contractors doing business with New York State. In furtherance of these reporting requirements, the Firm agrees to complete and submit an initial planned employment data

report (Form A), and complete and submit annually, the annual employment report (Form B).

18.    Any notice to either party hereunder must be in writing, signed by the party giving it, and shall be served either personally or by registered mail return receipt requested addressed as follows:

**TO THE OAG**
  Larry Schimmel, Esq.,
  General Counsel
  NYS Office of the Attorney General
  28 Liberty Street
  New York, NY 10005
  Email: Larry.Schimmel@gmail.com

**TO THE FIRM**:
  Joon H. Kim
  Cleary Gottlieb Steen & Hamilton LLP
  One Liberty Plaza
  New York NY 10006
  jkim@cgsh.com

or to such other address as may be hereafter designated by notice. All notices become effective only when received by the addressee.

19.    The laws of New York will govern this Agreement, without regard for New York's choice of law statute. The parties agree to bring any action to construe, interpret or enforce this Agreement in a Court of competent jurisdiction in the State of New York. The Firm agrees to submit itself to such court's jurisdiction. The parties shall use their best efforts to resolve any disputes arising under this Agreement, including disputes as to the Firm's fees, which shall be amicably resolved by the parties. If the parties are unable to amicably resolve any dispute within thirty (30) days, then either party may seek legal or equitable redress.

20.    The parties agree that this Agreement may be amended from time to time for various reasons, including but not limited to changes in the law that subsequently impact the Firm's availability to provide certain services or at agreed upon fees. The Firm will abide by the OAG's amendment process. Any amendment to this Agreement shall be subject to the approval of the Office of the Attorney General and where applicable, the Office of the New York State Comptroller.

*The remainder of this page is intentionally left blank.*

IN WITNESS WHEREOF, the parties hereto have executed this agreement on the dates written below.

CONTRACT NUMBER C-105803

FIRM'S CERTIFICATION:
In addition to acceptance of this agreement, I certify that all information provided to the OAG is complete, true and accurate.

Cleary Gottlieb Steen & Hamilton LLP

_____          $6 \mid 10 \mid 2021$
Joon H. Kim                                Date

AGENCY CERTIFICATION:
I certify that original copies of this signature page will be attached to all other exact copies of this agreement.

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL

_____          $6 \mid 17 \mid 21$
                                          Date
Peter T. O'Neill
Chief Financial Officer
NYS Office of the Attorney General

APPROVED AS TO FORM OFFICE          APPROVAL OF OFFICE OF THE
OF THE ATTORNEY GENRAL              STATE COMPTROLLER
OFFICE OF THE ATTORNEY GENERAL

By: _____          By: _____

Dated: _____       Dated: _____

**APPROVED**
**DEPT. OF AUDIT & CONTROL**

Jul 14 2021
**Brian Fuller**

**FOR THE STATE COMPTROLLER**

## ACKNOWLEDGMENT BY NOTARY PUBLIC

**STATE OF** New York }
                          : **SS.:**
**COUNTY OF** New York }

On the 10th day of June _____ in the year 2021 , before me personally appeared:
Joon H. Kim _____ , known to me to be the person who executed the
~~foregoing instrument who being duly sworn by me did depose and say that he~~ resides at
_____ ,
_____ ,

**[Check One]**
(☐ **If an individual):** _he executed the foregoing instrument in his/her name and on his/her own behalf.
(☐ **If    a    corporation):**    _he    is    the    _____ of
_____ , the corporation described in said instrument; that, by
authority of the Board of Directors of said corporation, _he is authorized to execute the foregoing
instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that
authority, _he executed the foregoing instrument in the name of and on behalf of said corporation as
the act and deed of said corporation.
(☐ **If an unincorporated association):** _he is the _____ of
_____ , the firm described in said instrument; that, _he is
authorized to execute the foregoing instrument on behalf of the firm for the purposes set forth therein;
and that, pursuant to that authority, _he executed the foregoing instrument in the name and on behalf
of said firm as the act and deed of said firm.
(☒ **If    a    partnership):**    _he    is    a member    _____ of
Cleary Gottlieb Steen & Hamilton LLP , the partnership described in said instrument; that, by the
terms of said partnership, _he is authorized to execute the foregoing instrument on behalf of the
partnership for the purposes set forth therein; and that, pursuant to that authority, _he executed the
foregoing instrument in the name and on behalf of said partnership as the act and deed of said
partnership.

_____
**Notary Public**

**Brendan Cyr**
**Notary Public-State of New York**
**No. 02CY6235114**
**Qualified in New York County**
**My Commission Expires January 31, 2023**

## APPENDIX A
## NEW YORK STATE CONTRACT CLAUSES

**PLEASE RETAIN THIS DOCUMENT
FOR FUTURE REFERENCE.**

GAMC-T1-055019

## **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| 1. | Executory Clause | 3 |
| 2. | Non-Assignment Clause | 3 |
| 3. | Comptroller's Approval | 3 |
| 4. | Workers' Compensation Benefits | 3 |
| 5. | Non-Discrimination Requirements | 3 |
| 6. | Wage and Hours Provisions | 3-4 |
| 7. | Non-Collusive Bidding Certification | 4 |
| 8. | International Boycott Prohibition | 4 |
| 9. | Set-Off Rights | 4 |
| 10. | Records | 4 |
| 11. | Identifying Information and Privacy Notification | 4 |
| 12. | Equal Employment Opportunities For Minorities and Women | 4-5 |
| 13. | Conflicting Terms | 5 |
| 14. | Governing Law | 5 |
| 15. | Late Payment | 5 |
| 16. | No Arbitration | 5 |
| 17. | Service of Process | 5 |
| 18. | Prohibition on Purchase of Tropical Hardwoods | 5-6 |
| 19. | MacBride Fair Employment Principles | 6 |
| 20. | Omnibus Procurement Act of 1992 | 6 |
| 21. | Reciprocity and Sanctions Provisions | 6 |
| 22. | Compliance with Breach Notification and Data Security Laws | 6 |
| 23. | Compliance with Consultant Disclosure Law | 6 |
| 24. | Procurement Lobbying | 7 |
| 25. | Certification of Registration to Collect Sales and Compensating Use Tax by Certain State Contractors, Affiliates and Subcontractors | 7 |
| 26. | Iran Divestment Act | 7 |
| 27. | Admissibility of Contract | 7 |

GAMC-T1-055020

## STANDARD CLAUSES FOR NYS CONTRACTS

The parties to the attached contract, license, lease, amendment or other agreement of any kind (hereinafter, "the contract" or "this contract") agree to be bound by the following clauses which are hereby made a part of the contract (the word "Contractor" herein refers to any party other than the State, whether a contractor, licenser, licensee, lessor, lessee or any other party):

**1. EXECUTORY CLAUSE.** In accordance with Section 41 of the State Finance Law, the State shall have no liability under this contract to the Contractor or to anyone else beyond funds appropriated and available for this contract.

**2. NON-ASSIGNMENT CLAUSE.** In accordance with Section 138 of the State Finance Law, this contract may not be assigned by the Contractor or its right, title or interest therein assigned, transferred, conveyed, sublet or otherwise disposed of without the State's previous written consent, and attempts to do so are null and void. Notwithstanding the foregoing, such prior written consent of an assignment of a contract let pursuant to Article XI of the State Finance Law may be waived at the discretion of the contracting agency and with the concurrence of the State Comptroller where the original contract was subject to the State Comptroller's approval, where the assignment is due to a reorganization, merger or consolidation of the Contractor's business entity or enterprise. The State retains its right to approve an assignment and to require that any Contractor demonstrate its responsibility to do business with the State. The Contractor may, however, assign its right to receive payments without the State's prior written consent unless this contract concerns Certificates of Participation pursuant to Article 5-A of the State Finance Law.

**3. COMPTROLLER'S APPROVAL.** In accordance with Section 112 of the State Finance Law (or, if this contract is with the State University or City University of New York, Section 355 or Section 6218 of the Education Law), if this contract exceeds $50,000 (or the minimum thresholds agreed to by the Office of the State Comptroller for certain S.U.N.Y. and C.U.N.Y. contracts), or if this is an amendment for any amount to a contract which, as so amended, exceeds said statutory amount, or if, by this contract, the State agrees to give something other than money when the value or reasonably estimated value of such consideration exceeds $25,000, it shall not be valid, effective or binding upon the State until it has been approved by the State Comptroller and filed in his office. Comptroller's approval of contracts let by the Office of General Services is required when such contracts exceed $85,000 (State Finance Law § 163.6-a). However, such pre-approval shall not be required for any contract established as a centralized contract through the Office of General Services or for a purchase order or other transaction issued under such centralized contract.

**4. WORKERS' COMPENSATION BENEFITS.** In accordance with Section 142 of the State Finance Law, this contract shall be void and of no force and effect unless the Contractor shall provide and maintain coverage during the life of this contract for the benefit of such employees as are required to be covered by the provisions of the Workers' Compensation Law.

**5. NON-DISCRIMINATION REQUIREMENTS.** To the extent required by Article 15 of the Executive Law (also known as the Human Rights Law) and all other State and Federal statutory and constitutional non-discrimination provisions, the Contractor will not discriminate against any employee or applicant for employment, nor subject any individual to harassment, because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status,

sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status or because the individual has opposed any practices forbidden under the Human Rights Law or has filed a complaint, testified, or assisted in any proceeding under the Human Rights Law. Furthermore, in accordance with Section 220-e of the Labor Law, if this is a contract for the construction, alteration or repair of any public building or public work or for the manufacture, sale or distribution of materials, equipment or supplies, and to the extent that this contract shall be performed within the State of New York, Contractor agrees that neither it nor its subcontractors shall, by reason of race, creed, color, disability, sex, or national origin:   (a) discriminate in hiring against any New York State citizen who is qualified and available to perform the work; or (b) discriminate against or intimidate any employee hired for the performance of work under this contract.   If this is a building service contract as defined in Section 230 of the Labor Law, then, in accordance with Section 239 thereof, Contractor agrees that neither it nor its subcontractors shall by reason of race, creed, color, national origin, age, sex or disability:   (a) discriminate in hiring against any New York State citizen who is qualified and available to perform the work; or (b) discriminate against or intimidate any employee hired for the performance of work under this contract.   Contractor is subject to fines of $50.00 per person per day for any violation of Section 220-e or Section 239 as well as possible termination of this contract and forfeiture of all moneys due hereunder for a second or subsequent violation.

**6.  WAGE AND HOURS PROVISIONS.**   If this is a public work contract covered by Article 8 of the Labor Law or a building service contract covered by Article 9 thereof, neither Contractor's employees nor the employees of its subcontractors may be required or permitted to work more than the number of hours or days stated in said statutes, except as otherwise provided in the Labor Law and as set forth in prevailing wage and supplement schedules issued by the State Labor Department.   Furthermore, Contractor and its subcontractors must pay at least the prevailing wage rate and pay or provide the prevailing supplements, including the premium rates for overtime pay, as determined by the State Labor Department in accordance with the Labor Law.   Additionally, effective April 28, 2008, if this is a public work contract covered by Article 8 of the Labor Law, the Contractor understands and agrees that the filing of payrolls in a manner consistent with Subdivision 3-a of Section 220 of the Labor Law shall be a condition precedent to payment by the State of any State approved sums due and owing for work done upon the project.

**7.  NON-COLLUSIVE BIDDING CERTIFICATION.**   In accordance with Section 139-d of the State Finance Law, if this contract was awarded based upon the submission of bids, Contractor affirms, under penalty of perjury, that its bid was arrived at independently and without collusion aimed at restricting competition.   Contractor further affirms that, at the time Contractor submitted its bid, an authorized and responsible person executed and delivered to the State a non-collusive bidding certification on Contractor's behalf.

**8.  INTERNATIONAL BOYCOTT PROHIBITION.**   In accordance with Section 220-f of the Labor Law and Section 139-h of the State Finance Law, if this contract exceeds $5,000, the Contractor agrees, as a material condition of the contract, that neither the Contractor nor any substantially owned or affiliated person, firm, partnership or corporation has participated, is participating, or shall participate in an international boycott in violation of the federal Export Administration Act of 1979 (50 USC App. Sections 2401 et seq.) or regulations thereunder.   If such Contractor, or any of the aforesaid affiliates of Contractor, is convicted or is otherwise found to have violated said laws or regulations upon the final determination of the United States Commerce Department or any other appropriate agency of the United States subsequent to the

GAMC-T1-055022

contract's execution, such contract, amendment or modification thereto shall be rendered forfeit and void. The Contractor shall so notify the State Comptroller within five (5) business days of such conviction, determination or disposition of appeal (2 NYCRR § 105.4).

**9. SET-OFF RIGHTS.** The State shall have all of its common law, equitable and statutory rights of set-off. These rights shall include, but not be limited to, the State's option to withhold for the purposes of set-off any moneys due to the Contractor under this contract up to any amounts due and owing to the State with regard to this contract, any other contract with any State department or agency, including any contract for a term commencing prior to the term of this contract, plus any amounts due and owing to the State for any other reason including, without limitation, tax delinquencies, fee delinquencies or monetary penalties relative thereto. The State shall exercise its set-off rights in accordance with normal State practices including, in cases of set-off pursuant to an audit, the finalization of such audit by the State agency, its representatives, or the State Comptroller.

**10. RECORDS.** The Contractor shall establish and maintain complete and accurate books, records, documents, accounts and other evidence directly pertinent to performance under this contract (hereinafter, collectively, the "Records"). The Records must be kept for the balance of the calendar year in which they were made and for six (6) additional years thereafter. The State Comptroller, the Attorney General and any other person or entity authorized to conduct an examination, as well as the agency or agencies involved in this contract, shall have access to the Records during normal business hours at an office of the Contractor within the State of New York or, if no such office is available, at a mutually agreeable and reasonable venue within the State, for the term specified above for the purposes of inspection, auditing and copying. The State shall take reasonable steps to protect from public disclosure any of the Records which are exempt from disclosure under Section 87 of the Public Officers Law (the "Statute") provided that: (i) the Contractor shall timely inform an appropriate State official, in writing, that said records should not be disclosed; and (ii) said records shall be sufficiently identified; and (iii) designation of said records as exempt under the Statute is reasonable. Nothing contained herein shall diminish, or in any way adversely affect, the State's right to discovery in any pending or future litigation.

**11. IDENTIFYING INFORMATION AND PRIVACY NOTIFICATION.** (a) Identification Number(s). Every invoice or New York State Claim for Payment submitted to a New York State agency by a payee, for payment for the sale of goods or services or for transactions (e.g., leases, easements, licenses, etc.) related to real or personal property must include the payee's identification number. The number is any or all of the following: (i) the payee's Federal employer identification number, (ii) the payee's Federal social security number, and/or (iii) the payee's Vendor Identification Number assigned by the Statewide Financial System. Failure to include such number or numbers may delay payment. Where the payee does not have such number or numbers, the payee, on its invoice or Claim for Payment, must give the reason or reasons why the payee does not have such number or numbers.

(b) Privacy Notification. (1) The authority to request the above personal information from a seller of goods or services or a lessor of real or personal property, and the authority to maintain such information, is found in Section 5 of the State Tax Law. Disclosure of this information by the seller or lessor to the State is mandatory. The principal purpose for which the information is collected is to enable the State to identify individuals, businesses and others who have been delinquent in filing tax returns or may have understated their tax liabilities and to generally identify persons affected by the taxes administered by the Commissioner of Taxation and Finance. The information will be used for tax administration purposes and for any other purpose authorized by law. (2) The personal information is requested by the purchasing unit of the agency contracting to purchase the goods or services or lease the real or personal property covered by this contract or lease. The information is maintained in the Statewide Financial System by the Vendor Management Unit within the Bureau of State Expenditures, Office of the State Comptroller, 110 State Street, Albany, New York 12236.

GAMC-T1-055023

**12. EQUAL EMPLOYMENT OPPORTUNITIES FOR MINORITIES AND WOMEN.** In accordance with Section 312 of the Executive Law and 5 NYCRR Part 143, if this contract is: (i) a written agreement or purchase order instrument, providing for a total expenditure in excess of $25,000.00, whereby a contracting agency is committed to expend or does expend funds in return for labor, services, supplies, equipment, materials or any combination of the foregoing, to be performed for, or rendered or furnished to the contracting agency; or (ii) a written agreement in excess of $100,000.00 whereby a contracting agency is committed to expend or does expend funds for the acquisition, construction, demolition, replacement, major repair or renovation of real property and improvements thereon; or (iii) a written agreement in excess of $100,000.00 whereby the owner of a State assisted housing project is committed to expend or does expend funds for the acquisition, construction, demolition, replacement, major repair or renovation of real property and improvements thereon for such project, then the following shall apply and by signing this agreement the Contractor certifies and affirms that it is Contractor's equal employment opportunity policy that:

(a) The Contractor will not discriminate against employees or applicants for employment because of race, creed, color, national origin, sex, age, disability or marital status, shall make and document its conscientious and active efforts to employ and utilize minority group members and women in its work force on State contracts and will undertake or continue existing programs of affirmative action to ensure that minority group members and women are afforded equal employment opportunities without discrimination. Affirmative action shall mean recruitment, employment, job assignment, promotion, upgradings, demotion, transfer, layoff, or termination and rates of pay or other forms of compensation;

(b) at the request of the contracting agency, the Contractor shall request each employment agency, labor union, or authorized representative of workers with which it has a collective bargaining or other agreement or understanding, to furnish a written statement that such employment agency, labor union or representative will not discriminate on the basis of race, creed, color, national origin, sex, age, disability or marital status and that such union or representative will affirmatively cooperate in the implementation of the Contractor's obligations herein; and

(c) the Contractor shall state, in all solicitations or advertisements for employees, that, in the performance of the State contract, all qualified applicants will be afforded equal employment opportunities without discrimination because of race, creed, color, national origin, sex, age, disability or marital status.

Contractor will include the provisions of "a," "b," and "c" above, in every subcontract over $25,000.00 for the construction, demolition, replacement, major repair, renovation, planning or design of real property and improvements thereon (the "Work") except where the Work is for the beneficial use of the Contractor. Section 312 does not apply to: (i) work, goods or services unrelated to this contract; or (ii) employment outside New York State. The State shall consider compliance by a contractor or subcontractor with the requirements of any federal law concerning equal employment opportunity which effectuates the purpose of this clause. The contracting agency shall determine whether the imposition of the requirements of the provisions hereof duplicate or conflict with any such federal law and if such duplication or conflict exists, the contracting agency shall waive the applicability of Section 312 to the extent of such duplication or conflict. Contractor will comply with all duly promulgated and lawful rules and regulations of the

GAMC-T1-055024

Department of Economic Development's Division of Minority and Women's Business Development pertaining hereto.

**13. <u>CONFLICTING TERMS</u>.** In the event of a conflict between the terms of the contract (including any and all attachments thereto and amendments thereof) and the terms of this Appendix A, the terms of this Appendix A shall control.

**14. <u>GOVERNING LAW</u>.** This contract shall be governed by the laws of the State of New York except where the Federal supremacy clause requires otherwise.

**15. <u>LATE PAYMENT</u>.** Timeliness of payment and any interest to be paid to Contractor for late payment shall be governed by Article 11-A of the State Finance Law to the extent required by law.

**16. <u>NO ARBITRATION</u>.** Disputes involving this contract, including the breach or alleged breach thereof, may not be submitted to binding arbitration (except where statutorily authorized), but must, instead, be heard in a court of competent jurisdiction of the State of New York.

**17. <u>SERVICE OF PROCESS</u>.** In addition to the methods of service allowed by the State Civil Practice Law & Rules ("CPLR"), Contractor hereby consents to service of process upon it by registered or certified mail, return receipt requested. Service hereunder shall be complete upon Contractor's actual receipt of process or upon the State's receipt of the return thereof by the United States Postal Service as refused or undeliverable. Contractor must promptly notify the State, in writing, of each and every change of address to which service of process can be made. Service by the State to the last known address shall be sufficient. Contractor will have thirty (30) calendar days after service hereunder is complete in which to respond.

**18. <u>PROHIBITION ON PURCHASE OF TROPICAL HARDWOODS</u>.** The Contractor certifies and warrants that all wood products to be used under this contract award will be in accordance with, but not limited to, the specifications and provisions of Section 165 of the State Finance Law, (Use of Tropical Hardwoods) which prohibits purchase and use of tropical hardwoods, unless specifically exempted, by the State or any governmental agency or political subdivision or public benefit corporation. Qualification for an exemption under this law will be the responsibility of the contractor to establish to meet with the approval of the State.

In addition, when any portion of this contract involving the use of woods, whether supply or installation, is to be performed by any subcontractor, the prime Contractor will indicate and certify in the submitted bid proposal that the subcontractor has been informed and is in compliance with specifications and provisions regarding use of tropical hardwoods as detailed in § 165 State Finance Law. Any such use must meet with the approval of the State; otherwise, the bid may not be considered responsive. Under bidder certifications, proof of qualification for exemption will be the responsibility of the Contractor to meet with the approval of the State.

**19. <u>MACBRIDE FAIR EMPLOYMENT PRINCIPLES</u>.** In accordance with the MacBride Fair Employment Principles (Chapter 807 of the Laws of 1992), the Contractor hereby stipulates that the Contractor either (a) has no business operations in Northern Ireland, or (b) shall take lawful steps in good faith to conduct any business operations in Northern Ireland in accordance with the MacBride Fair Employment Principles (as described in Section 165 of the New York State Finance Law), and shall permit independent monitoring of compliance with such principles.

GAMC-T1-055025

**20.   OMNIBUS PROCUREMENT ACT OF 1992.** It is the policy of New York State to maximize opportunities for the participation of New York State business enterprises, including minority- and women-owned business enterprises as bidders, subcontractors and suppliers on its procurement contracts.

Information on the availability of New York State subcontractors and suppliers is available from:

> NYS Department of Economic Development
> Division for Small Business
> Albany, New York  12245
> Telephone:  518-292-5100
> Fax:  518-292-5884
> email: opa@esd.ny.gov

A directory of certified minority- and women-owned business enterprises is available from:

> NYS Department of Economic Development
> Division of Minority and Women's Business Development
> 633 Third Avenue
> New York, NY 10017
> 212-803-2414
> email: mwbecertification@esd.ny.gov
> https://ny.newnycontracts.com/FrontEnd/VendorSearchPublic.asp

The Omnibus Procurement Act of 1992 (Chapter 844 of the Laws of 1992, codified in State Finance Law § 139-i and Public Authorities Law § 2879(3)(n)–(p)) requires that by signing this bid proposal or contract, as applicable, Contractors certify that whenever the total bid amount is greater than $1 million:

(a)  The Contractor has made reasonable efforts to encourage the participation of New York State Business Enterprises as suppliers and subcontractors, including certified minority- and women-owned business enterprises, on this project, and has retained the documentation of these efforts to be provided upon request to the State;

(b) The Contractor has complied with the Federal Equal Opportunity Act of 1972 (P.L. 92-261), as amended;

(c) The Contractor agrees to make reasonable efforts to provide notification to New York State residents of employment opportunities on this project through listing any such positions with the Job Service Division of the New York State Department of Labor, or providing such notification in such manner as is consistent with existing collective bargaining contracts or agreements.  The Contractor agrees to document these efforts and to provide said documentation to the State upon request; and

(d) The Contractor acknowledges notice that the State may seek to obtain offset credits from foreign countries as a result of this contract and agrees to cooperate with the State in these efforts.

**21. RECIPROCITY AND SANCTIONS PROVISIONS.**  Bidders are hereby notified that if their principal place of business is located in a country, nation, province, state or political subdivision that penalizes New York State vendors, and if the goods or services they offer will be substantially produced or performed outside New York State, the Omnibus Procurement Act 1994 and 2000 amendments (Chapter 684 and Chapter 383, respectively, codified in State Finance Law § 165(6) and Public Authorities Law § 2879(5)) ) require that they be denied contracts which they would otherwise obtain.  NOTE:  As of October 2019, the list of discriminatory jurisdictions subject to this provision includes the states of South Carolina, Alaska, West Virginia, Wyoming, Louisiana and Hawaii.

**22. COMPLIANCE WITH BREACH NOTIFICATION AND DATA SECURITY LAWS.**  Contractor shall comply with the provisions of the New York State Information Security Breach and Notification Act (General Business Law § 899-aa and State Technology Law § 208) and commencing March 21, 2020 shall also comply with General Business Law § 899-bb.

**23. COMPLIANCE WITH CONSULTANT DISCLOSURE LAW.** If this is a contract for consulting services, defined for purposes of this requirement to include analysis, evaluation, research, training, data processing, computer programming, engineering, environmental, health, and mental health services, accounting, auditing, paralegal, legal or similar services, then, in accordance with Section 163 (4)(g) of the State Finance Law (as amended by Chapter 10 of the Laws of 2006), the Contractor shall timely, accurately and properly comply with the requirement to submit an annual employment report for the contract to the agency that awarded the contract, the Department of Civil Service and the State Comptroller.

**24. PROCUREMENT LOBBYING.** To the extent this agreement is a "procurement contract" as defined by State Finance Law §§ 139-j and 139-k, by signing this agreement the contractor certifies and affirms that all disclosures made in accordance with State Finance Law §§ 139-j and 139-k are complete, true and accurate.  In the event such certification is found to be intentionally false or intentionally incomplete, the State may terminate the agreement by providing written notification to the Contractor in accordance with the terms of the agreement.

**25. CERTIFICATION OF REGISTRATION TO COLLECT SALES AND COMPENSATING USE TAX BY CERTAIN STATE CONTRACTORS, AFFILIATES AND SUBCONTRACTORS.**
To the extent this agreement is a contract as defined by Tax Law § 5-a, if the contractor fails to make the certification required by Tax Law § 5-a or if during the term of the contract, the Department of Taxation and Finance or the covered agency, as defined by Tax Law § 5-a, discovers that the certification, made under penalty of perjury, is false, then such failure to file or false certification shall be a material breach of this contract and this contract may be terminated, by providing written notification to the Contractor in accordance with the terms of the agreement, if the covered agency determines that such action is in the best interest of the State.

**26. IRAN DIVESTMENT ACT**.  By entering into this Agreement, Contractor certifies in accordance with State Finance Law § 165-a that it is not on the "Entities Determined to be Non-Responsive Bidders/Offerers pursuant to the New York State Iran Divestment Act of 2012" ("Prohibited Entities List") posted at: https://ogs.ny.gov/list-entities-determined-be-non-responsive-biddersofferers-pursuant-nys-iran-divestment-act-2012

Contractor further certifies that it will not utilize on this Contract any subcontractor that is identified on the Prohibited Entities List. Contractor agrees that should it seek to renew or extend this Contract, it must provide the same certification at the time the Contract is renewed or extended. Contractor also agrees that any proposed Assignee of this Contract will be required to certify that it is not on the Prohibited Entities List before the contract assignment will be approved by the State.

During the term of the Contract, should the state agency receive information that a person (as defined in State Finance Law § 165-a) is in violation of the above-referenced certifications, the state agency will review such information and offer the person an opportunity to respond. If the person fails to demonstrate that it has ceased its engagement in the investment activity which is in violation of the Act within 90 days after the determination of such violation, then the state agency shall take such action as may be appropriate and provided for by law, rule, or contract, including, but not limited to, imposing sanctions, seeking compliance, recovering damages, or declaring the Contractor in default.

The state agency reserves the right to reject any bid, request for assignment, renewal or extension for an entity that appears on the Prohibited Entities List prior to the award, assignment, renewal or extension of a contract, and to pursue a responsibility review with respect to any entity that is awarded a contract and appears on the Prohibited Entities list after contract award.

**27. <u>ADMISSIBILITY OF REPRODUCTION OF CONTRACT</u>.** Notwithstanding the best evidence rule or any other legal principle or rule of evidence to the contrary, the Contractor acknowledges and agrees that it waives any and all objections to the admissibility into evidence at any court proceeding or to the use at any examination before trial of an electronic reproduction of this contract, in the form approved by the State Comptroller, if such approval was required, regardless of whether the original of said contract is in existence.

## EXHIBIT A
## STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL
## CONTRACT NUMBER C-105803

## SCOPE OF WORK

Pursuant to the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), the scope of services includes investigating and reporting on allegations of, and circumstances surrounding, sexual harassment by Governor Andrew Cuomo. Pursuant to and consistent with Section 63(8) and the relevant referral letter, appointed members of the FIRM will report exclusively and in detail to the OAG on a weekly basis and will, at the conclusion of the investigation, produce a public report with their findings and conclusions.

## EXHIBIT B
## OUTSIDE COUNSEL BILLING CRITERIA AND POLICY

I.   Policy

These criteria have been established to enhance the working relationship between the OAG's attorneys and the Firm.  The Firm shall review these criteria and direct any questions to the OAG's Counsel for clarification.

II.  Guidelines for Billing and Fees

The OAG shall pay for the Firm's services at rates that are agreed to by both parties.  All hourly rates will be binding for the term of the Agreement.  All billings must be calculated in units of one-tenth of an hour. Travel time shall not be billed.  The Firm agrees that all hourly rates shall include all fixed overhead costs including but not limited to expenses for word processing, secretarial or clerical work or reference librarians.  Any billings for actual expenses incurred by the Firm (i.e. disbursements) must be substantiated and documented.

III. Work Assignment

The Firm shall keep the OAG's Counsel informed of the nature, scope and time frame for all assignments undertaken by the Firm prior to the commencement of the assignment.  The Firm shall not research or prepare legal analyses or other written work products with a projected value of One Thousand Dollars ($1,000.00) or greater without the prior written consent of the Counsel. For projects under One Thousand Dollars (1,000.00), verbal consent of the Counsel will suffice, but in no instance shall projects be commenced without the knowledge of Counsel.

IV. Calculations of Costs in Estimating Work and Case Assignments

A.    *Staff allocation*

The Firm agrees to assign personnel who are qualified and experienced litigators.  Likewise, the OAG shall not be billed at a partner's hourly rate when one of the Firm's associates could have reasonably worked on and/or properly handled an issue.  In all cases, work should be assigned to the least costly qualified person in the Firm available to handle the task. The Firm agrees that each of its associates, paralegals, interns or legal assistants assigned to the OAG's work shall make a clear contribution, although nothing in this section or elsewhere should be construed to require creation of written work product where the Firm, in its professional judgment, would not otherwise do so.  The OAG and the Firm agree that whenever possible, associates and legal assistants shall be utilized to replace partners' time and reduce total billings.  However, both parties also recognize that the utilization of a lawyer with expertise in a particular area of law will eliminate the necessity of extensive research.  The OAG and the Firm agree that no additional staff will be added to a work assignment prior to consultation with the OAG's Counsel.  The Firm should seek to limit, to the extent possible, the number of internal conferences and meetings between members of the Firm that are billed to the OAG.

1

GAMC-T1-055030

B. *Overtime Billing*

The Firm shall not bill for overtime since it is expected that any work assigned will be conducted during normal business hours.

C. *Changes in Staff*

In the event the Firm is forced to make a staff change of anyone assigned to a OAG case or matter, the Firm will not bill the OAG for any time expended by the new staff of the Firm becoming acquainted with such area of law or matter.

D. *Fax Charges and E-mail*

The Firm is directed to use e-mail as the preferred mode of communication. Any attachments to e-mail documents should be formatted in Microsoft Word, Excel or Power Point. The Firm is directed not to duplicate costs by mailing a document that has been emailed unless specifically requested by the OAG's Counsel.

The OAG agrees to pay actual telephone line charges for faxes sent. The OAG will not pay both phone line charges and a flat fee in connection with out-going faxes. The OAG will not pay for maintenance, paper or operator costs, because such items should be included in the Firm's cost of doing business.

E. *Telephone Charges*

The Firm agrees not to bill the OAG for any local telephone calls and further agrees it will bill the OAG for any long-distance calls at the rate the Firm has been billed.

F. *Electronic Research*

The Firm agrees that computer legal research tools such as Lexis-Nexis or Westlaw, shall be used judiciously to minimize costs to the OAG. The Firm acknowledges and agrees that it was selected because of its expertise in the subject area. Paralegal or attorney time spent performing computerized legal research shall be at the same rates as the Firm's hourly charges for professional services.

G. *Next Day Mail Charges*

The OAG agrees to pay for any documented next day mail service, courier or other delivery fees that are incurred by the Firm, but only provided such transmission of documents is necessary.

H. *Document Duplication Fees*

The Firm agrees that it will prudently direct the duplication of documents. The OAG authorizes the Firm to employ less expensive, commercial copy vendors when practicable. The OAG agrees to reimburse special expenditures for such copying at the cost it was invoiced. The Firm is instructed to send only one set of documents to the OAG's Counsel, as that office

GAMC-T1-055031

will be responsible for making any additional copies.

I.      *Travel*

The OAG will authorize any required travel by the Firm.  The OAG will reimburse for actual, necessary and reasonable travel expenses that have been incurred.  Reasonable travel expenses shall be defined as coach class airfare, reasonable taxi charges and other ground transportation expenses, and hotel accommodations, in accordance with rates set forth for travel reimbursement by the Office of the New York State Comptroller, available at http://www.osc.state.ny.us/agencies/travel/reimbrate.htm.  The OAG does not agree to accept charges incurred by the Firm for meals, movies, personal telephone charges, entertainment or garment cleaning.  Mileage will not be paid in excess of the amount allotted by the Internal Revenue Service for income tax purposes.  In those situations where the Firm is also attending meetings or working on a non-OAG related matter, it shall prorate all travel charges and apportion equitably the costs of such travel and other incidental charges among clients.

J.      *Professional Services*

The Firm must obtain permission from the OAG prior to retaining any professional services that may be necessary to perform its duties under the terms of this Agreement.

K.      *Non Billable Charges*

In addition to billing restrictions above, the Firm agrees not to bill the OAG any overhead costs of doing business, including apportioned rent or utility costs, charges for conference rooms, filing space, the use of library facilities and meals.

The Firm further agrees not to bill the OAG for any of the following:

    (1)    any form of labeling;
    (2)    organization, filing and warehousing of the OAG's documents internally within the Firm;
    (3)    consolidation of documents, i.e., binders; and
    (4)    word processing or other mechanical means of document preparation.

V.  Monthly Statements

Each matter handled by the Firm will be itemized and explained individually with the fees and disbursements for each type of activity contained in the bill.  Each such monthly bill shall include:

    (i)     a caption containing the matter name;

    (ii)    the name, job title and billing rate of each professional who worked on the matter during the past calendar month, as well as each individual's total hours and total fees;

    (iii)   Identification of the professional in the Firm who performed the service, including

3

but not limited to the date and the amount of time expended, calculated to the nearest tenth of an hour. The OAG will not accept bills that only provide per person daily totals of time. All references in bills to meetings, telephone calls, internal discussions etc. shall specifically identify the subject matter of the meeting, etc;

(iv)    Incidental Charges are to be listed separately from fees and each such charge shall be separately listed, e.g. long-distance telephone charges and document copying charges and described with reasonable specificity. Any time expended by the Firm in preparing the billing, reviewing or discussing billing related issues with the OAG may not be billed to the OAG.

VI. <u>Audit Procedures</u>

The OAG, the Office of the Attorney General, and the Office of the New York State Comptroller retain the right to audit legal bills related to this matter for a period of six years from the date of the last billing. The OAG reserves the right to examine all underlying billing documentation, including but not limited to original receipts and time records.

4

GAMC-T1-055033

**EXHIBIT C**
**COST PROPOSAL**

<u>HOURLY RATES</u>
<u>(includes all discounts)</u>

| <u>TITLES</u> | <u>RATE</u> |
|---|---|
| Principal/Senior Partner | $750 |
| Mid-Level Partner | $575 |
| Junior Partner/Counsel | $500 |
| Senior Associate | $450 |
| Junior Associate | $325 |

**EXHIBIT D**
**ENGAGEMENT LETTER**

GAMC-T1-055035



LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

**BY EMAIL**

March 23, 2021

Joon H. Kim
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York NY 10006
jkim@cgsh.com

Dear Mr. Kim:

We are pleased that Cleary Gottlieb Steen & Hamilton LLP ("FIRM") has agreed to provide investigation and legal services by assisting the Office of the Attorney General ("OAG") in its review of allegations of, and circumstances surrounding, sexual harassment against Governor Andrew Cuomo (the "Matter"). Your specific expertise and technical knowledge was the basis of your selection for this engagement ("Engagement").

The purpose of this Engagement letter is to set forth our mutual understanding of the scope and conditions of FIRM's provision of services. This letter will be incorporated into an agreement and executed by both parties ("Agreement").

1. Staffing

Pursuant to the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), and consistent with the Agreement, FIRM is authorized to utilize any of its resources as it deems appropriate to carry out the Matter consistent with the Section 63(8) appointment letters and the scope of services as set forth below. For purposes of this engagement Joon H. Kim is the Principal attorney.

2. Scope of Services

Pursuant to the Attorney General's March 8, 2021 appointment of members of the FIRM under Executive Law Section 63(8), the scope of services includes investigating and reporting on allegations of, and circumstances surrounding, sexual harassment by Governor Andrew Cuomo. Pursuant to and consistent with Section 63(8) and the relevant referral letter, appointed members of the FIRM will report exclusively and in detail to the OAG on a weekly basis and will, at the conclusion of the investigation, produce a public report with their findings and conclusions.

3.  Term

The term of the Engagement shall begin on March 8, 2021 and will continue for six (6) months or upon completion of the retained scope of work, whichever may occur first. The Engagement may be extended upon the mutual written consent of the parties, and (if necessary) with the approval of the New York State Office of the Attorney General and the Office of the New York State Comptroller.

4.  Payment

The OAG agrees to pay FIRM at the billable hourly rates set forth below, and to reimburse FIRM for its reasonable expenses, consistent with New York State Finance Law and the Agreement. Any amendment to such terms must be made in writing and subject to State approval. Payment will be made consistent with State Finance Law and Executive Law Section 63(8).

Principal/Senior Partner - $750

Mid-Level Partner - $575

Junior Partner/Counsel - $500

Senior Associate - $450

Junior Associate - $325

5.  Communication and Reporting

FIRM and its employees shall communicate and provide services solely at the direction of First Deputy Attorney General Jennifer Levy, or their designee, on behalf of the Attorney General of the State of New York. All communications, information or materials provided to FIRM or identified as part of the Matter shall be treated as confidential, and not disclosed to any other party. FIRM or its representatives shall not discuss this Engagement or any related matters or opinions or assessments with the public or the media.

6.  Conflicts

FIRM represents that it has undertaken a review of its current clients and former engagements, and has not identified any conflict of interest that would prohibit it or any of its attorneys or professional staff assigned to this matter from accepting this undertaking, with the exception of pending matters in which its client is adverse to the OAG, and as to which the OAG has provided a waiver. During the course of performing the services under this Engagement, it shall avoid any actual and the appearance of conflicts of interest.

The OAG understands that the FIRM also provides similar services to other clients and may provide such services to other clients in the future, in a range of matters, potentially including matters adverse to OAG, or which are, or may be the subject of investigation, or other proceedings initiated by or against OAG. OAG agrees that FIRM's provision of services to the OAG pursuant to the Engagement will not foreclose FIRM from providing such services or advising other clients in matters that are adverse to OAG's interests, but are not related to the subject of the Engagement, and do not require the disclosure of OAG's confidential information obtained during the course of the provision of services. FIRM shall notify the OAG in the event of any potential conflict of interest, and the measures implemented to avoid such

2

conflict, where FIRM can do so without disclosing confidential information of other parties. FIRM shall not assign any personnel to do work pursuant to this Engagement who is providing services to a FIRM client in matters adverse to OAG during the term of the Engagement. FIRM acknowledges that in all OAG matters, the OAG will exercise its independent judgment and not be influenced in any way by the participation of a particular firm in the matter.

7.   Termination and Withdrawal

This Engagement may be terminated by the OAG: (1) at any time upon receipt of thirty (30) days prior written notice given by the OAG; (2) in the event that the Principal, separates from the Firm; (3) for the unavailability of funds; (4) for cause due to the Firm; or (5) in the event that the Firm's State Finance Law sections 139-j and 139-k certifications are found to be intentionally false or intentionally incomplete or if applicable, the Firm's certifications on the ST220CA form are found to be false or incomplete.

8.   Retention of Records

At the earlier of two years from the conclusion of this Engagement or the departure of the Principal attorney, Jennifer Kennedy Park, and Abena Mainoo, FIRM shall return to the OAG, or destroy with the approval of the OAG, all copies of records, documents or other materials, in whatever form, received or created in connection with this Engagement. After this point in time, no materials received or produced from this Engagement related to the Matter will be retained by the FIRM.  FIRM agrees to maintain confidentiality of any and all records it does retain for the time contemplated by this engagement, if any. This section shall not include documents released to the public by the OAG.  The OAG represents to the FIRM that it will maintain all records and materials from this engagement consistent with the New York Rules of Professional Conduct and New York State Record Retention requirements.

In the event FIRM or any affiliated party, is subjected to legal proceedings to compel disclosure of any confidential information, they will promptly notify the OAG to enable it to interpose any objections. Once again, the Office of the Attorney General is pleased to retain your services.


Sincerely,

_L Schimmel_

Office of the Attorney General
Larry Schimmel, Esq., General Counsel


ACCEPTED AND AGREED TO BY:

Cleary Gottlieb Steen & Hamilton LLP
Joon H. Kim, A Member of the Firm

3

GAMC-T1-055038

# Office of the Attorney General – Procurement Lobbying Guidelines

## I.   Introduction

The Guidelines have been issued pursuant to the New York State Finance Law, which prohibits lobbying on procurement contracts. The Guidelines, which apply to all Office of Attorney General (OAG) procurement contracts, limit communications between offerers and the OAG during the Restricted Period of a Governmental Procurement. During the Restricted Period, an Offerer may only communicate with the person or persons designated by the OAG to receive communications regarding such Governmental Procurement.

## II.   Statutory Definitions[1]

**ARTICLE OF PROCUREMENT** A commodity, service, technology, public work, construction, revenue contract, the purchase sale or lease of real property or an acquisition or granting of an interest in real property that is the subject of a governmental procurement.

**CONTACT** Any oral, written or electronic communication with the OAG under circumstances where a reasonable person would infer that the communication was intended to influence the governmental procurement.

**GOVERNMENTAL ENTITY** All New York State agencies and authorities, both houses of the Legislature, the Unified Court System, municipal agencies and their respective employees.

**GOVERNMENTAL PROCUREMENT** shall mean: (i) the preparation of terms of the specifications, bid documents, requests for proposals, or evaluations criteria for a procurement contract, (ii) solicitation for a procurement contract, (iii) evaluation of a procurement contract, (iv) award, approval, denial or disapproval of a procurement contract, or (v) approval or denial of an assignment, amendment (other than amendments that are authorized and payable under the terms of the procurement contract as it was finally awarded or approved by the Comptroller, as applicable), renewal or extension of procurement contract, or any other material change in the procurement contract resulting in a financial benefit to the offerer.

**OFFERER** The individual or entity, or any employee agent or consultant or person acting on behalf of such individual or entity, that communicates with the OAG about a **Governmental Procurement** or seeks to participate in a **Governmental Procurement**.

**PROCUREMENT CONTRACT** Any contract or other agreement for an **Article of Procurement** involving an estimated annualized expenditure in excess of $15,000. Grants, Article 11-B State Finance Law Contracts, Intergovernmental Agreements, Railroad and Utility Force Accounts, Utility Relocation Project Agreements or Orders of Eminent Domain Transactions shall not be deemed **Procurement Contracts** in these Guidelines.

**RESTRICTED PERIOD** The period of time commencing with the earliest date of written notice, advertisement or solicitation of a request for proposal, invitation for bids, or solicitation of proposals, or any other method for soliciting a response from Offerers intending to result in a **Procurement Contract** with

the OAG and, ending with the final contract award and approval by, where applicable, the Office of the State Comptroller.

## III. Exemptions

Certain communications are exempt from the Guidelines. These include: (i) submissions in response to an invitation for bid, a request for proposal or other solicitation, (ii) submissions of written questions to a designated contact set forth in an invitation for bid, request for proposal or other solicitation, (iii) participation in a conference provided for in an invitation for bid, request for proposal or other solicitation, (iv) contract negotiations, (v) inquiries regarding the factual status of a **Procurement Contract**, and (vi) complaints and protests regarding the procurement process and outcome.

In addition, any communication received by the OAG from members of the New York State Legislature or the Legislative Staff, when acting in their official capacity, shall not be considered a **Contact**.

## IV. Violations

A violation of these Guidelines occurs when there is a **Contact** during the **Restricted Period** between the **Offerer** and someone other than the person or persons designated by the OAG to receive communications for the particular **Governmental Procurement**. This includes instances where the **Offerer Contacts** the OAG regarding **Governmental Procurements** of other **Governmental Entities**.

Attempts by an **Offerer** to influence a **Governmental Procurement** in a manner that would result in a violation of the Public Officer's Law, the Executive Orders of the Attorney General, or any other applicable ethics code shall also be a violation of these Guidelines.

## V.   Procedures

A.   Notifying Vendors of Procurement Lobbying Guidelines

1.   For each **Procurement Contract**, the OAG Budget and Fiscal Management Bureau will designate a person or persons to receive communications from **Offerers** concerning the **Procurement Contract**.

2.   The OAG Purchasing Team will incorporate a summary of the policy and prohibitions regarding permissible communications during a **Governmental Procurement** in its documents relating to the **Procurement Contract** and provide a copy of these Guidelines.

3.   The OAG Purchasing Team shall seek written affirmation from all **Offerers** as to the **Offerer's** understanding of and compliance with these Guidelines (Appears at the end of this guideline).

B.   Making Determinations of Responsibility

1.   Prior to award of a **Procurement Contract**, the OAG must make a responsibility determination with respect to the **Offerer** to be recommended for the award of the contract based upon, among other things, the information supplied by that **Offerer**. The **Offerer** must disclose in the Vendor Responsibility Questionnaire whether it has been found non-responsible within the last five years by any **Governmental Entity** for: (1) failure to comply with State Finance Law §139-j, or (2) the intentional provision of false or incomplete information. This disclosure must be certified by the **Offerer** and must affirmatively state that the information supplied by the **Offerer** to the OAG is complete, true and accurate (Appears at the end of this guideline).

2.   The **Procurement Contract** shall include a provision allowing the OAG to terminate the contract if the certification is subsequently found to be incomplete, false or inaccurate. Admissions by the **Offerer** of past findings of non-responsibility may constitute a basis for rejection of the **Offerer** by the OAG. The OAG can award a contract to the **Offerer** despite the past findings of non-responsibility if it determines that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

C.   Recording Contacts
1.   All OAG employees must record any **Contact** from any person or entity. **Contacts** may be initiated by parties with an interest in the procurement that are not necessarily connected directly to the **Offerer**. **Contacts** may come in the form of telephone conversations, correspondence, electronic mail and person-to-person discussions. The Record of Contact Form should be used to record all **Contacts**.
2.   Examples of **Contacts** for which a Record of Contact must be completed include:
a.   During the **Restricted Period**, an **Offerer Contacts** an OAG employee (other than the employee designated to receive such communications) to discuss the **Offerer's**, cost-competitiveness or its suitability to be selected for a contract
b.   A court reporter, expert witness or any other vendor offers an OAG employee a gift of any monetary value during the **Restricted Period**.
3.   Examples of permissible communications for which there is no need to prepare Record of Contact include:
a.   Inquiries as to the status of the procurement process
b.   Requests to be included on the OAG's **Offerer's** list
c.   Receipt of advertising material
d.   Intra-agency communications of administrative details concerning the procurement
e.   Responses to OAG issued Requests for Information
f.   Written questions submitted by **Offerers** regarding a solicitation during the allowable time period of a competitive procurement
g.   Complaints about the procurement process or outcome
h.   Participation in an **Offerer's** conference as provided in a request for proposal or invitation for bid
i.   Submission of a bid in response to a request for proposal or invitation for bid
j.   Contract negotiations
k.   Debriefing of a **Offerer** after a contract award has been made
4.   If an OAG employee is in doubt about whether a communication was intended to influence the **Governmental Procurement**, he/she should record the communication on the Record of Contact Form and submit it to ProcurementLaw@OAG.State.NY.US for further investigation
5.   The OAG Purchasing Team will be required to include all Records of Contact in the procurement record for the related **Procurement Contract**.

D.   Investigation of Contacts/ Penalties for Violations
1.   All reported **Contacts** will be immediately investigated by the OAG Ethics Officer or his or her designee. If the OAG Ethics Officer finds sufficient cause to believe that an **Offerer** has violated these Guidelines, the **Offerer** will be notified in writing of the investigation and will be afforded an opportunity to respond to the alleged violation.  Investigations will be completed as soon as practicable so as not to delay the progress

of the **Governmental Procurement**.
2.   If the OAG Ethics Officer should find at the conclusion of the investigation that the **Offerer** knowingly and willfully made prohibited **Contact** in violation of these Guidelines, then the **Offerer** shall be disqualified as non-responsible, unless the OAG makes a finding that the award of the **Procurement Contract** to the **Offerer** is necessary to protect public property or public health or safety, and that the **Offerer** is the only source capable of supplying the required **Article of Procurement** within the necessary time frame. The basis of such a finding must be included in the procurement record of the **Procurement Contract**.

[1]Defined terms are in bold

---

**Bidder Understanding & Compliance with State Finance Law Section 139-j & 139-k:**

Company affirms that it understands and agrees to comply with the procedures of the Office of the Attorney General relative to permissible contacts as required by State Finance Law Section 139-j (3) and Section 139-j (6) (b); and that all information provided to the Office of the Attorney General, with respect to State Finance Law Section 139-k is complete, true and accurate.

Signed By: _____

Date: ___June 4, 2021_____

Name: (Print):   Joon H. Kim

Title:   Partner

Company Name:
Cleary Gottlieb Steen & Hamilton LLP

Company Address:
One Liberty Plaza, New York NY 10006
_____

---

**Bidder Disclosure of Prior Non-Responsibility Determinations:**

Has any NYS agency/authority made a finding of non-responsibility regarding the Offerer in the last 5 years?:
☐ Yes   ☑ No

Has any NYS agency/authority terminated a procurement contract with the Offerer due to intentional provision of false or incomplete information?:
☐ Yes   ☑ No

If "Yes" to either/both questions, please provide details; such as: NYS agency/authority, Basis for Finding, Year of Finding/Termination, and Facts Underlying Finding/Termination.



New York State Department of Taxation and Finance

# Contractor Certification to Covered Agency    **ST-220-CA**
(Pursuant to Section 5-a of the Tax Law, as amended, effective April 26, 2006)    (12/11)

**For information, consult Publication 223, *Questions and Answers Concerning Tax Law Section 5-a* (see *Need Help?* on back).**

| Contractor name | | | | *For covered agency use only* |
| Cleary Gottlieb Steen & Hamilton LLP | | | | *Contract number or description* |

| Contractor's principal place of business | City | State | ZIP code | |
| One Liberty Plaza | New York | NY | 10006 | |

| Contractor's mailing address *(if different than above)* | *Estimated contract value over the full term of contract (but not including renewals)* |

| Contractor's federal employer identification number (EIN) | Contractor's sales tax ID number *(if different from contractor's EIN)* | $ |
| 13-5599083 | | |

| Contractor's telephone number | Covered agency name |
| 212  225-2000 | State of New York Office of the Attorney General |

| Covered agency address | *Covered agency telephone number* |
| 28 Liberty Street, New York, NY 10005 | 212   416-8178 |

I, _Michael McDonnell_ , hereby affirm, under penalty of perjury, that I am _Director of Tax_
　　(name)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(title)

of the above-named contractor, that I am authorized to make this certification on behalf of such contractor, and I further certify that:

*(Mark an **X** in only one box)*

☒ The contractor has filed Form ST-220-TD with the Department of Taxation and Finance in connection with this contract and, to the best of contractor's knowledge, the information provided on the Form ST-220-TD, is correct and complete.

☐ The contractor has previously filed Form ST-220-TD with the Tax Department in connection with _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*(insert contract number or description)*

and, to the best of the contractor's knowledge, the information provided on that previously filed Form ST-220-TD, is correct and complete as of the current date, and thus the contractor is not required to file a new Form ST-220-TD at this time.

Sworn to this 2nd day of June , 20 21

_____    _Director of Tax_
*(sign before a notary public)*　　　　　　　　　　　　　*(title)*

# Instructions

## General information

Tax Law section 5-a was amended, effective April 26, 2006. On or after that date, in all cases where a contract is subject to Tax Law section 5-a, a contractor must file (1) Form ST-220-CA, *Contractor Certification to Covered Agency,* with a covered agency, and (2) Form ST-220-TD with the Tax Department before a contract may take effect. The circumstances when a contract is subject to section 5-a are listed in Publication 223, Q&A 3. See *Need help?* for more information on how to obtain this publication. In addition, a contractor must file a new Form ST-220-CA with a covered agency before an existing contract with such agency may be renewed.

**Note:** Form ST-220-CA must be signed by a person authorized to make the certification on behalf of the contractor, and the acknowledgement on page 2 of this form must be completed before a notary public.

## When to complete this form

As set forth in Publication 223, a contract is subject to section 5-a, and you must make the required certification(s), if:

i.　The procuring entity is a *covered agency* within the meaning of the statute (see Publication 223, Q&A 5);

ii.　The contractor is a *contractor* within the meaning of the statute (see Publication 223, Q&A 6); and

iii.　The contract is a *contract* within the meaning of the statute. This is the case when it (a) has a value in excess of $100,000 and (b) is a contract for *commodities* or *services,* as such terms are defined for purposes of the statute (see Publication 223, Q&A 8 and 9).

Furthermore, the procuring entity must have begun the solicitation to purchase on or after January 1, 2005, and the resulting contract must have been awarded, amended, extended, renewed, or assigned *on or after April 26, 2006* (the effective date of the section 5-a amendments).

## Individual, Corporation, Partnership, or LLC Acknowledgment

STATE OF New York }

                                  SS.:

COUNTY OF New York }

On the 2nd day of June _____ in the year 2021, before me personally appeared Michael McDonnell ,

known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that

[Mark an **X** in the appropriate box and complete the accompanying statement.]

☐ (If an individual): _he executed the foregoing instrument in his/her name and on his/her own behalf.

☐ (If a corporation): _he is the_____

of_____ , the corporation described in said instrument; that, by authority of the Board of Directors of said corporation, _he is authorized to execute the foregoing instrument on behalf of the corporation for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.

☒ (If a partnership): _he is a Director of Tax _____

of Cleary Gottlieb Steen & Hamilton LLP , the partnership described in said instrument; that, by the terms of said partnership, _he is authorized to execute the foregoing instrument on behalf of the partnership for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said partnership as the act and deed of said partnership.

☐ (If a limited liability company): _he is a duly authorized member of _____ , LLC, the limited liability company described in said instrument; that _he is authorized to execute the foregoing instrument on behalf of the limited liability company for purposes set forth therein; and that, pursuant to that authority, _he executed the foregoing instrument in the name of and on behalf of said limited liability company as the act and deed of said limited liability company.

*Phil Factor*

Notary Public

Registration No. 01FA6396638

Remotely notarized
pursuant to NYS E.O. 202.7

**Daniel H. Factor**
**Notary Public, State of New York**
**No. 01FA6396638**
**Qualified in Westchester County**
**Character Card on File in New York County**
**Commission Expires on August 26, 2023**

Signatory in Queens County, Notary in New York County

### Need help?

**Privacy notification**

The Commissioner of Taxation and Finance may collect and maintain personal information pursuant to the New York State Tax Law, including but not limited to, sections 5-a, 171, 171-a, 287, 308, 429, 475, 505, 697, 1096, 1142, and 1415 of that Law; and may require disclosure of social security numbers pursuant to 42 USC 405(c)(2)(C)(i).

This information will be used to determine and administer tax liabilities and, when authorized by law, for certain tax offset and exchange of tax information programs as well as for any other lawful purpose.

Information concerning quarterly wages paid to employees is provided to certain state agencies for purposes of fraud prevention, support enforcement, evaluation of the effectiveness of certain employment and training programs and other purposes authorized by law.

Failure to provide the required information may subject you to civil or criminal penalties, or both, under the Tax Law.

This information is maintained by the Manager of Document Management, NYS Tax Department, W A Harriman Campus, Albany NY 12227; telephone (518) 457-5181.

Visit our Web site at **www.tax.ny.gov**
• get information and manage your taxes online
• check for new online services and features

**Telephone assistance**

**Sales Tax** Information Center:                    (518) 485-2889

To order forms and publications:                    (518) 457-5431

Text Telephone (TTY) Hotline (for persons with hearing and speech disabilities using a TTY):    (518) 485-5082

**Persons with disabilities:** In compliance with the Americans with Disabilities Act, we will ensure that our lobbies, offices, meeting rooms, and other facilities are accessible to persons with disabilities. If you have questions about special accommodations for persons with disabilities, call the information center.

# The New York State Contract Reporter

NYSCR.ny.gov

*NYS' official source of contracting opportunities*
*Bringing business and government together*

This document printed
Wednesday, 06/23/2021

## Contracting Opportunity

\* \* \* This ad has not been published. It has been reviewed and pending publication. \* \* \*

|  |  |
|---|---|
| **Title:** | Outside Counsel Services |
| **Agency:** | Law, NYS Dept. of |
| **Division:** | Purchasing Team |
| **Contract Term:** | 03/08/21-09/07/21 |
| **Date of Issue:** | 06/24/2021 |
| **Ad End Date:** | 07/01/2021 |
| **County(ies):** | All NYS counties |
| **Classification:** | Miscellaneous - *Consulting & Other Services* |
| **Opportunity Type:** | Notice of sole/single source or procurement exempt from advertising |
| **Entered By:** | Joseph Carucci |
| **Description:** | The OAG has retained expert consultants for investigation. The Office of the State Comptroller has granted an exemption from competitive advertising. This is not a bid solicitation. |

**Reason for advertising exemption:** Single Source

**Award recipient:** Cleary Gottlieb Steen & Hamilton LLP

*Any questions or comments regarding this notice of sole-source, single-source, or procurement otherwise exempt from advertising in the NYS Contract Reporter should be directed to the contact person listed for the contracting agency or public authority.*

GAMC-T1-055043

## Contact Information

**Primary contact:**  Law, NYS Dept. of
Purchasing Team
Joseph Carucci
Contract Management Specialist
State Capitol
Albany, NY 12224
United States
Ph: 518-776-2128
purchase@ag.ny.gov

███████████████████████████████

© 2021, Empire State Development http://www.esd.ny.gov/

**GAMC-T1-055044**

| OSC Use Only: |
| Reporting Code: |
| Category Code: |
| Date Contract Approved: |

**FORM A**

### State Consultant Services - Contractor's Planned Employment From Contract Start Date Through The End Of The Contract Term

State Agency Name: Office of the Attorney General      Agency Code: 03000
Contractor Name: Cleary Gottlieb Steen & Hamilton LLP      Contract Number: C105803
Contract Start Date:  03/08/2021      Contract End Date: 09/7/2021

| Employment Category | Number of Employees | Number of hours to be worked | Amount Payable Under the Contract |
|---|---|---|---|
| Senior Partner | 2 | 1,000 | $750,000.00 |
| Junior Partner/Counsel | 3 | 750 | $375,000.00 |
| SeniorAssociates | 3 | 1,800 | $810,000.00 |
| JuniorAssociates | 4 | 1,900 | $617,500.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Total this page |  |  |  |
| Grand Total | 12 | 5450 | $2,552,500.00 |

Name of person who prepared this report: Joseph A. Carucci
Title: Contract Management Specialist      Phone #: 518-776-2128
Preparer's Signature:   *Joseph A. Carucci*
Date Prepared: 06/23/2021

(Use additional pages, if necessary)      Page 1 of  1

## **<u>INSTRUCTIONS</u>**

Form A should be completed for contracts for consulting services in accordance with the following:

Employment Category: the specific occupation(s), as listed in the O*NET occupational classification system, which best describe the employees providing services under the contract.

(Note: Access the O*NET database, which is available through the US Department of Labor's Employment and Training Administration, online at www.online.onetcenter.org to find a list of occupations)

Number of Hours (to be) worked: the total number of hours planned to be worked during the contract term by the employees in the employment category.

Amount Payable under the Contract: the total amount anticipated to be paid by the State to the contractor under the contract, for work by the employees in the employment category, for services provided during the contract term.

Please send the completed form to:

NYS Office of the Attorney General
Purchasing Team
State Capitol
Albany, NY 12224

GAMC-T1-055046



**NEW YORK STATE Workers' Compensation Board**

# CERTIFICATE OF INSURANCE COVERAGE
## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

| PART 1. To be completed by Disability and Paid Family Leave Benefits Carrier or Licensed Insurance Agent of that Carrier | |
|---|---|
| 1a. Legal Name & Address of Insured (use street address only)<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY  10006-1404<br>Work Location of Insured (Only required if coverage is specifically limited to certain locations in New York State, i.e., Wrap-Up Policy) | 1b. Business Telephone Number of Insured<br><br>212 225 3133<br><br>1c. Federal Employer Identification Number of Insured or Social Security Number<br><br>135599083 |
| 2. Name and Address of Entity Requesting Proof of Coverage (Entity Being Listed as the Certificate Holder)<br><br>NY OFFICE OF THE ATTORNEY GENERAL<br>28 LIBERTY STREET<br>NEW YORK, NY  10005 | 3a. Name of Insurance Carrier<br>First Unum Life Insurance Company<br><br>3b. Policy Number of Entity Listed in Box "1a"<br>421220<br><br>3c. Policy effective period<br>06/03/2021        to        06/03/2022 |

4. Policy provides the following benefits:
- ☒ A. Both disability and paid family leave benefits.
- ☐ B. Disability benefits only.
- ☐ C. Paid family leave benefits only.

5. Policy covers:
- ☒ A. All of the employer's employees eligible under the NYS Disability and Paid Family Leave Benefits Law.
- ☐ B. Only the following class or classes of employer's employees:

_____

_____

Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has NYS Disability and/or Paid Family Leave Benefits insurance coverage as described above.

Date Signed  6/3/2021          By        **Roberta Brown**
<span style="font-size:small">Digitally signed by Roberta Brown<br>DN: CN=US, O=Client Services, CN=Roberta Brown, E=rmbrown@unum.com<br>Reason: I am the author of this document<br>Location: your signing location here<br>Date: 2021.06.03 13:16:55-04'00'<br>Foxit PhantomPDF Version: 10.1.1</span>

(Signature of insurance carrier's authorized representative or NYS Licensed Insurance Agent of that insurance carrier)

Telephone Number    1-800-ASK-UNUM          Name and Title    Roberta Brown, DBL Specialist

IMPORTANT:    If Boxes 4A and 5A are checked, and this form is signed by the insurance carrier's authorized representative or NYS Licensed Insurance Agent of that carrier, this certificate is COMPLETE. Mail it directly to the certificate holder.

If Box 4B, 4C or 5B is checked, this certificate is NOT COMPLETE for purposes of Section 220, Subd. 8 of the NYS Disability and Paid Family Leave Benefits Law. It must be mailed for completion to the Workers' Compensation Board, Plans Acceptance Unit, PO Box 5200, Binghamton, NY 13902-5200.

| PART 2. To be completed by the NYS Workers' Compensation Board (Only if Box 4C or 5B of Part 1 has been checked) |
|---|

### State of New York
### Workers' Compensation Board

According to information maintained by the NYS Workers' Compensation Board, the above-named employer has complied with the NYS Disability and Paid Family Leave Benefits Law with respect to all of his/her employees.

Date Signed  _____  By  _____

(Signature of Authorized NYS Workers' Compensation Board Employee)

Telephone Number  _____  Name and Title  _____

***Please Note:*** *Only insurance carriers licensed to write NYS disability and paid family leave benefits insurance policies and NYS licensed insurance agents of those insurance carriers are authorized to issue Form DB-120.1.* ***Insurance brokers are NOT authorized to issue this form.***

**DB-120.1 (10-17)**



DB-120.1 (10-17)

**GAMC-T1-055047**

# Additional Instructions for Form DB-120.1

By signing this form, the insurance carrier identified in Box 3 on this form is certifying that it is insuring the business referenced in box "1a" for disability and/or paid family leave benefits under the New York State Disability and Paid Family Leave Benefits Law. The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed as the certificate holder in Box 2.

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is cancelled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from coverage indicated on this Certificate. (These notices my be sent by regular mail.) Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in Box 3c, whichever is earlier

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Disability and/or Paid Family Leave Benefits contract of insurance only while the underlying policy is in effect.

**Please Note: Upon the cancellation of the disability and/or paid family leave benefits policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of NYS Disability and/or Paid Family Leave Benefits Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Disability and Paid Family Leave Benefits Law.**

## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

### §220. Subd. 8

(a)  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in employment as defined in this article, and not withstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand and twenty-one, the payment of family leave benefits for all employees has been secured as provided by this article. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any disability benefits to any such employee if so employed.

(b) The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in employment as defined in this article and notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that the payment of disability benefits and after January first, two thousand eighteen, the payment of family leave benefits for all employees has been secured as provided by this article.

DB-120.1 (10-17) Reverse

GAMC-T1-055048

**NEW YORK STATE** Workers' Compensation Board

## CERTIFICATE OF
## NYS WORKERS' COMPENSATION INSURANCE COVERAGE

| | |
|---|---|
| 1a. Legal Name & Address of Insured (use street address only)<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York NY 10006 | 1b. Business Telephone Number of Insured<br>212 225 3728<br><br>1c. NYS Unemployment Insurance Employer Registration Number of Insured |
| Work Location of Insured (Only required if coverage is specifically limited to certain locations in New York State, i.e., a Wrap-Up Policy) | 1d. Federal Employer Identification Number of Insured or Social Security Number<br>13-5599083 |
| 2. Name and Address of Entity Requesting Proof of Coverage (Entity Being Listed as the Certificate Holder)<br><br>NYS Office of the Attorney General<br>28 Liberty Street, New York, NY 10005 | 3a. Name of Insurance Carrier<br>Great Northern Insurance Company<br><br>3b. Policy Number of Entity Listed in Box "1a"<br>(21) 7170-13-28<br><br>3c. Policy effective period<br>   09/01/2020     to   09/01/2021<br><br>3d. The Proprietor, Partners or Executive Officers are<br>  ☒ included. (Only check box if all partners/officers included)<br>  ☐ all excluded or certain partners/officers excluded. |

This certifies that the insurance carrier indicated above in box "3" insures the business referenced above in box "1a" for workers' compensation under the New York State Workers' Compensation Law. **(To use this form, New York (NY) must be listed under Item 3A on the INFORMATION PAGE of the workers' compensation insurance policy).** The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed above as the certificate holder in box "2".

The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is canceled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from the coverage indicated on this Certificate. (These notices may be sent by regular mail.) **Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in box "3c", whichever is earlier.**

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Workers' Compensation contract of insurance only while the underlying policy is in effect.

**Please Note: Upon cancellation of the workers' compensation policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of Workers' Compensation Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Workers' Compensation Law.**

**Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has the coverage as depicted on this form.**

Approved by:     J. Tracy Tucker
              (Print name of authorized representative or licensed agent of insurance carrier)

Approved by:     *Tracy Tucker*         06/02/2021
              (Signature)                (Date)

Title:     Vice President, NACI Manager

Telephone Number of authorized representative or licensed agent of insurance carrier:     1-800-982-2125

**Please Note: Only insurance carriers and their licensed agents are authorized to issue Form C-105.2. Insurance brokers are NOT authorized to issue it.**

C-105.2 (9-17)                                      www.wcb.ny.gov

GAMC-T1-055049

# Workers' Compensation Law

**Section 57.  Restriction on issue of permits and the entering into contracts unless compensation is secured.**

1.  The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, and notwithstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any compensation to any such employee if so employed.

2.  The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter.

GAMC-T1-055050

Case 1:22-mc-03044-LDH-TAM    Document 47-1    Filed 09/13/23    Page 108 of 149 PageID #: 1862

**New York State Comptroller**
THOMAS P. DINAPOLI

Logout

VendRep Agency | Contract Search      My Apps ▽

CLEARY GOTTLIEB STEEN & HAMILTON LLP      Contract Data

## Certification

The undersigned (1) recognizes that this questionnaire is submitted for the express purpose of assisting New York State government entities (including the Office of the State Comptroller (OSC)) in making responsibility determinations regarding award or approval of a contract or subcontract and that such government entities will rely on information disclosed in the questionnaire in making responsibility determinations; (2) acknowledges that the New York State government entities and OSC may, in their discretion, by means which they may choose, verify the truth and accuracy of all statements made herein; and (3) acknowledges that intentional submission of false or misleading information may result in criminal penalties under State and/or Federal Law, as well as a finding of non-responsibility, contract suspension or contract termination.

**The undersigned certifies that he/she:**

- is knowledgeable about the submitting Business Entity's business and operations;

- has read and understands all of the questions contained in the questionnaire;

- has reviewed and/or supplied full and complete responses to each question;

- to the best of his/her knowledge, information and belief, confirms that the Business Entity's responses are true, accurate and complete, including all attachments, if applicable;

- understands that New York State government entities will rely on the information disclosed in the questionnaire when entering into a contract with the Business Entity; and

- is under an obligation to update the information provided herein to include any material changes to the Business Entity's responses at the time of bid/proposal submission through the contract award notification, and may be required to update the information at the request of the New York State government entities or OSC prior to the award and/or approval of a contract, or during the term of the contract.

| | |
|---|---|
| Legal Business Name: | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Certifier's Name: | Joon Kim |
| Certifier's Title: | Partner |
| Certification Date: | Jun 11, 2021 |

About OSC | Employment | Contact Us | Privacy and Links Policies | Regulations | Accessibility | FOIL | Webcasts
© Office of the New York State Comptroller

**GAMC-T1-055051**

**OFFICE OF THE STATE COMPTROLLER**
**BUREAU OF CONTRACTS**
**GOVERNMENTAL ENTITY REPRESENTATION CONCERNING COMPLIANCE**
**WITH STATE FINANCE LAW §§139-j AND 139-k**

**Department ID:**            3600000
**Agency/Authority Name:**    Department of Law
**Contractor Name:**          **Cleary Gottlieb Steen & Hamilton LLP**
**Contract No. or P.O. No.:** **C105803**
**Amendment Sequence No.:**   **0**

I am a duly authorized representative of the above governmental entity. To the best of my knowledge, information and belief, pursuant to the requirements of State Finance Law (SFL) §§139-j and 139-k, the governmental entity for this procurement has:

- Issued and complied with its policies and procedures with respect to permissible contacts and any determinations made for violations thereof and has included such policies and procedures as part of the solicitation/bid documents;

- Issued policies and procedures in connection with the recording of all "contacts" received during the "restricted period" as those terms are defined under SFL §§ 139-j and 139-k, and is now aware of any "contacts" that were not recorded as required and included in the procurement record submitted to OSC;

- Received from all offerers the required (i) disclosure regarding prior findings of non-responsibility for violations of SFL §§139-j or 139-k; (ii) written affirmation of understanding and agreement to comply with the governmental entity's policies and procedures relating to permissible contacts;

- If any offerors have disclosed a prior finding of non-responsibility for violations of §§139-j or 139-k, I have noted them below:

  _____

  _____

- Received from the winning vendor a certification as to the completeness, truth and accuracy of all information provided to the governmental entity and included such documentation in the procurement record submitted to OSC;

- Included in the contract a provision authorizing termination if the certification referenced above is found to be intentionally false or intentionally incomplete;

- Reviewed the New York State Office of General Services published list of non-responsible and debarred vendors for violations of SFL §§139-j and 139-k and considered such information in its determination of responsibility of the proposed vendor;

GAMC-T1-055052

- Except as otherwise indicated, found no knowing and willful violations of the requirements regarding permissible contacts or other provisions of SFL §§139-j or 139-k;

- If applicable, documented in the procurement record submitted to OSC (i) the basis for finding the proposed vendor in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such vendor; and (iii) that such finding was reported to OGS, as required;

Based upon the above information and representations, the governmental entity has determined, for purposes of SFL §§139-j and 139-k only that the proposed vendor for the above identified governmental procurement is:

☒ Responsible                    ☐ Non-responsible

*(This responsibility determination by the governmental entity must also be reported on the Vendor Responsibility Profile, if one is required for this transaction.)*

- If applicable, documented in the procurement record submitted to OSC the basis for awarding a contract to the proposed vendor notwithstanding the governmental entity's determination that the proposed vendor is non-responsible for violations of SFL §§139-j or 139-k.

- Documented in the procurement record submitted to OSC (i) the basis for finding any other offerer in this procurement non-responsible for violations of SFL §§139-j or 139-k; (ii) the due process afforded such offerer; and (iii) that such finding was reported to OGS, as required.

Name(s) and Federal Identification number(s) of such Offerer(s)

_____
_____
_____

6/23/2021                          *Joseph A. Carucci*
Date                               Authorized Signatory

Name: Joseph A. Carucci              Contract Management Specialist
      (printed or typed)             Title

Direct Telephone Number (including area code): (518) 776-2128

E-mail Address: purchase@ag.ny.gov

Mailing Address: State Capitol, BFMB, Albany, NY 12224

GAMC-T1-055053

AC 3275 (Rev. 5/13) Page 1 of 2

**OFFICE OF THE STATE COMPTROLLER - BUREAU OF CONTRACTS**
# VENDOR RESPONSIBILITY PROFILE

**Part I – Contract Information** - *Complete for all transactions.*

| 1. Business Unit LAW01 | 2. Department ID # 3600000 | 3. Department Name NYS Office of the Attorney General | |
|---|---|---|---|
| 4. Contract/PO # C105803 | 5. Amendment Sequence # 0 | 6. Transaction Amount $2,552,500.00 | 7. Total Contract Value $2,552,500.00 |
| 8. Vendor Name Cleary Gottlieb Steen & Hamilton LLP | | 9. NYS Vendor ID # 1000013595 | 10. Taxpayer ID/EIN # 135599083 |

11. Contractor Type:  ☒ Prime Contractor   ☐ Subcontractor

12. Contract Description
Outside Counsel Services for investigation into the Governor

13. State contracting entity contact for this transaction – Name, Phone, Email
Joseph A. Carucci, 518-776-2128, purchase@ag.ny.gov

14. Were any issues disclosed by vendor and/or found by State contracting entity?   ☐ Yes   ☒ No
(If "Yes," provide details using Attachment A, Item 1.)

15. If this is a new contract or renewal, has the vendor's documentation of New York State Workers' Compensation and Disability Benefits coverage or exemption been verified as accurate, up-to-date, **and included** as part of the procurement package as outlined in GFO XI.18.G?   ☒ Yes   ☐ No   ☐ N/A  (If "No," provide details using Attachment A, Item 2.)

**Part II – Vendor Disclosure and State Contracting Entity Process** – *Complete for a new contract valued at $100,000 or more, or an amendment that brings total approved amount to $100,000 or more for the first time.*

16. Identify disclosures used in this review that were **provided by the vendor**. Check all that apply and attach all pertinent items. (*Information found on the VendRep System should NOT be printed for OSC.*)

| ☒ Online VendRep Questionnaire Date Certified: 6/11/2021 | | ☐ Hard Copy Questionnaire (Must attach, if used) Date Certified: |
|---|---|---|
| ☐ Financial Statements | ☐ Solicitation Document Responses | ☐ Vendor Correspondence |

☐ Other Vendor Disclosure - Describe:

*All reviews must be thorough and comprehensive to mitigate any risks to public funds or services.*

17. Is a description of the **State contracting entity's process** included in Attachment A, Item 2?   ☒ Yes   ☐ No
If "No," explain:

**Part III – State Contracting Entity Responsibility Determination**

The above named contracting entity has undertaken an affirmative review of the proposed contractor's responsibility and, based upon such review, has reasonable assurance that the proposed contractor is:
☒ Responsible   ☐ Non-Responsible

| Signature  *Joseph A. Carucci* | Date: 6/23/2021 |
|---|---|
| Print Name:  Joseph A. Carucci | Title:  Contract Management Specialist |

GAMC-T1-055054

**Attachment A**

| | |
|---|---|
| Business Unit # LAW01 | Department ID # 3600000 |
| Contract/PO # C105803 | Amendment Sequence # 0 |
| Vendor Name Cleary Gottlieb Steen & Hamilton LLP | NYS Vendor ID # 1000013595 |

**Item 1:  Issue Detail**

*For each issue* disclosed by the vendor or found by the State contracting entity, describe the issue and its resolution.

>   *Note:* In the "Resolution" field, include the State contracting entity's assessment of the issue, its relevance to the vendor's responsibility for this procurement (including any supporting reasons), and any corrective or mitigating actions taken by the State contracting entity or vendor in response to the issues (attach additional pages if necessary).  ***If the State contracting entity believes the issue has no impact on this transaction, state the __reason(s)__ justifying such statement.***

| Issue Description | State Contracting Entity Resolution |
|---|---|
| 1. | |
| 2. | |
| 3. | |

**Item 2:  State Contracting Entity Process**

Describe the steps ***taken by the State contracting entity*** to determine vendor responsibility including consideration of the vendor disclosures and the independent State contracting entity research, including but not limited to, internet sources, contracting entity records, and internal or external communication. If a Resource Checklist was used, it is acceptable to submit the completed list in lieu of describing the process.

>   *Note:* Do **not** submit copies of website search results or information found on the VendRep System.

| |
|---|
| Legal/Regulatory Authority to Do Business - Search of NYS DOL and NYS WCB debarment list returned no results |
| Integrity - Search of Federal Contractor Misconduct Database returned no results |
| Financial and Organizational Capacity - Search of NYS Tax Warrant Notice system returned no results |
| Performance - Search of Better Business Bureau returned no results |

GAMC-T1-055055

| | |
|---|---|
| **From:** | Remo, Lorraine |
| **To:** | Purchase; Contract Approval |
| **Subject:** | RE: C105803 - Cleary Gottlieb Steen & Hamilton LLP - Outside Counsel Services |
| **Date:** | Friday, June 18, 2021 3:27:25 PM |

Approved as to form: 6/18/2021 by Lorraine I. Remo
Received: 6/17/2021

*Reminder: Agencies must  forward the contract approved by the OAG Contract Approval Section* <u>*along with*</u> *the email in which the OAG Contract Approval Section approved the contract, to OSC via the Comptroller's EDSS system.  If you are not enrolled in the EDSS system and have not made alternative arrangements with OSC on how to submit your transaction, please contact OSC at  518-408-4672 or email* ITServiceDesk@osc.ny.gov.

OAG: CAS please file and enter.  p     Amount 2,552,500

**From:** Purchase <Purchase@ag.ny.gov>
**Sent:** Thursday, June 17, 2021 2:53 PM
**To:** Contract Approval <contractapproval@ag.ny.gov>
**Cc:** Purchase <Purchase@ag.ny.gov>
**Subject:** C105803 - Cleary Gottlieb Steen & Hamilton LLP - Outside Counsel Services

Good afternoon,

The Office of the Attorney General (OAG) requests approval "As to Form" of the enclosed contract C105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

The maximum amount of the contract is $2,552,500.00. The contract term is March 8, 2021 through September 7, 2021.

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov  if you need any additional information.

Thank you,
**Joe Carucci**
Contract Management Specialist

**New York State Office of the Attorney General**
Budget and Fiscal Management Bureau (BFMB)
The Capitol | Albany, NY 12224
(518) 776-2128 | purchase@ag.ny.gov | www.ag.ny.gov

GAMC-T1-055056

**Approved Date:** 5/27/2021

**To:**

Department of Law
Office of the Attorney General

The Capitol

Albany, NY  12224-0341

**Subject:**       Outside legal services (C105803/C105804 $3,502,500)

**CRER ID:**       LAW01-0000461-3600000   **Sequence No.**  0

**Determination:**   Approved

**Grounds:**       Single Source

**Restrictions:**     N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for outside legal services (C105803/C105804) for a combined total of $3,502,500 has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

Sincerely,

*Brian Fuller*

BRIAN J FULLER

518-474-6494

bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

**GAMC-T1-055057**

Office of the State Comptroller
Bureau of Contracts
The Procurement Record Checklist


Department ID/Department Name: 3600000/Department of Law

Agency Contact:  Joseph A. Carucci    Telephone: 518/776-2128    E-Mail: joseph.carucci@ag.ny.gov

Contract/Vendor Name     C105803 - Cleary Gottlieb Steen & Hamilton LLP

Contract Period:  March 8, 2021 to September 7, 2021

1. Contract Description:  Outside Counsel Services

2. Need Statement: The OAG needs to obtain outside counsel services for the investigation into the Governor.

3. Procurement Method:
☐ IFB - Lowest Bid Meeting Specifications        ☐ Emergency
☐ RFP - Evaluation of Technical and Cost          ☐ Mini Bid
☐ (Best-Value Specified)                                   ☐ Discretionary
☒ Single Source                                               ☐ Piggyback
☐ Sole Source                                                  ☐ Other
☐ Preferred Source

4. Summary of Competitive Procurement:

a. Number of Bids Solicited:
b. Number of Bids Received:
c. Number of Rejections:
d. Number of Protests/Disputes*:
   *Protest/Dispute Related Documents Must be Included in the Record Submitted to OSC.

5. Debriefings Requested?            ☐ Yes            ☒ No
   If yes, number of debriefings requested, and status/dates of debriefings held:

6. Procurement Opportunities Newsletter (New York State Contract Reporter, also known as NYSCR)

   ☒ Advertisement Notice/Agency Certification Attached
   ☒ Copy of OSC Exemption Attached (include Contract Reporter Exemption Request
      number). Ad Number:
   ☐ Exempted Per Statute _____ (if the exemption is not provided under Article 4-C of the
      Economic Development Law please provide citation)


7. **THE FOLLOWING INFORMATION (7 a-e) MUST ALSO BE PROVIDED ONLY WHEN AN
   RFP IS USED.** (A separate document may be used, or an agency may reference specific documents
   and/or sections of the RFP.)

   a.    Explain the process used to ensure a competitive field:

   b. Explain the scope of work to be performed under the contract:

   c. List the evaluation criteria and relative points used to evaluate the proposals:
      Technical Points:

Cost Points:
Identify where in the RFP detailed evaluation criteria is set forth:
d. Explain the methodology used for evaluating the proposals:

e. Provide a summary of the evaluation results, and the basis for the selection of the successful offeror:
See attached evaluation summary spreadsheet

8. Submit all documentation required by the OSC Bureau of Contracts. Specific requirements can be obtained by calling the OSC Bureau of Contracts at 518-474-6494.

9. Required Signatures (check those which apply):
☒ Agency
☒ Vendor
☐ Vendor's Acknowledgment

☒ Approvals (check those which apply):
☐ Division of the Budget
☐ Office of State Operations Approval of the B-1184
☐ Civil Service
☒ Attorney General
☐ Office for Technology PTP Approval
☐ OGS Approval of the Price for Preferred Source Service Acquisitions
☐ OGS Piggyback Approval

Agency Signature: *Joseph A. Carucci* Date: 06/23/2021

OSC Auditor: _____    Date: _____

GAMC-T1-055059

| Report ID:   NYCA1673 | State of New York | Page No:   1 |
|---|---|---|
| | Statewide Financial System | Run Date:   6/23/2021 |
| | Procurement Contract Request | Run Time:   10:27 AM |

**Single Transaction Summary**

| BUSINESS UNIT | DOCUMENT TYPE | AUDIT TYPE |
|---|---|---|
| LAW01 | Procurement Contract | EBV |

| Business Unit (Name) | Contract No | Sequence # |
|---|---|---|
| Department of Law | C105803 | 0 |

| Contract ID : 000000000000000000088368 | Version # : 1 | |
|---|---|---|

| Dept ID | Department Name |
|---|---|
| 3600000 | LAW01-Department of Law_BD |

**Supplier ID**

1000013595

**Supplier Name**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

| Transaction Amount | Begin Date (MM/DD/YYYY)   to   Expire Date (MM/DD/YYYY) | |
|---|---|---|
| $2,552,500.00 | 03/08/2021 | 09/07/2021 |

| Bid Date (MM/DD/YYYY) | Renewal Amendment Beginning Date (MM/DD/YYYY) |
|---|---|

| Pre-Encumbrance Amt: | NY State Contract Descr: |
|---|---|
| | Outside Counsel Services |

**Description**

LAW01-C105803-3600000

**Provisions**

| Preparer's Signature | Preparer's Phone No |
|---|---|
| CARUCCI,JOSEPH | 518-776-2128 |

| Agency Finance Officer's Signature | Date |
|---|---|
| *[signature]* | 06/23/2021 |

| Reporting Code | Method of Award | Number of Bids | Special Code |
|---|---|---|---|
| | | | |

| Date Received | Date Approved | Date Rejected | Auditor's Initials |
|---|---|---|---|
| | | | |

**Intended Encumbrance**

| Amount |
|---|
| $2,552,500.00 |

**GAMC-T1-055060**

June 23, 2021

Ms. Patricia Warner
Bureau of Contracts
Office of the State Comptroller
110 State Street, 11th Floor
Albany, NY 12236

Dear Ms. Warner:

The Office of the Attorney General (OAG) requests approval of the enclosed contract C105803 with Cleary Gottlieb Steen & Hamilton LLP, for Outside Counsel Services in the investigation of the Governor.

The maximum amount of the contract is $2,552,500. The contract term is March 8, 2021 through September 7, 2021.

Your prompt approval of this contract would be greatly appreciated.  Please contact me at 518-776-2128 or purchase@ag.ny.gov if you need any additional information.

Sincerely,

*Joseph A. Carucci*

Joseph A. Carucci
Contract Management Specialist

GAMC-T1-055061



**Office of the State Comptroller**
**Electronic Document Submission System (EDSS)**
**Exemption Request**
**Not Feasible to Advertise (Single Source)**

| Agency Information | |
|---|---|
| **Agency Business Unit ID:**<br>LAW01 | **Agency Department ID:**<br>3600000 - Attorney General, Office of the |
| **Agency Reference Number:**<br>C105803 & C105804 Amend 2 | **Transaction ID:**<br>LAW01 - (New) - 3600000 |
| **Request Name:**<br>Multiple - Cleary/Vladeck | **Type of Request:**<br>Extension of Time & Increase in Funds |
| **NYS Contract #:**<br>C105803/804 | **Type of Exemption:**<br>Not Feasible to Advertise (Single Source) |
| **Estimated Dollar Amount:**<br>$1,300,040 | **Procurement Type:**<br>Service (RFP) |
| **Supplier ID:** | **Supplier Name:** |
| **Start Date:**<br>03/08/2021 | **End Date:**<br>05/31/2023 |
| **Primary Contact Name:**<br>Joseph Carucci | **Primary Contact phone:** |
| **Primary Contact Email:**<br>Joseph Carucci | **Submission Date:**<br>06/02/2022 |

## Not Feasible to Advertise (Single Source)

**1: Provide description of goods or services being procured:**

On February 28, 2021, then Governor Andrew Cuomo directed the Attorney General to select an    independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor. The Executive Office of the Attorney General (OAG) has determined that it is in the best interest of the State to retain the Outside Counsel services    of Cleary Gottlieb Steen & Hamilton LLP (C105803) & Vladeck, Raskin & Clark PC (C105804) for investigative and legal services in furtherance of referral under Executive Law Section 63(8) to pursue allegations of sexual harassment and surrounding circumstances against Governor Cuomo. The firms produced a public report with their findings and conclusions.

OAG is requesting additional funds in the amount of $1,300,040.00 for contract C105803 and a time extension for both contract until May 31, 2023. The additional scope of work being provided by both firms are as follows:
(a) the need to conduct redactions of voluminous amounts of transcripts, exhibits, and documents which were ultimately making them public;
(b) the need to ensure that the redactions are being made consistently across a wide range of materials and is

**GAMC-T1-055062**

sufficiently protective of the privacy and other interests;

(c) the need to provide substantial materials to various law enforcement agencies in a coordinated fashion;

(d) the need to make corresponding redactions to various video depositions, a time-consuming and labor-intensive process using a special video redaction tool; and

(e) to manage and respond to actions taken by various parties following the public release of the report and the underlying evidence and material.

**2: Document the circumstances and the material and substantial reasons why a formal competitive process is not feasible:**

Given the sensitive, high-profile nature of the engagement and the fact that it involves allegations of misconduct against the sitting Governor, the OAG determined that it necessary to expeditiously appoint special deputies and engage their firms to commence the investigation as quickly as reasonably feasible.

**3: Provide vendor selection justification:**

Despite the need to procure services quickly, the OAG carried out a robust process for procurement.   The OAG considered over twenty different attorneys/firms for this matter. After reviewing their credentials, experiences, and publicly available information, the OAG interviewed four finalist candidates (Cleary Gottlieb Steen & Hamilton LLP, Vladeck, Raskin & Clark PC, Ropes & Gray and Buchanan Ingersoll-Rooney). The OAG then determined that the most appropriate and effective approach to the matter would be to pair two of these finalist candidates together for the investigation    and public report. The two firms engaged by the OAG have complimentary expertise and resources needed for this sensitive investigation. More specifically, the firm Vladeck, Raskin & Clark PC has deep expertise in the primary subject matter at hand – employment law. Cleary was selected based on its expertise in investigations, including workplace investigations and its broad set of resources, including investigative resources. By engaging both firms on this matter, the OAG is able to combine deep expertise in employment law of a relatively small firm with the broad resources of a large firm with significant investigative experience. The principals at the firms, Anne Clark (Vladeck) and Joon Kim (Cleary) have equal roles as co-leads of the investigation. Cleary has more responsibility for the supporting work because it has more available resources and staff. Ropes & Gray and Buchanan Ingersoll-Rooney, ultimately, were not chosen because they were not as qualified for this unique engagement. They also did not offer discounted rates.

**4: Why is the period of time requested the minimum necessary to ameliorate the circumstances which created the material and substantial reasons for this request?**

OAG anticipates that the Outside Counsel services will be needed from March 8, 2021 through May 31, 2023.

**5: If a future competitive process is anticipated, provide key dates such as: publication of notice in Contract Reporter, bid due date, bid opening date, evaluation and notice of award dates:**

Not applicable. No future competitive process is anticipated.

**6: Provide price justification for the request:**

The rates for Cleary Gottlieb Steen & Hamilton LLP & Vladeck, Raskin & Clark PC will remain the same and are as follows: Principal/Senior Partner - $750 Mid-Level Partner - $575 Junior Partner/Counsel - $500 Senior Associate - $450 Junior Associate - $325 Paralegals-$125.

Both firms agreed to discount their rates for this matter of public interest and importance. Cleary, which has much higher hourly rates than Vladeck, agreed to discount its rates by more than 50% for this matter. Vladeck agreed to discount its rates to match the rates of Cleary. OAG determined that it was appropriate for the lawyers working on

this matter to receive the same hourly rates regardless of their firm affiliation. The agreed rates for both firms are reasonable (and in fact on the low end) of rates for high profile investigative work like that required for this matter. A breakdown of the estimated additional hours and rates are included for Cleary:

Principal/Senior Partner - $750 X 90.9 Hours = $68,175.00
Junior Partner/Counsel - $500 X 358.9 Hours = $179,450.00
Senior Associate - $450 X 804.8 Hours = $362,160.00
Junior Associate - $325 X 1898.4 Hours = $616,980.00
Paralegals - $125 X 586.2 Hours = $73,275.00

Maximum value for Cleary Gottlieb Steen & Hamilton LLP will now be $6,719,990.00 (C105803).

Maximum value for Vladeck, Raskin & Clark PC will remain the same at $1,200,025.00 (C105804). OAG believes the remaining amount of funds on contract ($117,778.23) will be enough funds for remainder of contract.

**Approved Date:** 7/14/2022

**To:**      Joseph Carucci
             Department of Law
             Office of the Attorney General

             The Capitol

             Albany NY  12224-0341

**Subject:**       Extension through 5/31/2023 and increase of funds
                   (C105803 & C105804)
**CRER ID:**       LAW01-0000547-3600000   **Sequence No.** 0
**Determination:** Approved

**Grounds:**       Change in Scope

**Restrictions:**  N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for an extension through 5/31/2023 and increase of funds for contracts C105803 & C105804 has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

                                                        Sincerely,


                                                        BRIAN J FULLER
                                                        518-474-6494
                                                        bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

**GAMC-T1-055065**



**Office of the State Comptroller**
**Electronic Document Submission System (EDSS)**
**Exemption Request**
**Not Feasible to Advertise (Single Source)**

| Agency Information | |
|---|---|
| **Agency Business Unit ID:**<br>LAW01 | **Agency Department ID:**<br>3600000 - Attorney General, Office of the |
| **Agency Reference Number:**<br>C105803 & C105804 Amend | **Transaction ID:**<br>LAW01 - (New) - 3600000 |
| **Request Name:**<br>Multiple - Cleary / Vladeck | **Type of Request:**<br>Extension of Time & Increase in Funds |
| **NYS Contract #:**<br>C105803/804 | **Type of Exemption:**<br>Not Feasible to Advertise (Single Source) |
| **Estimated Dollar Amount:**<br>$3,117,475 | **Procurement Type:**<br>Service (RFP) |
| **Supplier ID:** | **Supplier Name:** |
| **Start Date:**<br>03/08/2021 | **End Date:**<br>12/31/2021 |
| **Primary Contact Name:**<br>Joseph Carucci | **Primary Contact phone:** |
| **Primary Contact Email:**<br>Joseph Carucci | **Submission Date:**<br>09/13/2021 |

## Not Feasible to Advertise (Single Source)

**1: Provide description of goods or services being procured:**

On February 28, 2021 Governor Andrew Cuomo directed the Attorney General to select an independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor.

The Executive Office of the Attorney General (OAG) has determined that it is in the best interest of the State to retain the Outside Counsel services of Cleary Gottlieb Steen & Hamilton LLP (C105803) & Vladeck, Raskin & Clark PC (C105804) for investigative and legal services in furtherance of referral under Executive Law Section 63(8) to pursue allegations of sexual harassment and surrounding circumstances against Governor Cuomo. The firms will produce a public report with their findings and conclusions.

OAG is requesting additional funds in the amount of $3,117,475.00 and time extension until December 31, 2021. There were complainants not known at the outset of the investigation, which required interviews not only of complainants, but of additional witnesses. Also, the firms have continued to provide support in the review and

preparation of material referenced in the report, including transcripts and memos as well as assisting in our response to discovery requests. The OAG is requesting additional funds for Cleary Gottlieb Steen & Hamilton LLP (C105803) in the amount of $2,867,450.00 and $250,025.00 for Vladeck, Raskin & Clark PC (C105804).

**2: Document the circumstances and the material and substantial reasons why a formal competitive process is not feasible:**

Given the sensitive, high-profile nature of the engagement and the fact that it involves allegations of misconduct against the sitting Governor, the OAG determined that it necessary to expeditiously appoint special deputies and engage their firms to commence the investigation as quickly as reasonably feasible.

**3: Provide vendor selection justification:**

Despite the need to procure services quickly, the OAG carried out a robust process for procurement.  The OAG considered over twenty different attorneys/firms for this matter.  After reviewing their credentials, experiences, and publicly available information, the OAG interviewed four finalist candidates (Cleary Gottlieb Steen & Hamilton LLP, Vladeck, Raskin & Clark PC, Ropes & Gray and Buchanan Ingersoll-Rooney). The OAG then determined that the most appropriate and effective approach to the matter would be to pair two of these finalist candidates together for the investigation and public report.

The two firms engaged by the OAG have complimentary expertise and resources needed for this sensitive investigation.  More specifically, the firm Vladeck, Raskin & Clark PC has deep expertise in the primary subject matter at hand – employment law.  Cleary was selected based on its expertise in investigations, including workplace investigations and its broad set of resources, including investigative resources.  By engaging both firms on this matter, the OAG is able to combine deep expertise in employment law of a relatively small firm with the broad resources of a large firm with significant investigative experience.  The principals at the firms, Anne Clark (Vladeck) and Joon Kim (Cleary) have equal roles as co-leads of the investigation.  Cleary has more responsibility for the supporting work because it has more available resources and staff.

Ropes & Gray and Buchanan Ingersoll-Rooney, ultimately, were not chosen because they were not as qualified for this unique engagement.  They also did not offer discounted rates.

**4: Why is the period of time requested the minimum necessary to ameliorate the circumstances which created the material and substantial reasons for this request?**

OAG anticipates that the Outside Counsel services will be needed from March 8, 2021 through December 31, 2021.

**5: If a future competitive process is anticipated, provide key dates such as: publication of notice in Contract Reporter, bid due date, bid opening date, evaluation and notice of award dates:**

Not applicable. No future competitive process is anticipated.

**6: Provide price justification for the request:**

The rates for Cleary Gottlieb Steen & Hamilton LLP & Vladeck, Raskin & Clark PC will remain the same and are as follows:

Principal/Senior Partner - $750
Mid-Level Partner - $575
Junior Partner/Counsel - $500

GAMC-T1-055067

Senior Associate - $450
Junior Associate - $325
Paralegals-$125 (new title will be added to the Cleary contract-C105803)

Both firms agreed to discount their rates for this matter of public interest and importance.  Cleary, which has much higher hourly rates than Vladeck, agreed to discount its rates by more than 50% for this matter.  Vladeck agreed to discount its rates to match the rates of Cleary.  OAG determined that it was appropriate for the lawyers working on this matter to receive the same hourly rates regardless of their firm affiliation.  The agreed rates for both firms are reasonable (and in fact on the low end) of rates for high profile investigative work like that required for this matter.

A breakdown of the estimated additional hours and rates are included for both firms.

Maximum value for Cleary Gottlieb Steen & Hamilton LLP is $5,419,950.00 (C105803).
Maximum value for Vladeck, Raskin & Clark PC is $1,200,025.00 (C105804).

GAMC-T1-055068

**Cleary**:

Breakdown of additional rates and total

| Category | Total Hours | Rates | Total |
|---|---|---|---|
| Principal/Senior Partner | 1,000.00 | $750 | $   750,000.00 |
| Junior Partner/Counsel | 1,000.00 | $500 | $   500,000.00 |
| Senior Associate | 2,450.00 | $450 | $ 1,102,500.00 |
| Junior Associate | 1,046.00 | $325 | $   339,950.00 |
| Paralegals | 1,400.00 | $125 | $   175,000.00 |
|  | 6,896.00 |  | $ 2,867,450.00 |

GAMC-T1-055069

**Vladeck**

| Staff | Rate | Hours | Total |
|---|---|---|---|
| Principal/Sr Partner | $750 | 160 hours | $120,000.00 |
| Jr. Partner | $500 | 50 hours | $25,000.00 |
| Sr. Assoc | $450 | 93 hours | $41,850.00 |
| Jr. Assoc | $325 | 174 hours | $56,550.00 |
| Paralegal | $125 | 53 hours | $6,625.00 |

| | | | |
|---|---|---|---|
| Additional Total | | $250,025.00 | |

GAMC-T1-055070

**Approved Date:** 11/2/2021

**To:**        Joseph Carucci
Department of Law
Office of the Attorney General
The Capitol
Albany NY 12224-0341

**Subject:**     Contract extension and increase of funds (C105803 & C105804)
**CRER ID:**    LAW01-0000495-3600000   **Sequence No.** 0
**Determination:**  Approved

**Grounds:**     Change in Scope

**Restrictions:**    N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for Contract extension and increase of funds for C105803 & C105804 has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

Sincerely,

BRIAN J FULLER
518-474-6494
bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

GAMC-T1-055071



**Office of the State Comptroller**
**Electronic Document Submission System (EDSS)**
**Exemption Request**
**Not Feasible to Advertise (Single Source)**

| Agency Information | |
|---|---|
| **Agency Business Unit ID:** LAW01 | **Agency Department ID:** 3600000 - Attorney General, Office of the |
| **Agency Reference Number:** C105803 & C105804 | **Transaction ID:** LAW01 - (New) - 3600000 |
| **Request Name:** Multiple - Cleary / Vladeck | **Type of Request:** New Contract/New Purchase |
| **NYS Contract #:** C105803/804 | **Type of Exemption:** Not Feasible to Advertise (Single Source) |
| **Estimated Dollar Amount:** $3,450,000 | **Procurement Type:** Service (RFP) |
| **Supplier ID:** | **Supplier Name:** |
| **Start Date:** 03/08/2021 | **End Date:** 09/07/2021 |
| **Primary Contact Name:** Joseph Carucci | **Primary Contact phone:** |
| **Primary Contact Email:** Joseph Carucci | **Submission Date:** 05/03/2021 |

## Not Feasible to Advertise (Single Source)

**1: Provide description of goods or services being procured:**

On February 28, 2021 Governor Andrew Cuomo directed the Attorney General to select an independent investigator to conduct a thorough review of allegations of, and the circumstances surrounding, sexual harassment against the Governor.

The Executive Office of the Attorney General (OAG) has determined that it is in the best interest of the State to retain the Outside Counsel services of Cleary Gottlieb Steen & Hamilton LLP (C105803) & Vladeck, Raskin & Clark PC (C105804) for investigative and legal services in furtherance of referral under Executive Law Section 63(8) to pursue allegations of sexual harassment and surrounding circumstances against Governor Cuomo. The firms will produce a public report with their findings and conclusions.

**2: Document the circumstances and the material and substantial reasons why a formal competitive process is not feasible:**

GAMC-T1-055072

Given the sensitive, high-profile nature of the engagement and the fact that it involves allegations of misconduct against the sitting Governor, the OAG determined that it necessary to expeditiously appoint special deputies and engage their firms to commence the investigation as quickly as reasonably feasible.

**3: Provide vendor selection justification:**

Despite the need to procure services quickly, the OAG carried out a robust process for procurement.  The OAG considered over twenty different attorneys/firms for this matter.  After reviewing their credentials, experiences, and publicly available information, the OAG interviewed four finalist candidates (Cleary Gottlieb Steen & Hamilton LLP, Vladeck, Raskin & Clark PC, Ropes & Gray and Buchanan Ingersoll-Rooney). The OAG then determined that the most appropriate and effective approach to the matter would be to pair two of these finalist candidates together for the investigation and public report.

The two firms engaged by the OAG have complimentary expertise and resources needed for this sensitive investigation.  More specifically, the firm Vladeck, Raskin & Clark PC has deep expertise in the primary subject matter at hand – employment law.  Cleary was selected based on its expertise in investigations, including workplace investigations and its broad set of resources, including investigative resources.  By engaging both firms on this matter, the OAG is able to combine deep expertise in employment law of a relatively small firm with the broad resources of a large firm with significant investigative experience.  The principals at the firms, Anne Clark (Vladeck) and Joon Kim (Cleary) have equal roles as co-leads of the investigation.  Cleary has more responsibility for the supporting work because it has more available resources and staff.

Ropes & Gray and Buchanan Ingersoll-Rooney, ultimately, were not chosen because they were not as qualified for this unique engagement.  They also did not offer discounted rates.

**4: Why is the period of time requested the minimum necessary to ameliorate the circumstances which created the material and substantial reasons for this request?**

OAG anticipates that the Outside Counsel services will be needed from March 8, 2021 through September 7, 2021.

**5: If a future competitive process is anticipated, provide key dates such as: publication of notice in Contract Reporter, bid due date, bid opening date, evaluation and notice of award dates:**

Not applicable. No future competitive process is anticipated.

**6: Provide price justification for the request:**

The rates for Cleary Gottlieb Steen & Hamilton LLP & Vladeck, Raskin & Clark PC are as follows:

Principal/Senior Partner - $750
Mid-Level Partner - $575
Junior Partner/Counsel - $500
Senior Associate - $450
Junior Associate - $325

Both firms agreed to discount their rates for this matter of public interest and importance.  Cleary, which has much higher hourly rates than Vladeck, agreed to discount its rates by more than 50% for this matter.  Vladeck agreed to discount its rates to match the rates of Cleary.  OAG determined that it was appropriate for the lawyers working on this matter to receive the same hourly rates regardless of their firm affiliation.  The agreed rates for both firms are reasonable (and in fact on the low end) of rates for high profile investigative work like that required for this matter.

GAMC-T1-055073

Maximum value for Cleary Gottlieb Steen & Hamilton is $2,500,000.00 (C105803).
Maximum value for Vladeck, Raskin & Clark PC is $950,000.00 (C105804).

GAMC-T1-055074

**Approved Date:** 5/27/2021

**To:**

Department of Law
Office of the Attorney General

The Capitol

Albany, NY 12224-0341

**Subject:** Outside legal services (C105803/C105804 $3,502,500)

**CRER ID:** LAW01-0000461-3600000 **Sequence No.** 0

**Determination:** Approved

**Grounds:** Single Source

**Restrictions:** N/A

Your request for an exemption from giving notice in the New York State Contract Reporter for outside legal services (C105803/C105804) for a combined total of $3,502,500 has been approved. This approval is for exemption only; it does not constitute the prior approval of OSC, if required. For single or sole source exemptions, the reasonableness of cost must be included with the contract package.

In accordance with the statute, you are still required to publish a notice of either the letting or award of this proposed contract in the New York State Contract Reporter. The notice must state the reason for the exemption and be placed as soon as practicable. It will be your responsibility to maintain proof that this exemption was subsequently published in the newsletter.

A copy of this letter should accompany the transaction when submitted to our office for approval.

Sincerely,

*Brian Fuller*

BRIAN J FULLER

518-474-6494

bfuller@osc.ny.gov

cc.
Economic Development Program Specialist II
Empire State Development
contractreporter@empire.state.ny.us

**GAMC-T1-055075**

| PARTNER LIST (By Office) June 2021 | | | |
|---|---|---|---|
| **ABU DHABI** | | | |
| 1 | Abouali | Gamal M. | Abu Dhabi |
| 2 | Macbeth | Chris | Abu Dhabi |
| **BEIJING** | | | |
| 1 | Shiu | Denise | Beijing |
| **BRUSSELS** | | | |
| 1 | Bock | Patrick | Brussels |
| 2 | Cook | Christopher J. | Brussels |
| 3 | González-Díaz | Francisco Enrique | Brussels |
| 4 | Graf | Thomas | Brussels |
| 5 | Laprévote | François-Charles | Brussels |
| 6 | Legein | Laurent | Brussels |
| 7 | Ruzette | Laurent A. | Brussels |
| 8 | Snelders | Robbert | Brussels |
| 9 | Subiotto | Romano F. | Brussels |
| 10 | Winckler | Antoine | Brussels |
| **BUENOS AIRES** | | | |
| 1 | de la Cruz | Andrés | Buenos Aires |
| **COLOGNE** | | | |
| 1 | Deselaers | Wolfgang | Cologne |
| 2 | Polley | Romina | Cologne |
| 3 | Schroeder | Dirk | Cologne |
| **FRANKFURT** | | | |
| 1 | Greenberg | Ward A. | Frankfurt |
| 2 | Kreindler | Richard | Frankfurt |
| 3 | Ulmer | Michael J. | Frankfurt |
| **HONG KONG** | | | |
| 1 | Chan | Freeman | Hong Kong |
| 2 | Lee | Chris C. | Hong Kong |
| 3 | Zhao | Shuang | Hong Kong |
| **LONDON** | | | |
| 1 | Antonazzo | Gabriele | London |
| 2 | Bagot | Sam | London |
| 3 | Billington | David J. | London |
| 4 | Boury | Pierre-Marie | London |
| 5 | Brady | James | London |
| 6 | Dolmans | Maurits | London |
| 7 | Gadhia | Sunil | London |
| 8 | Gilbert | Paul | London |
| 9 | Gottlieb | David I. | London |
| 10 | Ho | Jim | London |
| 11 | Holland | Jackie | London |
| 12 | James | Michael I | London |

GAMC-T1-055076

| 13 | Kelly | Jonathan | London |
|----|-------|----------|--------|
| 14 | Levy | Nicholas | London |
| 15 | Lyadnova | Polina | London |
| 16 | Moore | Christopher P. | London |
| 17 | Norris-Jones | James | London |
| 18 | Preston | Michael J. | London |
| 19 | Puri | Nallini | London |
| 20 | Sarkar | Tihir | London |
| 21 | Sperber | Sebastian R. | London |
| 22 | Sultman | Richard | London |

| MILAN | | | |
|-------|------|------|-------|
| 1 | Beretta | Matteo | Milan |
| 2 | Bonsignore | Roberto | Milan |
| 3 | de Vito Piscicelli | Carlo | Milan |
| 4 | Fioruzzi | Pietro M. | Milan |
| 5 | Montanaro | Matteo | Milan |
| 6 | Santoro | Carlo | Milan |

| MOSCOW | | | |
|--------|------|------|--------|
| 1 | Senecal | Scott C. | Moscow |
| 2 | Solomakhina | Yulia A. | Moscow |
| 3 | Suvorov | Mikhail | Moscow |

| NEW YORK | | | |
|----------|------|------|----|
| 1 | Albano | Michael J. | NY |
| 2 | Barefoot | Luke A. | NY |
| 3 | Bensman | Lina | NY |
| 4 | Blacklow | Kimberly Brown | NY |
| 5 | Blazejewski | Kenneth S. | NY |
| 6 | Boccuzzi, Jr. | Carmine D. | NY |
| 7 | Brenneman | Adam | NY |
| 8 | Brod | Craig B. | NY |
| 9 | Brodsky | David E. | NY |
| 10 | Bronson | Elana S. | NY |
| 11 | Casusol | Audry X. | NY |
| 12 | Conroy, Jr. | Hugh C. | NY |
| 13 | Cooper | Richard J. | NY |
| 14 | Cooper | Roger A. | NY |
| 15 | Dassin | Lev L. | NY |
| 16 | Dayan | Michael D. | NY |
| 17 | Factor | Jason R. | NY |
| 18 | Fedida | Meyer H. | NY |
| 19 | Fleisher | Adam E. | NY |
| 20 | Fulton | F. Jamal | NY |
| 21 | Gerber | Jared | NY |
| 22 | Gerstenzang | Michael A. | NY |
| 23 | Gindi | Maurice R. | NY |
| 24 | Goodman | Corey M. | NY |
| 25 | Grabar | Nicolas | NY |
| 26 | Harris | Kyle A. | NY |
| 27 | Herrington | David H. | NY |
| 28 | Hou | Victor L. | NY |
| 29 | Ilan | Daniel | NY |
| 30 | Juantorena | Jorge U. | NY |

| 31 | Karpf | Jeffrey D. | NY |
|---|---|---|---|
| 32 | Kim | Joon H. | NY |
| 33 | Kolodner | Jonathan S. | NY |
| 34 | Kordula | Chantal E. | NY |
| 35 | Langston | James E. | NY |
| 36 | Lanzkron | Joseph | NY |
| 37 | Leinwand | David | NY |
| 38 | Leipsic | Adrian R. | NY |
| 39 | Lenas | Elizabeth | NY |
| 40 | Lewis | Jeffrey S. | NY |
| 41 | Lloyd | Colin D. | NY |
| 42 | Loeb | Steven M. | NY |
| 43 | Lopez | David | NY |
| 44 | MacKinnon | Ari D. | NY |
| 45 | Mainoo | Abena A. | NY |
| 46 | McDonald | Mark E. | NY |
| 47 | McGrory | Glenn P. | NY |
| 48 | McLaughlin | Duane | NY |
| 49 | McRae | William L. | NY |
| 50 | Meyers | Aaron J. | NY |
| 51 | Mukhi | Rahul | NY |
| 52 | Odell | Francesca L. | NY |
| 53 | O'Neal | Sean A. | NY |
| 54 | O'Reilly | Benet J. | NY |
| 55 | Park | Jennifer Kennedy | NY |
| 56 | Peace | Breon S. | NY |
| 57 | Peponis | Margaret S. | NY |
| 58 | Raymond | Robert J. | NY |
| 59 | Reaves | Katherine R. | NY |
| 60 | Reynolds | Daniel C. | NY |
| 61 | Rosenthal | Jeffrey A. | NY |
| 62 | Salerno | Matthew P. | NY |
| 63 | Schweitzer | Lisa M. | NY |
| 64 | Shapiro | Amy R. | NY |
| 65 | Shim | Paul J. | NY |
| 66 | Silva | Manuel | NY |
| 67 | Spoerri | Kimberly R. | NY |
| 68 | VanLare | Jane | NY |
| 69 | Vicens | Elizabeth | NY |
| 70 | Weinberger | Michael D. | NY |
| 71 | Wilner | Steven L. | NY |
| 72 | Wollman | Diana L. | NY |
| 73 | Zuckerman | Aron M. | NY |
| 74 | Zutshi | Rishi | NY |
| | | | |
| **PARIS** | | | |
| 1 | Bernstein | Andrew A. | Paris |
| 2 | Brinitzer | John D. | Paris |
| 3 | Chabert | Pierre-Yves | Paris |
| 4 | Champsaur | Amélie | Paris |
| 5 | Coustel | Anne-Sophie | Paris |
| 6 | de Bure | Frédéric | Paris |
| 7 | Elineau | Rodolphe | Paris |
| 8 | Faye | Barthélemy | Paris |
| 9 | Garaud | Jean-Yves | Paris |

GAMC-T1-055078

| 10 | Lemaitre | Valérie | Paris |
| 11 | Masson | Charles | Paris |
| 12 | Schrameck | Séverine | Paris |
| 13 | Tibi | Marie-Laurence | Paris |

| **ROME** | | | |
|---|---|---|---|
| 1 | D'Ostuni | Marco | Rome |
| 2 | Emanuele | C. Ferdinando | Rome |
| 3 | Petrella | Vania | Rome |
| 4 | Scassellati-Sforzolini | Giuseppe | Rome |

| **SAO PAULO** | | | |
|---|---|---|---|
| 1 | Cestero | Francisco L. | Sao Paulo |
| 2 | Giraldez | Juan G. | Sao Paulo |

| **SEOUL** | | | |
|---|---|---|---|
| 1 | Han | Jinduk | Seoul |
| 2 | Han | Sang Jin | Seoul |

| **WASHINGTON, DC** | | | |
|---|---|---|---|
| 1 | Bamberger | Nowell D. | Washington |
| 2 | Bergen | Robin M. | Washington |
| 3 | Brannon | Leah | Washington |
| 4 | Bush | Derek M. | Washington |
| 5 | Byrne | Brian | Washington |
| 6 | Calsyn | Jeremy J. | Washington |
| 7 | Cary | George S. | Washington |
| 8 | Collins | Alexis L. | Washington |
| 9 | Culley | Daniel P. | Brussels |
| 10 | Dupler | Mitchell S. | Washington |
| 11 | Ewing | Elaine | Washington |
| 12 | Gelfand | David I. | Washington |
| 13 | Hoffman | D. Bruce | Washington |
| 14 | Levington | Macey W. | Washington |
| 15 | Marquardt | Paul D. | Washington |
| 16 | Mazzuchi | Michael A. | Washington |
| 17 | Nelson | Mark W. | Washington |
| 18 | Prezioso | Giovanni P. | Washington |
| 19 | Reinker | Kenneth S. | Washington |
| 20 | Slater | Matthew D. | Washington |
| 21 | Solomon | Matthew C. | Washington |

GAMC-T1-055079


**New York State Comptroller**
THOMAS P. DINAPOLI

Logout

VendRep Auditor | Contract Search

My Apps ▽

| CLEARY GOTTLIEB STEEN & HAMILTON LLP | Contract Data |
|---|---|

**Printed By** gregory knox
**Date Printed** Jul 24, 2023

## Vendor Responsibility For-Profit v2 Form

**Status:** Certified
**Note:** The content of any attached documents will not print with this page  To view or print an attached document, you must open it separately by clicking the corresponding hyperlink in the 'Uploaded Files' section of a question

## Basic Vendor Data

**Entity Information:**

**Entity Information**

| | |
|---|---|
| **Legal Business Entity Name:** | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| **TIN (EIN or SSN):** | 135599083 |
| **Vendor ID:** | 1000013595 |
| **Principal Place of Business:** | ONE LIBERTY PLZ<br>New York, NY 10006<br>USA |
| **Telephone:** | 2122252000 |
| **Email:** | Risk@cgsh com |

**Business Entity Information**

| | |
|---|---|
| **Business Type:** | For-Profit |
| **Business Activity:** | Non-Construction |

## Authorized Contacts

| | | | |
|---|---|---|---|
| **Name:** | Joon Kim | **Address:** | One Liberty Plaza<br>New York, NY 10006<br>United States |
| **Title:** | Partner | | |
| **Telephone:** | (212)225-2950 | | |
| **Email:** | jkim@cgsh com | | |

GAMC-T1-055080

## I. Legal Business Entity Information

1 0   Legal Business Entity type - Check appropriate box and provide additional information:

- ○ Corporation (including PC)
- ○ Limited Liability Company (LLC or PLLC)
- ◉ Limited Liability Partnership
- ○ Limited Partnership
- ○ General Partnership
- ○ Sole Proprietor
- ○ Other

   Date of Registration

   | 01/01/1946 |

1 1   Was the Legal Business Entity formed or incorporated in New York State?

- ◉ Yes
- ○ No

1 2   Is the Legal Business Entity publicly traded?

- ○ Yes
- ◉ No

1 3   Does the Legal Business Entity have a DUNS Number?

- ◉ Yes
- ○ No

   Enter DUNS number

   | 071013270 |

1 4   If the Legal Business Entity's Principal Place of Business is *not* in New York State, does the Legal Business Entity maintain an office in New York State?

   Note: Select "N/A" if Principal Place of Business is in New York State

- ○ Yes
- ○ No
- ◉ N/A

1 5   Is the Legal Business Entity a New York State certified Minority-Owned Business Enterprise (MBE), Women-Owned Business Enterprise (WBE), New York State Small Business (SB), or federally certified Disadvantaged Business Enterprise (DBE)?

- ○ Yes
- ◉ No

1 6   Identify Officials and Principal Owners, if applicable

   Note: If more than four (4) Officials or Principal Owners need to be listed, select "Attach Document" as the response

   If applicable, reference to relevant SEC filing(s) containing the required information is optional

   Select method for providing this information:

- ○ Enter Below
- ◉ Attach Document(s)

   | Uploaded Files |
   |---|
   | Cleary Gottlieb Response to Question 1 6.pdf   81K |

**GAMC-T1-055081**

GAMC-T1-055082

## II. Reporting Entity Information

2 0     The Reporting Entity for this questionnaire is:

(Note: Select only one)

○ Legal Business Entity

○ Organizational Unit within and operating under the authority of the Legal Business Entity

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055083

## III. Leadership Integrity

Within the past five (5) years, has any current or former Reporting Entity Official or any individual currently or formerly having the authority to sign, execute or approve bids, proposals, contracts or supporting documentation on behalf of the Reporting entity with any government entity been:

30  Sanctioned relative to any business or professional permit and/or license?

- ○ Yes
- ◉ No
- ○ Other

31  Suspended, debarred or disqualified from any government contracting process?

- ○ Yes
- ◉ No
- ○ Other

32  The subject of an investigation, whether open or closed, by any government entity for a civil or criminal violation for any business-related conduct?

- ○ Yes
- ◉ No
- ○ Other

33  Charged with a misdemeanor or felony, indicted, granted immunity, convicted of a crime or subject to a judgment for:

a  Any business-related activity; or
b  Any crime, whether or not business-related, the underlying conduct of which is related to truthfulness?

- ○ Yes
- ◉ No
- ○ Other

Last Modified: Jun 10, 2021
Modified By: Joon Kim

## IV. Integrity - Contract Bidding

Within the past five (5) years, has the Reporting Entity:

4 0   Been suspended or debarred from any government contracting process or been disqualified on any government procurement, permit, license, concession, franchise or lease, including, but not limited to, debarment for a violation of New York State Workers' Compensation or Prevailing Wage laws or New York State Procurement Lobbying Law?

    ○ Yes
    ◉ No

4 1   Been subject to a denial or revocation of a government prequalification?

    ○ Yes
    ◉ No

4 2   Been denied a contract award or had a bid rejected based on a non-responsibility finding by a government entity?

    ○ Yes
    ◉ No

4 3   Had a low bid rejected on a government contract for failure to make good faith efforts on any Minority-Owned Business Enterprise, Women-Owned Business Enterprise or Disadvantaged Business Enterprise goal or statutory affirmative action requirements on a previously held contract?

    ○ Yes
    ◉ No

4 4   Agreed to a voluntary exclusion from bidding/contracting with a government entity?

    ○ Yes
    ◉ No

4 5   Initiated a request to withdraw a bid submitted to a government entity in lieu of responding to an information request or subsequent to a formal request to appear before the government entity?

    ○ Yes
    ◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

## V. Integrity - Contract Award

Within the past five (5) years, has the Reporting Entity:

5 0   Been suspended, cancelled or terminated for cause on any government contract including, but not limited to, a **non-responsibility finding?**

○ Yes

◉ No

5 1   Been subject to an **administrative proceeding or civil action** seeking specific performance or restitution in connection with any government contract?

○ Yes

◉ No

5 2   Entered into a formal monitoring agreement as a condition of a contract award from a government entity?

○ Yes

◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055086

## VI. Certification/Licenses

Within the past five (5) years, has the Reporting Entity:

6 0    Had a revocation, suspension or disbarment of any business or professional permit and/or license?

    ○ Yes

    ◉ No

6 1    Had a denial, decertification, revocation or forfeiture of New York State certification of Minority-Owned Business Enterprise, Women-Owned Business Enterprise or federal certification of Disadvantaged Business Enterprise status for other than a change ownership?

    ○ Yes

    ◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055087

## VII. Legal Proceedings

Within the past five (5) years, has the Reporting Entity:

7 0   Been the subject of an investigation, whether open or closed, by any government entity for a civil or criminal violation?

○ Yes
◉ No

7 1   Been the subject of an indictment, grant of immunity, judgment or conviction (including entering into a plea bargain) for conduct constituting a crime?

○ Yes
◉ No

7 2   Received any OSHA citation and Notification of Penalty containing a violation classified as serious or willful?

○ Yes
◉ No

7 3   Had a government entity find a willful prevailing wage or supplemental payment violation or any other willful violation of New York State Labor Law?

○ Yes
◉ No

7 4   Entered into a consent order with the New York State Department of Environmental Conservation, or received an enforcement determination by any government entity involving a violation of federal, state or local environmental laws?

○ Yes
◉ No

7 5   Other than the previously disclosed:

a   Been subject to fines or penalties imposed by government entities which in the aggregate total $25,000 or more; or
b   Been convicted of a criminal offense pursuant to any administrative and/or regulatory action taken by any government entity?

○ Yes
◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055088

VIII. Financial and Organizational Capacity

8 0   Within the past five (5) years, has the **Reporting Entity** received any formal unsatisfactory performance assessment(s) from any government entity on any contract?

    ○ Yes
    ◉ No

8 1   Within the past five (5) years, has the **Reporting Entity** had any **liquidated damages** assessed over $25,000?

    ○ Yes
    ◉ No

8 2   Within the past five (5) years, have any **liens** or **judgments** (not including UCC filings) over $25,000 been filed against the **Reporting Entity** which remain undischarged?

    ○ Yes
    ◉ No

8 3   In the last seven (7) years, has the **Reporting Entity** initiated or been the subject of any bankruptcy proceedings, whether or not closed, or is any bankruptcy proceeding pending?

    ○ Yes
    ◉ No

8 4   During the past three (3) years, has the **Reporting Entity** failed to file or pay any tax returns required by **federal**, state or local tax laws?

    ○ Yes
    ◉ No

8 5   During the past three (3) years, has the **Reporting Entity** failed to file or pay any New York State unemployment insurance returns?

    ○ Yes
    ◉ No

8 6   During the past three (3) years, has the **Reporting Entity** had any government audit(s) completed?

    ○ Yes
    ◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055089

## IX. Associated Entities

This section pertains to any entity(ies) that either controls or is controlled by the Reporting Entity

(See definition of "Associated Entity" for additional information to complete this section )

9 0    Does the **Reporting Entity** have any Associated Entities?

Note: The response must be "Yes," if the Reporting Entity is either:

- An **Organizational Unit**; or
- The entire **Legal Business Entity** which controls, or is controlled by, any other entity(ies)

○ Yes
◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055090

## X. Freedom of Information Law (FOIL)

10 0    Indicate whether any information supplied herein is believed to be exempt from disclosure under the Freedom of Information Law (FOIL)

Note: A determination of whether such information is exempt from FOIL will be made at the time of any request for disclosure under FOIL

○ Yes

◉ No

Last Modified: Jun 10, 2021
Modified By: Joon Kim

GAMC-T1-055091

## Certification

The undersigned: (1) recognizes that this questionnaire is submitted for the express purpose of assisting New York State government entities (including the Office of the State Comptroller (OSC)) in making responsibility determinations regarding award or approval of a contract or subcontract and that such government entities will rely on information disclosed in the questionnaire in making responsibility determinations; (2) acknowledges that the New York State government entities and OSC may, in their discretion, by means which they may choose, verify the truth and accuracy of all statements made herein; and (3) acknowledges that intentional submission of false or misleading information may result in criminal penalties under State and/or Federal Law, as well as a finding of non-responsibility, contract suspension or contract termination

**The undersigned certifies that he/she:**

- is knowledgeable about the submitting Business Entity's business and operations;

- has read and understands all of the questions contained in the questionnaire;

- has reviewed and/or supplied full and complete responses to each question;

- to the best of his/her knowledge, information and belief, confirms that the Business Entity's responses are true, accurate and complete, including all attachments, if applicable;

- understands that New York State government entities will rely on the information disclosed in the questionnaire when entering into a contract with the Business Entity; and

- is under an obligation to update the information provided herein to include any material changes to the Business Entity's responses at the time of bid/proposal submission through the contract award notification, and may be required to update the information at the request of the New York State government entities or OSC prior to the award and/or approval of a contract, or during the term of the contract

| | |
|---|---|
| **Legal Business Name:** | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| **Certifier's Name:** | Joon Kim |
| **Certifier's Title:** | Partner |
| **Certification Date:** | Jun 11, 2021 |

GAMC-T1-055092