

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

By ECF

September 15, 2023

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:  **Cuomo v. Office of the New York State Attorney General,**
     **Case No. 22-mc-03044**

Dear Judge Merkl:

I write on behalf of the Office of the Attorney General (OAG) with respect to Movant's September 13, 2023 (ECF No. 47) letter application to reopen the record to provide additional information in support of his Motion for Reconsideration, an application on which Movant failed to confer with OAG before filing.  OAG objects to Movant's application and respectfully requests permission to file a letter in opposition by September 20, 2023.

As OAG will more fully discuss in its letter if leave is granted, Movant's application should be denied because: (i) it is facially insufficient to meet the high standard required to reopen a factual record because the information is not "new"[1]; and (ii) the application, which makes serious (and false) accusations leveled at counsel, is based on nothing more than self-evidently flawed speculation and conjecture—that law firms bill for work immediately after the work is done (rather than months later) and clients pay bills upon receipt—that are legally insufficient to support reconsideration.[2]  As OAG will confirm in its letter, the office stands by the information and sworn statements presented to the Court in support of OAG's Motion to Quash and in Opposition to

---

1 *See Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 131 (S.D.N.Y. 2000), aff'd, 2 F. App'x 81 (2d Cir. 2001) ("An application to reopen the record ordinarily will be denied unless the party seeking to expand the record failed to adduce the evidence sought to be added notwithstanding its own due diligence.") (internal citations omitted); *See Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015) ("A motion to reconsider is not supposed to treat the court's initial decision as the opening of a dialogue in which [the party making the motion] may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.") (internal citations omitted).

2 *Shrader v. CSX Transp., Inc.,* 17 F.3d 255, 157 (2d. Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Hon. Taryn Merkl
September 15, 2023
Page 2

Movant's Motion to compel. Movant's careless and belated accusations are beyond unsupported, they are frivolous.

    Accordingly, OAG respectfully requests that the Court grant leave for OAG to file a letter in opposition to Movant's application by September 20, 2023.

                                        Respectfully,

                                         /s/ Serena Longley
                                        Serena Longley
                                        Deputy General Counsel
                                        Serena.Longley@ag.ny.gov
                                        (212) 416-8178

cc:     Counsel of Record (via ECF)