

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES EXECUTIVE DIVISION
ATTORNEY GENERAL

<u>By ECF</u>

September 20, 2023

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE: Cuomo v. Office of the New York State Attorney General,
Case No. 22-mc-03044**

Dear Judge Merkl:

      Pursuant to the Court's Order entered on September 15, 2023, I write on behalf of the Office of the Attorney General ("OAG") to oppose Movant's September 13, 2023 letter application (ECF No. 47) ("Movant's Letter") to reopen the record to provide additional information in support of his Motion for Reconsideration. The Court should deny Movant's application because: (1) Movant has failed to meet the high bar required to reopen the factual record as he has proffered no "new information" that was unavailable to him with the exercise of due diligence when the record was open, nor does Movant contend otherwise; (2) the "new information" is unequivocally false, is based entirely on conjecture, and is being presented for an improper purpose; and (3) the information is not material to the issues underlying Movant's Motion for Reconsideration.

      (1) <u>Movant Has Not Met The Strict Legal Standard Required To Reopen The Record</u>

      Movant seeks to reopen the record on his Motion for Reconsideration to include: (1) information about contract amendments and payments to Cleary Gottlieb Steen & Hamilton, LLP ("Cleary"); and (2) information about payments made from the Office of the New York State Comptroller ("OSC") to Cleary pursuant to a contract Movant obtained from a FOIL request to OSC at an unidentified point in time. *See* Movant's Letter at Ex. A; fn. 4. Based on this "new information," Movant speculates, without any reasonable or good faith basis, that OAG has already paid for, and Cleary has already completed, the redaction of the 73,000 documents at issue in the Motion to Compel. *See Id*. at pg. 3.

      To reopen the factual record, Movant must demonstrate that he "failed to adduce the evidence sought to be added notwithstanding [his] own due diligence." *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 131 (S.D.N.Y. 2000), *aff'd,* 2 F. App'x 81 (2d Cir. 2001). Movant has failed to provide any justification at all for why this "new information" could not have

been obtained by him and submitted to the Court while either the Motion to Compel or Motion for Reconsideration were being briefed by the parties. *See Id.* at 131 (Motion to reopen record denied absent explanation for why the evidence was not submitted while the record was open). Nor would there be any basis for such justification because Movant seeks to introduce information that was publicly available throughout this litigation and could have been obtained by Movant previously with due diligence. The dates that OAG contracted with Cleary, as well as the dollar value of the contracts have been available on OSC's website since they were filed respectively in July 2021, May 2022, and October 2022.[1] Similarly, Movant highlights payments made from OSC to Cleary occurring between October 2021 and March 2023, all before the Court's Decision on July 21, 2023 that are also available on OSC's website and that Movant could have requested through FOIL. *See* Movant's Letter at pg. 3; Ex. B.

Accordingly, Movant is not seeking to supplement the record with "new information" previously unattainable through diligence, but rather seeks to support a new argument he could have advanced, but did not, on his Motion to Compel. The Court should not allow Movant to get a do-over after losing his Motion to Compel on the arguments he did advance. *Harger Da Silva v. New York City Transit Authority*, No. 17-cv-4550, 2022 WL 17555046 at *1 (E.D.N.Y. December 8, 2022) (*citing Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). ("A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'").

(2) Movant's Application Is Based On Pure Conjecture

In support of Movant's application, his counsel state they "reasonably believe" that Cleary has already applied redactions to the 73,000 documents at issue in the Motion to Compel, despite representations by OAG's counsel to the contrary during argument. *See* Movant's Letter at pg. 3. Movant's counsel has no good faith basis to level this accusation that OAG's counsel has not been candid with the Court; indeed, they have every reason to believe the opposite, based on all the underlying facts, and their own experience in receiving reimbursement of legal fees. Our representation to this Court was then, and remains, one hundred percent true: Cleary has spent no time redacting any of the 73,000 documents at issue in the Motion to Compel. And while OAG should not be required to say more in response to counsel's baseless accusations, we can confirm to the Court that Cleary has accrued only about 200 billable hours since OAG was served with Movant's Subpoena in July 2022, including time billed to respond to Movant's Subpoena, but none of which was spent redacting any of the 73,000 documents at issue.

None of this should be surprising to Movant or his counsel. Movant himself is receiving a State-funded defense, and his attorneys, like Cleary, must go through OSC's payment procedures to be paid for legal services rendered. Movant is well aware that the date a payment for legal services is made by OSC significantly lags the date the legal services were performed. It is therefore unreasonable (and disingenuous) to suggest, as Movant's counsel does, that payments made in February and March of 2023 "reflect Cleary's work to review and redact additional investigative information" beyond what the firm redacted previously for publication on OAG's

---

[1] https://wwe2.osc.state.ny.us/transparency/contracts/contracttransactions.cfm?Contract=000000000000000000088368 (Last accessed September 19, 2023).

website and for purposes of other government investigations.[2] Movant's counsel offers zero basis for suggesting that payments reflected in the "new information" must, contrary to the sworn testimony provided by Cleary, reflect additional redaction work that OAG represented to the Court had not been performed (because, in fact, it does not). *See* Ye Eun Charlotte Chun Declaration (ECF No. 20) at ¶ 12.

Finally, Movant's failure to meet or confer on this issue or make any inquiries of OAG before filing their letter application is revealing and evidences their lack of good faith. Movant must have suspected that had they consulted with OAG, they would not have been able to make the arguments they make in this letter application. This amounts to yet another improper and transparent attempt by Movant to mount another meritless attack on OAG and its investigation, in an effort to rehabilitate his political reputation. *See* OAG Memorandum in Support of Motion to Quash (ECF No. 18) at pgs. 16-17.

(3) The Information Movant Seeks To Introduce Is Not Relevant

Movant has no grounds for supplementing the record with his "new information," but even if he did, the information provides no basis for granting reconsideration of the Court's Decision denying his Motion to Compel. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 17 F.3d 255, 157 (2d. Cir. 1995). For the reasons discussed above, Movant's "new information" does not undermine OAG's burden argument in the least; the probative value Movant's counsel seeks to ascribe to it is both speculative and false. *See* Supra pgs. 2-3.

In sum, the Court should deny Movant's application in its entirety because the information is not newly discovered, it is factually unsupported, and is not relevant to Movant's Motion for Reconsideration.

Respectfully,

 /s/ Serena Longley
Serena Longley
Deputy General Counsel
Serena.Longley@ag.ny.gov
(212) 416-8178

cc: Counsel of Record (via ECF)

---

[2] Movant does not come to this issue as a naïve litigant. Movant was the Attorney General for the State of New York from 2007-2010 and Governor from 2011-2021. Movant is familiar with how the State processes payments under State contracts and that the payment date does not represent the date the work was performed.