UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ANDREW M. CUOMO,

                Movant,

    -against-                            **MEMORANDUM AND ORDER**
                                                   22-MC-3044 (LDH) (TAM)
OFFICE OF THE NEW YORK STATE
ATTORNEY GENERAL,

                Defendant.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        Former New York Governor Andrew Cuomo seeks reconsideration of this Court's July 21, 2023 memorandum and order denying his motion to compel compliance with a subpoena issued to the New York State Office of the Attorney General ("OAG"). For the reasons discussed herein, the motion for reconsideration is denied to the extent it is seeking to compel compliance with Cuomo's original subpoena to the OAG.

                          **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

        On July 21, 2023, in connection with two subpoenas by which Cuomo sought the materials gathered in connection with investigations into his alleged sexual harassment while in office, this Court denied Cuomo's motion to compel the OAG's compliance with his subpoena and granted the Assembly Judiciary Committee's ("AJC") cross-

motion to quash the subpoena Cuomo has issued to them.[1] *Cuomo v. Assembly Judiciary Comm.*, ___ F. Supp. 3d ___, 2023 WL 4714097 (E.D.N.Y. July 21, 2023), ECF No. 37 (hereinafter *Assembly Judiciary Comm.*). Ten days later, on July 31, 2023, Cuomo filed a motion for reconsideration, arguing that the Court "overlooked factual matters or controlling law." (*See* Mem. of Law in Supp., ECF No. 41, at 1.) Specifically, Cuomo argues that the Court inappropriately "applied an evidentiary standard of relevance rather than the discovery standard," and that the Court "should have narrowed the OAG subpoena rather than quash it in its entirety." (*Id.*) In response, the OAG argues that the Court should deny Cuomo's motion for reconsideration because he "failed to meet his burden of demonstrating that the Court committed a clear error of law" or "failed to consider material facts that would be dispositive in his favor." (Mem. of Law in Opp'n, ECF No. 44, at 1.) For the reasons set forth below, the motion for reconsideration is denied to the extent Cuomo is attempting to relitigate the Court's determination to not compel compliance with his original subpoena.[2]

---

[1] This opinion assumes general familiarity with the substance and history of this case, as well as the fact that the New York State Office of the Attorney General and the New York State Assembly Judiciary Committee conducted investigations into allegations of sexual harassment by former Governor Cuomo while he was in office, which investigations resulted in public reports published in August 2021 and November 2021, respectively. *See generally Cuomo v. N.Y. State Assembly Judiciary Comm.*, ___ F. Supp. 3d ___, 2023 WL 4714097 (E.D.N.Y. July 21, 2023), ECF No. 37.

[2] The Court notes that, following the denial of his original motion to compel, the Court held a status conference and heard argument on September 26, 2023. (Sept. 26, 2023 Min. Entry & Order.) At that time, the Court encouraged Cuomo and the OAG to work on resolving and/or narrowing their discovery disputes and directed the filing of a joint status report. (*Id.*) Cuomo and the OAG filed a joint status report in October 2023, indicating that Cuomo had narrowed the scope of his requests, but that the OAG was taking the position that "three out of

## DISCUSSION

### I. Legal Standards

The standard for granting a motion for reconsideration is strict: "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted). Notably, "a persuasive justification should be required to support the consideration of . . . new evidence." Wright & Miller, Fed. Prac. & Proc. § 4478 (3d ed. 2023). Accordingly, "evidence that could have been presented earlier commonly is not considered." *Id*.

These governing principles establish the premise that a motion for reconsideration should be denied "where the moving party is merely trying to relitigate an already decided issue." *Kumaran v. Nat'l Futures Ass'n*, Nos. 20-CV-3668 (GHW), 20-CV-3873 (GHW) & 22-CV-8095 (GHW), 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023) (quotation marks omitted). This is "because reconsideration of a previous order by the

---

four of Movant's narrowed requests continue to seek OAG's interview memos, which are privileged investigative attorney work product replete with sensitive and personal information about individuals who are irrelevant to the Trooper 1 action." (Joint Status Rep., ECF No. 51, at 1.) In response, the Court directed the OAG to file a "document-by-document privilege log" for the requested documents, followed by the documents themselves. (Nov. 3, 2023 ECF Order; Dec. 12, 2023 ECF Order.) Although the Court has undertaken a review of those documents, this opinion focuses only on Cuomo's motion for *reconsideration* of the Court's prior ruling on his subpoena. As discussed below, Cuomo's motion rests on an incorrect understanding of the Court's prior ruling and, as set forth in the accompanying ECF Order, the Court is scheduling another discovery conference to address the narrowed list of requests.

Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (quotation marks omitted); *see also Medoy v. Warnaco Emps.' Long Term Disability Ins. Plan*, No. 97-CV-6612 (SJ), 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."). In other words, "[a] motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Ultimately, a motion for reconsideration "'is addressed to the sound discretion of the district court.'" *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir. 1986)).

## II. Analysis

Cuomo "seeks reconsideration in light of two legal issues and in light of new information." (Mem. of Law in Supp., ECF No. 41, at 1.) Regarding the legal issues, Cuomo argues that the Court applied the wrong standard of relevance and that the Court should have modified, rather than quashed, the subpoena. (*See generally id.*) Next, Cuomo contends that the following items are new information and merit reconsideration: (1) Trooper 1's confirmation that she intends to use the OAG report at trial, (*id.* at 2), (2) recent deposition testimony, (*id.* at 4–5), and (3) the OAG's renewed contract with Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), (Mot. for Leave to File Doc. in Further Supp. of Mot. for Recons., ECF No. 47 (hereinafter Doc. in Further Supp.)).

In applying the standards of *Shrader*, the Court has reviewed Cuomo's submissions "and finds that [he] has failed to satisfy the burden of showing that this Court, in issuing its earlier [memorandum and order], overlooked a controlling decision

4

or material fact that would alter the outcome of the recommendations made." *U.S. v. James*, No. 02-CV-0778 (SJ), 2007 WL 914242, at *4 (E.D.N.Y. Mar. 21, 2007).

## A. Binding Legal Authority

### 1. *The Relevance Standard*

As noted above, Cuomo argues that the memorandum and order "imposed an unduly stringent burden in concluding that the materials sought are not relevant for discovery purposes" and is, "[i]n this regard," "a premature and advisory evidentiary ruling." (Mem. of Law in Supp., ECF No. 41, at 1–2.) In opposition, the OAG argues that the Court applied the correct legal standard "by weighing the relevance and proportionality of the materials sought against the burden imposed on OAG," and that, regardless, Cuomo "[did] not explain why the Court was incorrect in weighing evidence." (Mem. of Law in Opp'n, ECF No. 44, at 2.)

Cuomo has not provided any binding authority for the proposition that the Court imposed the wrong standard in evaluating the relevance of the subpoenaed documents.[3] Instead, his argument relies on one observation in the memorandum and order, taken out of context, and fails to meaningfully engage with the Court's relevance and proportionality analysis. Specifically, Cuomo claims that the Court's relevance analysis rested on the conclusion that he had failed to establish the relevance of the OAG materials because "'[w]hether the [OAG and AJC] investigations were "independent and exhaustive" is not a question that the Trooper 1 jury will need to decide.'" (Mem. of Law in Supp., ECF No. 41 at 2 (alterations in original) (quoting

---

[3] Cuomo cites one case from the Western District of New York for the proposition that "'[e]ven where a jury would never [] be permitted to hear' a particular issue, 'that is a question for another day.'" (Mem. of Law in Supp., ECF No. 41, at 2 (quoting *Geoghegan v. Progressive Cas. Ins. Co.*, No. 17-CV-00008 (JJM), 2018 WL 9781219, at *3 (W.D.N.Y. Jan. 5, 2018).)

5

*Assembly Judiciary Comm.*, 2023 WL 4714097, at *15).) This sentence is taken out of context and the motion fails to address the analysis preceding this sentence, which expressly relied upon cases recognizing that relevance at the discovery phase "is applied more liberally in discovery than it is at trial." *Assembly Judiciary Comm.*, 2023 WL 4714097, at *14 (quotation marks omitted). The Court's conclusion to deny the motion to compel was grounded in the determination that, due to the broad scope of the documents Cuomo sought in the original subpoena, and his efforts to seek nearly all witness memoranda prepared by the OAG in connection with their investigation and all records provided by and "relate[d] to" the 11 complainants, "without any particularized analysis as to the claims at issue in the *Trooper 1* case, the size of the proposed document production, or even what each category of documents may include," Cuomo failed to establish relevance and proportionality. *Id.* The sole case he cites in support of his argument that the Court applied the incorrect standard is not controlling or persuasive. Accordingly, the Court finds that Cuomo has failed to "point to controlling decisions . . . that might reasonably be expected to alter the conclusion reached by the court" concerning relevance. *Shrader*, 70 F.3d at 257.

    2.  *Quash Versus Modification*

Next, Cuomo argues that the Court should have modified rather than quashed the subpoena. (*See* Mem. of Law in Supp., ECF No. 41, at 3–5; Reply in Supp., ECF Nos. 45-1, 46, at 2.) This argument entirely misapprehends the Court's prior ruling. The Court's prior ruling expressly *did not quash* Cuomo's subpoena to the OAG. *Assembly Judiciary Comm.*, 2023 WL 4714097, at *18 (denying Cuomo's motion to compel as to the OAG subpoena and quashing the subpoena to the AJC). Consistent with that ruling, the Court has expressly permitted Cuomo to continue to work on narrowing his discovery request to the OAG, as detailed above. *See supra* note 2. Accordingly, the authority

6

Cuomo has advanced in support of this argument is unavailing. (*See* Mem. of Law in Supp., ECF No. 41, at 3 n.4 (citing a Western District of New York opinion for the proposition that "[c]ourts generally prefer modifying subpoenas over outright quashing," and further citing opinions from the Fourth, Fifth, and D.C. Circuits (quotation marks omitted)).) Additionally, the Court notes that a preference for modification is not inconsistent with the approach taken here, by which the Court directed Cuomo and the OAG to confer about narrowing the scope of Cuomo's requests sought by his subpoena which, as discussed above, *had not been quashed*. For these reasons, Cuomo has not adduced any meaningful argument or controlling authority to warrant reconsideration of the Court's original ruling on the motion to compel the OAG.

### B. New Factual Information

1. *Trooper 1's Use of the Reports at Trial*

Cuomo asserts that Trooper 1's reservation of "the right to use the [OAG and AJC] reports" at trial constitutes new information sufficient to warrant reconsideration. (Mem. of Law in Supp., ECF No. 41, at 2 (alterations in original).) But this information is hardly new. The Court's previous ruling expressly discussed that Trooper 1 relied upon information from the OAG and AJC investigations in the complaint in this case. *Assembly Judiciary Comm.*, 2023 WL 4714097, at *2–3 (observing that Trooper 1 "includes allegations in her second amended complaint that stem from findings reached following the OAG and AJC Investigations" and including quotes in which Trooper 1 references and relies on the reports).) Moreover, in his original motion to compel, Cuomo dedicated an entire subsection to "Trooper 1's Amended Complaint and Its Reliance on the OAG Report." (Mem. of Law in Supp. of Mot. to Compel, ECF No. 2, at 6–8.) Lastly, Trooper 1 has previously indicated her intent to introduce the reports. (*See, e.g.*, Tr. of

7

Feb. 7, 2023 Oral Arg., ECF No. 25, at 101:22–24 ("[Cuomo] ha[s] heard from Plaintiff . . . that they have a theory that the report could come in under an admission by party opponent theory . . . .").) These myriad examples are but few of many instances demonstrating Trooper 1's reliance on the OAG and AJC reports in this case. Against this backdrop, as well as the record of the *Trooper 1* case, the Court does not find the fact that Trooper 1 represented, again, an intention to use the OAG and AJC reports at trial to be new information, let alone new information sufficient to warrant reconsideration of the Court's prior ruling.

      2.  *Recent Deposition Testimony*

Cuomo also argues that recent deposition testimony constitutes new information sufficient to warrant reconsideration. Again, this argument appears to rest on Cuomo's misunderstanding of the Court's prior ruling. (*See* Mem. of Law in Supp., ECF No. 41, at 5 (arguing that "to the extent the subpoena is overbroad, Governor Cuomo respectfully requests that the Court narrow it, rather than quash it entirely").) Deposition testimony from three people is hardly sufficient for the Court to revisit the question of whether Cuomo is entitled to the extraordinarily broad swath of documents he sought in the original subpoena.

For example, Cuomo asserts that the recent testimony of retired New York State Police ("NYSP") senior investigator James Boyle constitutes relevant "new information." (Mem. of Law in Supp., ECF No. 41, at 4.) Specifically, Cuomo posits that Mr. Boyle's testimony that he personally recruited Trooper 1 is relevant because it runs "[c]ontrary to Trooper 1's narrative that she was singled out for improper purposes." (*Id*.) Because this information cannot "reasonably be expected to alter the conclusion reached by the [C]ourt" to deny Cuomo's motion to compel approximately 73,000

8

documents on grounds of relevance, proportionality, breadth, and burden, the Court finds that it does not demonstrate grounds for reconsideration. *Shrader*, 70 F.3d at 257.

Cuomo also asserts that deposition testimony of former NYSP investigator Diane Parrotta taken on August 14, 2023, constitutes "recently discovered information" that "supports reconsideration." (Reply in Supp., ECF Nos. 45-1, 46, at 2.[4]) He further argues that this allegedly "untruthful[]" testimony renders "Ms. Parrotta's prior statement to the OAG of paramount importance" because "[w]ithout it, [he] cannot determine what Ms. Parrotta said in 2021 and whether her statement then is consistent with her testimony now." (*Id.* at 3 (footnote omitted).) Although Ms. Parrotta's August 14, 2023 testimony may constitute "new information," this alone is insufficient to merit reconsideration. Here, as with Mr. Boyle's testimony, Ms. Parrotta's testimony cannot "reasonably be expected to alter the conclusion reached by the [C]ourt" to deny Cuomo's motion to compel approximately 73,000 documents. *Shrader*, 70 F.3d at 257.

Similarly, Cuomo asserts that the deposition of Ana Liss-Jackson is "likewise highly relevant" information that merits reconsideration, but he provides minimal support for this argument.[5] (Mem. of Law in Supp., ECF No. 41, at 5.) As with Mr. Boyle and Ms. Parrotta's testimony, Cuomo's argument concerning the relevance of Ms. Liss-Jackson's testimony is insufficient to warrant reconsideration of the denial of Cuomo's motion to compel. *Shrader*, 70 F.3d at 257. For these reasons, the Court finds that Cuomo

---

[4] ECF Number 46 is the publicly filed redacted version of ECF No. 45-1, which was filed under seal.

[5] The Court notes that the deposition itself was included in an unauthorized filing. (Mem. of Law in Supp., ECF No. 41, at 5.) But even if the Court were to consider the Liss-Jackson testimony, it is again insufficient to warrant reconsideration of the denial of Cuomo's motion to compel.

9

has not demonstrated an adequate basis for reconsideration based on deposition testimony.

   3. *The Cleary Contract*

Cuomo makes one last attempt at providing a basis for reconsideration by arguing that the OAG's renewed contract with Cleary constitutes new information that merits reconsideration. (*See* Doc. in Further Supp., ECF No. 47, at 1 (noting that "the OAG sought a $1.3 million extension of its contract with Cleary," the "express purpose" of which "was to review and redact documents in anticipation of disclosure" (emphasis omitted)).) Cuomo argues that the payments made between February and March 2023 "reflect Cleary's work to review and redact additional investigative information" during a time in which "the OAG fought to prevent disclosure to Governor Cuomo claiming, among other things, undue burden." (*Id.* at 3 (emphasis omitted).) Cuomo also asserts that this fact is enough to warrant reconsideration because the contracts and payments "gut" the conclusion that "the burden of production on the OAG to review, and if necessary, redact the documents would be incredibly burdensome" because "much of the burden was already borne." (*Id.* (emphasis omitted).)

This argument is pure conjecture. Cuomo's letter in support of his motion provides no support for his "belief" that the "payments reflect Cleary's work to review and redact additional investigative information." (*Id.*) Moreover, the OAG has expressly refuted this statement. (*See* Tr. of Feb. 7, 2023 Oral Arg., ECF No. 25, at 87:11–88:6; Resp. in Opp'n re: Doc. in Further Supp., ECF No. 50, at 2 (stating that "[the OAG's] representation to th[e] Court [during oral argument] was then, and remains, one hundred percent true: Cleary has spent no time redacting any of the 73,000 documents at issue in the Motion to Compel," and further confirming that "Cleary has accrued

10

only about 200 billable hours since OAG was served with Movant's Subpoena in July 2022 . . . none of which was spent redacting any of the 73,000 documents at issue").)

For all of these reasons, Cuomo's motion for reconsideration is denied. As set forth in the ECF order issued simultaneously with this decision, another discovery conference is being scheduled to address Cuomo's narrowed requests to the OAG and the OAG's assertions of privilege.

## CONCLUSION

For the foregoing reasons, Cuomo's motion for reconsideration is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
March 29, 2024

*Taryn A. Merkl*

TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE