

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION

<u>By ECF</u>

June 12, 2024

The Honorable Taryn A. Merkl  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

        **RE:  Cuomo v. Office of the New York State Attorney General**  
             **- Case No. 22-mc-03044**

Dear Judge Merkl:

The Office of the Attorney General ("OAG") respectfully submits this letter in opposition to Movant's letter motion dated June 6, 2024 (ECF No. 66) ("Letter Motion"), which is procedurally improper and substantively without merit for the reasons discussed below.

**A.  Cuomo's Letter Motion Violates The Court's Rules For Dispositive Motions**

At the April 19, 2024 status conference, the Court approved the parties' joint proposal to tee up cross-motions to compel and quash a new, narrower subpoena to be served by Cuomo in lieu of his original subpoena, with the parties to submit a proposed briefing schedule for the Court's approval. *See* April 19, 2024 Transcript excerpts (attached as Exhibit 1) at 71:12-23, 79:5-80:16. In accordance with that plan, on May 3, 2024, the Court approved the parties' agreed-upon schedule, which provides for a period of *three months* to complete the parties' submissions of affidavits (with exhibits) and memoranda of law in support of their respective dispositive motions to fully resolve this miscellaneous proceeding. *See* May 3, 2024 Docket Entry Order. Recognizing the complexity and number of the issues to be presented on their motions, the parties jointly requested, and the Court approved, an enlargement of the page limits for each side's opening and reply memoranda of law to 40 pages and 20 pages, respectively. *Id*.; ECF No. 64.

By his Letter Motion, Cuomo now asks the Court to scrap this negotiated, agreed-upon, and court-approved motion schedule. Instead, Cuomo requests that the Court dispense altogether with dispositive motions and simply leapfrog to an order that would "permit Governor Cuomo to enforce" his new subpoena and "summarily deny" OAG an opportunity to file a motion to quash, and to do so based on nothing more than a quick exchange of short letters. Letter Motion at 5. Why? Because, according to Cuomo, comments made by OAG's counsel during a hearing in another matter more than one month ago somehow provide a magic "waiver" bullet that allows

the Court to resolve this miscellaneous action in Cuomo's favor without any formal motion practice at all. Granting Cuomo's request would trample on OAG's rights and violate this Court's local rules.

Under Local Rule 7.1, all motions "shall include" a notice of motion, a memorandum of law, and supporting affidavits and exhibits "containing any factual information and portions of the record necessary for the decision on the motion," Joint Local Rules of the Southern and Eastern Districts of New York ("LR") 7.1(a), except for "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar *non-dispositive matters*" that "may be brought by letter-motion," LR 7.1(d) (emphasis added). Cuomo's request for an order compelling OAG to comply with his subpoena is a dispositive motion that requires a formal motion and cannot be presented through an abbreviated letter-motion process.

Moreover, even if LR 7.1 authorized a Judge of this Court to allow letter motions for dispositive matters (which is not the case), nothing in Your Honor's individual rules permits letter motions for applications seeking dispositive relief, as Cuomo seeks here. *See* Individual Rules & Practices of U.S. Magistrate Judge Taryn A. Merkl at § 2. Nor do the individual rules of Judge DeArcy Hall, to which Your Honor's individual rules defer (albeit only for non-dispositive matters, *see id.* at § 2.A.), allow for letter motions; in fact, Judge DeArcy Hall's individual rules expressly provide that "[l]etter briefs are not permitted." Judge DeArcy Hall Individual Practices at III.C.7.

Finally, Cuomo's delay in filing his Letter Motion smacks of procedural gamesmanship. As Cuomo admits, he has been aware *for months* of the facts that are the grounds for his waiver argument. The DOJ/EDNY agreement with the Executive Chamber was released on January 26, 2024. Letter Motion at 2. On February 1, 2024, for reasons of confidentiality, OAG declined Cuomo's request to tell him whether OAG had provided any information to the federal government.[1] *Id.*, Ex. 2. OAG took the same position in a March 22, 2024 declaration filed in support of its motion to quash Cuomo's subpoena served on OAG in the Bennett Action, *see id.*, Ex. 4 at ¶ 27, a position OAG's counsel then repeated during oral argument in the Bennett Action on May 8, 2024, *id.*, Ex. 5. In other words, by the time the parties submitted on May 3 in this case their proposed three-month schedule for briefing their cross-motions, Cuomo had long known about the DOJ/EDNY agreement and knew for at least several weeks that OAG was continuing to refuse to say whether OAG had provided any investigative material to the DOJ or EDNY. OAG took the same position during oral argument in the Bennett Action on May 8, a mere five days after the parties submitted to Your Honor their proposed three-month schedule.

---

[1] On February 5, 2024, Cuomo's counsel sent a 12-page letter to Attorney General Merrick Garland requesting a meeting to discuss the agreement and complaining about OAG's refusal to advise him whether OAG has shared any non-public information with the DOJ. In light of the current state of affairs reflected in Cuomo's Letter Motion, it does not appear that Attorney General Garland acceded to Cuomo's request for a meeting or advised him what information, if any, OAG provided to the DOJ.

Hon. Taryn Merkl
June 12, 2024
Page 3

Yet Cuomo waited until the day before OAG's motion papers were due to file his request to jettison the schedule. There is no good-faith excuse for Cuomo's inordinate delay. Rather, consistent with Cuomo's continuing "efforts to try this case in the court of public opinion," March 29, 2024 Memorandum and Order, ECF No. 252, at 23, Cuomo's Letter Motion appears to be nothing more than an attempt to put on the public docket a counter-narrative intended for media consumption immediately in advance of OAG's filing. The Court should not countenance such tactics. Cuomo can present whatever arguments he raises now by letter in his memoranda of law and affidavits he is required to file under LR 7.1(a) in accordance with the negotiated, agreed-upon, and court-approved schedule. That is the appropriate procedure to follow to resolve the parties' competing arguments, including the "novel and complex question of constitutional law" presented by OAG's sovereign immunity defense. July 21, 2023 Decision and Order, ECF No. 37, at 36.

**B. In Any Event, Cuomo's Waiver Arguments Are Without Merit**

Even if the Court were to consider Cuomo's Letter Motion on the merits, his magic "waiver" bullet is a blank.

**First**, there is no support for Cuomo's legal argument that providing material to the DOJ would waive OAG's sovereign immunity. As Magistrate Judge Cave held in her Opinion and Order issued *today* in the Bennett Action *granting OAG's motion to quash Cuomo's subpoena based on sovereign immunity*, any voluntary disclosure of material by OAG to the DOJ, "a federal *executive* agency," did not waive OAG's sovereign immunity because it "was not an act that affirmatively invoked federal *court* jurisdiction." *Bennett v. Cuomo*, No. 22-cv-7846, ECF No. 272 (S.D.N.Y. June 12, 2024), slip op. at 41 (emphasis in original) (attached as Exhibit 2). Moreover, Cuomo's reliance on *United States v. James*, 980 F.2d 1314 (9th Cir. 1992), is seriously misplaced. *James* stands for the narrow proposition that a sovereign cannot provide documents held by one of its agencies to government prosecutors in a criminal case while simultaneously refusing to provide documents from the same agency to the criminal defendant being prosecuted. *Id.* at 1320 ("The [sovereign tribe] cannot selectively provide documents and then hide behind a claim of sovereign immunity when the defense requests different documents from the same agency."). The case does not support the very different proposition advanced by Cuomo that a sovereign waives immunity from suit by a *private party to a civil action* when it provides material to a law enforcement agency in connection with a separate independent investigation.[2] Nor does the Ninth

---

[2] For the same reason, Cuomo's reliance on *United States v. Velarde*, 40 F. Supp. 2d 1314 (D.N.M. 1999), is similarly unavailing. The court in *Velarde* merely adopts the holding in *James* that "[a] tribe expressly waives it sovereign immunity with respect to a particular agency when that agency voluntarily provides documents to the Government relevant to the case." *Id.* at 1317. Moreover, this is merely *dicta* as the court held in the first instance that Congress had abrogated the tribe's sovereign immunity when enacting the Indian Major Crimes Act, 18 U.S.C. § 1153. *Id.* at 1315, 1316.

Circuit's reasoning in *James* support the position Cuomo urges the Court to adopt. The Ninth Circuit concluded it was unfair for the sovereign to "selectively provide documents" to government prosecutors from an agency's files while invoking sovereign immunity to shield from the defendant in that case other documents from the same agency. *Id*. Here, none of the parties to the Trooper 1 Action have the interview memoranda or the unredacted transcripts, so there would be no such unfairness even if OAG had provided such material to the DOJ. *Cf. Smith v. Cromer*, 159 F.3d 875, 880 (4th Cir. 1998) (holding no waiver of federal sovereign immunity where federal officials partially disclosed information sought by a criminal defendant to a state parole commission and state court judge for *in camera* review, but not to the prosecutors).

Indeed, OAG has failed to uncover any case holding that a sovereign waives immunity from civil proceedings brought by a private party based on the sovereign having shared information with law enforcement agencies. Rather, where courts find waiver of sovereign immunity, it is based on *litigation conduct* specifically in the case in which the sovereign asserts the immunity defense. *See, e.g.*, *Lapides v. Bd. of Regents of Univ. Sys. Of Georgia*, 535 U.S. 613, 619 (2002) (holding state waived sovereign immunity under the Eleventh Amendment by removing the case from state to federal court). Even if, *arguendo*, OAG shared investigative material with the DOJ, doing so cannot possibly be construed as "litigation conduct" by OAG in this action. *See Bennett*, slip op. at 41 (Ex. 2).

**Second**, in any event, Cuomo has zero evidentiary basis for the premise of his waiver argument—that OAG did, in fact, provide the DOJ with all the interview memoranda and unredacted transcripts he now seeks. Citing confidentiality concerns, OAG has consistently refused to tell Cuomo if OAG provided any investigative material to the DOJ. Cuomo's contention that OAG's *refusal to answer* must mean that OAG *did* provide such material to the DOJ, Letter Motion at 3, steps through the looking glass. The same is true with OAG's offer to respond to Judge Cave *in camera* about whether OAG provided investigative materials to the DOJ. Cuomo first misrepresents that OAG's counsel offered "to provide a list of the produced materials," which he concludes must mean "materials had in fact been produced." *Id*. at 3. However, what OAG's counsel actually offered to provide to Judge Cave *in camera* was the requested "information"—*i.e*., whether OAG provided anything to the DOJ and EDNY, and if so, what. Letter Motion, Ex. 5 at 48:9-25. There is no basis in the record on Cuomo's Letter Motion for the Court to find that OAG provided *any* investigative material to the DOJ, much less all the material Cuomo now seeks.

**Third**, Cuomo maintains that disclosure of the requested materials "or other related materials" waives "each and every privilege the OAG has asserted." Letter Motion at 4. But Cuomo concedes that this waiver argument is no different than the waiver argument he has raised from the outset of this case based on OAG's disclosures to the five District Attorneys, *id.* at n. 4, yet he never contended at the April 19 status conference or when agreeing to the court-approved three-month schedule that this was reason to abandon formal motion practice. Cuomo will have ample opportunity to argue (again) in his motion papers due on July 12 that OAG's disclosure to other law enforcement agencies pursuant to confidentiality agreements waives OAG's asserted privileges.

Hon. Taryn Merkl
June 12, 2024
Page 5

\* \* \*

      The Court should reject Cuomo's last-minute effort to scuttle the court-approved motion schedule in favor of an abbreviated "letter motion" procedure that unfairly prejudices OAG's rights and violates this Court's local rules governing dispositive motions. The novel and complex legal issues presented by Cuomo's subpoena deserve a full airing on a complete record through formal motion practice, where the parties are permitted to submit memoranda of law, affidavits, and exhibits as *required* by LR 7.1. For these reasons, the Court should deny Cuomo's Letter Motion in its entirety.

      Respectfully,

      /s/ Andrew S. Amer
      Andrew S. Amer
      Special Counsel
      Andrew.Amer@ag.ny.gov
      (212) 416-6127

cc: Counsel of Record (via ECF)