

**Office of the New York State Attorney General**

**Letitia James Attorney General**

---

By ECF                                                                                                         December 16, 2024

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                RE:  **Cuomo v. Office of the New York State Attorney General**
                     **Case No. 22-mc-03044**

Dear Judge DeArcy Hall:

      The Office of the New York State Attorney General ("OAG") writes in response to the Rule 72 Objections filed by former Governor Andrew M. Cuomo ("Cuomo") (ECF No. 89) ("Objections"). In his Objections, Cuomo seeks review of that portion of Magistrate Judge Taryn A. Merkl's October 28, 2024 Order ("Order") (ECF No. 85) granting, in part, OAG's Motion to Quash on the basis that OAG's attorney interview memoranda sought in Cuomo's Subpoena ("Subpoena") are protected from disclosure under the attorney-client privilege. Order at 45. The Court should overrule Cuomo's Objections because Judge Merkl's determination, based on an *in camera* review of the memoranda, was neither clearly erroneous nor contrary to law. In any event, under no circumstance is Cuomo entitled to production of the memoranda at this juncture even if the Court were to sustain his Objections (which it should not do) because OAG has asserted other privileges that would need to be adjudicated by Magistrate Judge Merkl on remand rather than decided by this Court in the first instance in the interests of judicial economy.

**Standard of Review**

      Where an order is "nondispositive" of the litigation. this Court must affirm the rulings in the order unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403–04 (S.D.N.Y. 2020). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (cleaned up); *see also In re Keurig Green Mountain*, 336 F.R.D. at 403–04. This standard of review is "highly deferential," *Thai Lao Lignite (Thailand) Co.*, 924 F. Supp. at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12-cv-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citation omitted).

Hon. DeArcy Hall
December 16, 2024
Page 2

**The Interview Memoranda Are Protected By The Attorney-Client Privilege**

Cuomo contends Magistrate Judge Merkl's holding that the interview memoranda are protected under the attorney-client privilege was "contrary to law" for two reasons: 1) the memoranda "constitute underlying facts rather than communications" (Objections at 2); and 2) OAG waived any applicable privilege by citing the interview memoranda in its Report and by disclosing the memoranda to other law enforcement agencies. Objections at 2-3. Both reasons are without merit as they are based on misstatements of fact and law.

"The attorney client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (citation omitted). By "encourag[ing] attorneys and their clients to communicate fully and frankly," the privilege allows the "availability of sound legal advice." *Id.* (citations omitted). This rationale "applies with special force" to the government. *Id.* at 419 (citing *In re Grand Jury Investigation*, 399 F.3d 527, 534 (2d Cir. 2005)). The privilege protects materials prepared in "*factual* investigations conducted or directed by an attorney" in connection with providing legal advice. *Pearlestein v. Blackberry Ltd.*, No. 13-cv-07060, 2019 WL 1259382, at *4 (S.D.N.Y. March 19, 2019) (emphasis added). To invoke the attorney-client privilege, a party "must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d at 419 (citation omitted).

Cuomo misleadingly asserts that Magistrate Judge Merkl based her decision on a conclusion that "the interview memos constitute underlying facts rather than communication" and that "nothing in the Order suggests that the memos are anything other than a memorialization of witness statements." Objections at 3. These assertions are without support; based on a careful analysis of the memoranda *in camera* and reliance on sworn testimony from OAG's outside counsel and the engagement letters pursuant to which counsel was retained, the Court correctly found "OAG has established that the interview memoranda constituted 'communication[s] between client and counsel' which were 'intended to be… kept confidential' and which 'were made for the purpose of … providing legal advice.'" Order at 38 (internal citations omitted). Contrary to Cuomo's contentions, the record establishes that the memoranda were a distillation by OAG's attorneys of the salient information provided by witnesses and were the principal means by which such information was conveyed to the Investigation Team and OAG for the purposes of moving the investigation forward. *Id* at 38; Chun Decl. (ECF No. 71) at ¶ 13.

**There Was No Waiver**

Cuomo's waiver argument is similarly flawed. Cuomo complains the Court "applies a *per se* rule that waiver occurs only when the privilege-holder itself asserts the litigation claims." Objections at 3. Magistrate Judge Merkl applied no such *per se* rule, but instead correctly followed Second Circuit precedent in making a distinction between disclosures made during a case by the privilege holder and an extrajudicial disclosure by a non-party. Order at 42 (citing *In re von Bulow*, 828 F.2d 94, 102 (2d Cir. 1987)). The Court correctly held that for an extrajudicial disclosure made by a non-party such as here by OAG, the scope of the waiver is limited to those matters *actually*

Hon. DeArcy Hall
December 16, 2024
Page 3

*revealed*. Order at 42. Magistrate Judge Merkl correctly reasoned that "although OAG has received a subpoena in connection with *Trooper 1*, it has not used and cannot use any disclosures of attorney-client communications to disadvantage Cuomo in *Trooper 1* since it is not a party to the litigation. Order at 42. Indeed, OAG has never made the interview memoranda public nor used them in any litigation at all, let alone in *Trooper 1*. *See Id*.; Chun Decl. at ¶ 14.

Cuomo further complains that Magistrate Judge Merkl erred in concluding that OAG did not waive privilege by providing the memoranda to law enforcement agencies because OAG and those other agencies had a common interest in the proper enforcement of the law and to serve the public interest. Objections at 3. Cuomo reasons that because "at the time of the disclosure, OAG had already completed its investigation and disclaimed pursuit of further litigation against Cuomo," OAG's interests were necessarily negated. *Id*. at 3. Cuomo's argument misses the mark. OAG's interest in enforcing the law and promoting the public interest did not end with the completion of its investigation of Cuomo as the Court correctly observed. *See* Order at 44 (citing *In re Grand Jury Investigation*, 399 F.3d 527, 534 (2d Cir. 2005) ("It is crucial that government officials, who are expected to uphold and execute the law… be encouraged to seek out and receive fully informed legal advice. Upholding the privilege furthers a culture in which consultation with government lawyers is accepted as normal, desirable, and even indispensable part of conducting public business.")).

**The Court Should Not Address OAG's Other Privileges In The First Instance**

In the event the Court sustains Cuomo's Objections to Magistrate Judge Merkl's ruling on attorney-client privilege (which it should not do), Cuomo urges the Court to find that the interview memoranda are not protected under any of the other privileges asserted by OAG, but not addressed by Magistrate Judge Merkl, including the deliberative process privilege.[1] Objections at 3. OAG respectfully submits that doing so would be procedurally improper and an inefficient use of judicial resources. If the Court concludes that it is necessary to adjudicate OAG's other claims of privilege, this matter should be remanded to Magistrate Judge Merkl to rule on those other privileges in the first instance given that Magistrate Judge Merkl has already carefully reviewed all of the interview memoranda *in camera*.

\* \* \*

In the event the Court does not sustain OAG's Objections to the Order (ECF No. 90) and quash the Subpoena in its entirety on the basis of OAG's sovereign immunity, for the reasons set forth above, the Court should deny Cuomo's Objections and uphold the Order to the extent that such Order quashed the Subpoena as to the interview memoranda on the ground that such memoranda are protected under the attorney-client privilege.

---

[1] While Magistrate Judge Merkl did not address the deliberative process privilege, she did note that OAG's assertion of that privilege has "substantial force." Order at 45, fn. 19.

Hon. DeArcy Hall
December 16, 2024
Page 4

                                                    Respectfully,

                                                   /s/ Andrew Amer
                                                   Andrew Amer
                                                   Special Counsel
                                                 Andrew.Amer@ag.ny.gov
                                                 (212) 416-6127

cc:  Counsel of Record (via ECF)