

April 27, 2026

<u>**BY ECF**</u>
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**   ***Cuomo v. Office of the New York State Attorney General*, 22-mc-1044 (LDH) (TAM)**

Dear Judge DeArcy Hall:

  We write with leave of Court in response to the letter of supplemental authority filed by the Office of the New York State Attorney General ("OAG") at ECF No. 103. Although the OAG suggests that *Mick v. Gibbons*, 171 F.4th 1097 (8th Cir. 2026), supports its position that producing the Requested Materials "would 'infringe[] on the State's autonomy and threaten[] its treasury," ECF No. 103, the facts in *Mick* are wholly distinguishable. If anything, *Mick* provides further authority for enforcing Governor Cuomo's subpoena.

  *Mick* involved a nonparty subpoena for both documents and a 30(b)(6) deposition served on Nebraska State Patrol ("NSP"). 171 F.4th at 1101. Unlike here, the NSP ***complied*** with the document subpoena and objected only to a 30(b)(6) deposition. In asserting immunity with respect to the deposition, the NSP proffered that it would require testimony from five relevant officers and could consume "over 100 hours of taxpayer funded time." *Id.* at 1104–05. Citing to the "disruptive" nature of the deposition, the Eighth Circuit concluded that it would subject the state to the process of a judicial tribunal and interfere with public administration, and was therefore "unlike the simple document subpoena in *Missouri DNR* that was a narrow and minimally disruptive third-party request." *Id.* at 1105. Notably, the Eighth Circuit expressly rejected NSP's argument for a "categorical ruling" "that state sovereign immunity shields States from *all* third-party subpoenas" and confirmed that it was "bound by *Missouri DNR*'s holding that, at least in some instances, a State may not invoke its Eleventh Amendment immunity when refusing to comply with a non-disruptive third-party discovery subpoena." *Id.*

  In stark contrast, Governor Cuomo's subpoena calls for an exceedingly narrow universe of materials, ***all of which have already been collected, redacted, and provided to the Magistrate Judge***.[1] Because there is zero disruption or taxpayer cost for compliance, the subpoena should be enforced.

---

[1] Indeed, the taxpayer cost for the OAG's objections and its submission of inapposite authority is far greater than the cost of simply complying.

Hon. LaShann DeArcy Hall
April 27, 2026
Page 2

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma